FILED
CLERK, U.S. DISTRICT COURT
1/31/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>         Defendant. | EDCR 5:23-cr-00021-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1029(a)(5): Access Device Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1512(b)(2)(B): Witness Tampering; 18 U.S.C. §§ 982, 1029, 981, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1. At times relevant to this Indictment:

   a. Redwood Scientific Technologies, Inc. ("Redwood"), was a Delaware corporation with its corporate headquarters located in Upland, California. Redwood sold various products to consumers, including thin film strips marketed as homeopathic remedies causing weight loss, male sexual enhancement, and smoking cessation.

   b. Defendant JASON EDWARD THOMAS CARDIFF was a resident of Upland, California. Defendant CARDIFF served as Redwood's Chairman of the Board of Directors, Chief Executive Officer, and President.

2. These Introductory Allegations are incorporated into each count of this Indictment.

COUNT ONE

[18 U.S.C. §§ 1029(a)(5), 2]

3. Beginning on or about January 22, 2018, and continuing through in or about May 2018, in Riverside County, within the Central District of California, and elsewhere, defendant JASON EDWARD THOMAS CARDIFF and others known and unknown to the Grand Jury, aiding and abetting each other, with access devices (as defined in Title 18, United States Code, Section 1029(e)(1)) issued to other people, specifically, debit and credit card account numbers and expiration dates issued to Redwood customers, knowingly and with intent to defraud, effected and willfully caused to be effected transactions in and affecting interstate and foreign commerce, and by such conduct obtained things of value totaling at least $1,000 during a one-year period.

COUNT TWO

[18 U.S.C. §§ 1028A(a)(1), 2]

4.   Beginning on or about January 22, 2018, and continuing through in or about May 2018, in Riverside County, within the Central District of California, and elsewhere, defendant JASON EDWARD THOMAS CARDIFF and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, the means of identification of another person, that is, names, credit card account numbers, and debit card account numbers, during and in relation to the commission of Access Device Fraud, a felony violation of Title 18, United States Code, Section 1029(a)(5), as charged in Count One of this Indictment.

## COUNT THREE

[18 U.S.C. § 1512(b)(2)(B)]

5. Between in or about April 2018 and May 2018, in Riverside County, within the Central District of California, and elsewhere, defendant JASON EDWARD THOMAS CARDIFF knowingly and corruptly persuaded another person, namely, G.N., to cause and induce G.N. to alter, destroy, mutilate, and conceal an object, namely, e-mails and electronic records, with intent to impair the integrity and availability of the objects for use in official proceedings, namely, civil and administrative proceedings before the United States District Court for the Central District of California and the United States Federal Trade Commission.

COUNT FOUR

[18 U.S.C. § 1512(b)(2)(B)]

6.   Between in or about April 2018 and May 2018, in Riverside County, within the Central District of California, and elsewhere, defendant JASON EDWARD THOMAS CARDIFF knowingly and corruptly persuaded another person, namely, D.W., to cause and induce D.W. to alter, destroy, mutilate, and conceal an object, namely, e-mails and electronic records, with intent to impair the integrity and availability of the objects for use in official proceedings, namely, civil and administrative proceedings before the United States District Court for the Central District of California and the United States Federal Trade Commission.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

     /S/
Foreperson

| | |
|---|---|
| E. MARTIN ESTRADA<br>United States Attorney | AMANDA N. LISKAMM<br>Acting Director<br>U.S. Department of Justice<br>Consumer Protection Branch |
| *[signature]*<br>MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division | JOSEPH M. WILLIAMS<br>Assistant Director<br><br>MANU J. SEBASTIAN<br>BRIANNA M. GARDNER<br>Trial Attorneys |
| RANEE A. KATZENSTEIN<br>Assistant United States Attorney<br>Chief, Major Frauds Section | |
| KRISTEN A. WILLIAMS<br>Assistant United States Attorney<br>Deputy Chief, Major Frauds Section | |
| VALERIE L. MAKAREWICZ<br>Assistant United States Attorney<br>Major Frauds Section | |