Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
Hilary Potashner (SBN 167060)
*hpotashner@larsonllp.com*
Jonathan Gershon (SBN 306979)
*jgershon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Tel:  (213) 436-4888
Fax:  (213) 623-2000

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:23-cr-00021-JGB |
|---|---|
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER TRANSFERRING CASE TO THE HONORABLE DOLLY M. GEE** |
| vs. | |
| JASON EDWARD THOMAS CARDIFF, | |
| Defendant. | *[Filed concurrently with Ex Parte Application; Declaration of Stephen G. Larson; and [Proposed] Order]* |

## I.    DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Jason Cardiff hereby requests that the Court take judicial notice of the following attached documents, which are submitted in support of his *ex parte* application for an order transferring this case to the Honorable Dolly M. Gee.

1.    Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint for Permanent Injunction and Other Equitable Relief filed in *FTC v. Jason Cardiff, et al.*, 5:18-cv-02104-DMG-PLA (C.D. Cal) ("FTC Action") on October 10, 2018.  [ECF No. 1].

2.    Attached hereto as **Exhibit 2** is a true and correct copy of the Stipulated Protective Order filed in the FTC Action on September 24, 2019.  [ECF No. 219].

3.    Attached hereto as **Exhibit 3** is a true and correct copy of the Final Judgment Including Permanent Injunction as to Defendants Jason Cardiff and Eunjung Cardiff filed in the FTC Action on March 1, 2022.  [ECF No. 706].

4.    Attached hereto as **Exhibit 4** is a true and correct copy of the Order Approving the Receiver's Final Report and Accounting, and the Receiver's Final Fee Application filed in FTC Action on September 30, 2022.  [ECF No. 716].

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1 THROUGH 4

Under Rule 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  As such, Courts may take judicial notice of court records.  *See U.S. ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ("Courts regularly take judicial notice of 'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'")

(citations omitted)).  Accordingly, since Exhibits 1 through 4 are documents which were filed in the FTC Action, they are subject to judicial notice.

## III.   CONCLUSION

Based on the foregoing, Mr. Cardiff respectfully requests that the Court take judicial notice of the documents referenced herein.

Dated:  December 22, 2023                    LARSON LLP


                                   By:  /s/ Stephen G. Larson
                                        Stephen G. Larson
                                        Hilary Potashner
                                        Jonathan Gershon

                                        Attorneys for Defendants JASON
                                        EDWARD THOMAS CARDIFF