E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756
     Facsimile: (213) 894-6269
     E-mail:    Valerie.Makarewicz@usdoj.gov

AMANDA LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
     450 Fifth Street NW, Suite 6400
     Washington, DC 20001
     Telephone: (202) 514-0515
     Facsimile: (202) 514-8742
E-mail:   Manu.J.Sebastian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-CR-00021-JGB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JASON EDWARD THOMAS CARDIFF, | |
| Defendant. | CURRENT TRIAL DATE: 1/23/24<br>PROPOSED TRIAL DATE: 4/23/24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz and Department of Justice Trial Attorney Manu J. Sebastian, and defendant JASON EDWARD THOMAS CARDIFF ("defendant"), both individually and by and through his counsel of record, Stephen G. Larson, hereby stipulate as follows:

1. The Indictment in this case was made public on November 27, 2023. Defendant's first appeared before a judicial officer of the court in which the charges in this case were pending on the same date. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 5, 2024.

2. On November 27, 2023, the Court set a trial date of January 23, 2024, and a status conference on January 8, 2024.

3. Defendant is out on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

4. By this stipulation, defendant moves to continue the trial date to April 23, 2024 and the status conference date to April 8, 2024. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act

   a. The government has over seven million documents to produce to the defendant. Already, the government produced the first tranche of discovery to the defense – over 100,000 documents with roughly 300,000 pages. Production 2 is approximately 1.6 million

documents with close to 4 million pages.  Further productions are being prepared and will be disclosed to defendant on a rolling basis.

   b. In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c. Defendant believes that failure to grant the continuance will deny him adequate representation.

   d. The government does not object to the continuance.

   e. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 23, 2024 to April 23, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and

3

defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii)/(iv) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: 1/11/24                         Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                       VALERIE L. MAKAREWICZ
                                       Assistant United States Attorney
                                       MANU L. SEBASTIAN
                                       DOJ Trial Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

I am Jason Cardiff's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up

4

the right to be brought to trial earlier than April 23, 2024 is an informed and voluntary one.

_____  January 10, 2024
Stephen G. Larson                 Date
Attorney for Defendant
JASON CARDIFF

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 23, 2024.

_____  Jany 10, 2024
JASON CARDIFF                     Date
Defendant

5