Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Hilary Potashner (SBN 167060)
hpotashner@larsonllp.com
Jonathan Gershon (SBN 306979)
jgershon@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00021-JGB |
|---|---|
| Plaintiff, | **DECLARATION OF JASON CARDIFF IN SUPPORT OF MOTION TO DISMISS INDICTMENT WITH PREJUDICE** |
| vs. | |
| JASON EDWARD THOMAS CARDIFF, | [*Filed concurrently with Notice of Motion and Motion to Dismiss Indictment with Prejudice; Declaration of Stephen G. Larson; and [Proposed] Order*] |
| Defendant. | |
| | Date: May 6, 2024<br>Time: 2:00 p.m.<br>Courtroom: 1 |

**DECLARATION OF JASON CARDIFF**

I, Jason Cardiff, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Motion to Dismiss Indictment with Prejudice.

2. This declaration is submitted under the protections of *Simmons v. United States*, 390 U.S. 377 (1968) and the United States Constitution. Pursuant to *Simmons* and my constitutional rights, I would object to the use of this declaration for any purpose beyond the Court's adjudication of my Motion to Dismiss Indictment with Prejudice.

3. Up until a Receiver was appointed in the FTC action entitled *FTC v. Jason Cardiff et al.*, Case No. 5:18-CV-02104-DMG-PLA ("FTC Action"), Redwood's communications with customers and its use of customer credit cards were documented by Redwood staff and me in the form of sales call recordings, staff meeting handwritten logbooks, customer sale log sheets, my personal handwritten notes, and data reports of customer charges and rebills. Many of these records were stored electronically on Redwood's Google Suite account.

4. Specifically, the Google Suite account contained, in relevant part, business records, sales call audio recordings, and video footage from the Nest Cams in Redwood office spaces, including my office, essentially all employee offices, other public office areas, and conference rooms. Additionally, Redwood staff and I utilized the Google Hangout Chat feature of Google Suite for internal communications related to the daily operations of the business, which included conversations regarding rebilling and customer accounts, among other things. Moreover, Redwood's Google Suite audit logs captured the following for Google Suite documents and files: name; description; timestamp; details regarding the person who created, edited, or deleted it; and the application used.

5. On approximately October 12, 2018, the Receiver took possession of Redwood's offices and assets. While I was present that day, the Receiver did not request any substantive information from me about the business operations or the pending FTC case.

6. On March 1, 2022, Judge Gee ordered me, Eunjung Cardiff, and our officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of these individuals to destroy Redwood's customer information. We followed the Court's Order, destroying all Redwood records containing customer information.

7. On March 16, 2022, the Receiver returned some Redwood property having nothing to do with customer information. In fact, none of the returned boxes contained any Redwood business records, computers, or hard drives. Nor did these boxes contain any content from Redwood's closed Google Suite account.

8. On September 30, 2022, Judge Gee granted the Receiver's request to destroy all the remaining Redwood records and computers, which contained customer information. Thereafter, counsel for the Receiver confirmed that the Receiver had destroyed all remaining Redwood records and computers in his possession in keeping with the Court's permission to do so.

9. The following data and tangible items, which are all critical to my legal defense in the criminal case now pending against me, are now unavailable to me:

    a. The complete content of Redwood's Google Suite account, including Nest Cam recordings from Redwood office spaces, sales call audio recordings, daily customer sale log sheets, audit logs, and Google Hangout Chat data;

    b. Redwood's staff's daily meeting handwritten logbooks;

    c. Redwood employee personnel files; and

    d. My handwritten notes stored in my office.

10. These recordings and documents would have shown that Redwood's customers were presented with clear options, including the ability to engage in a one-time sale or the monthly rebilling system.

11. The Nest Cam videos and telephone audio recordings would have provided the exact content of the conversations that occurred between Redwood and its customers, refuting the Government's claim that customers were enrolled in the monthly rebilling system without their express authorization. The Nest Cam recordings would have shown that I did not instruct anyone to rebill customers without customer authorization or direct the destruction of any emails or documents related to Redwood's daily business, billing or customer accounts. Moreover, the Google Suite audit logs would have confirmed that I did not order the destruction of email communications or documents related to Redwood's daily operations, billing or customer accounts.

12. The employees' daily handwritten logbooks, which were used to document discussions with me, would have demonstrated that I gave clear instructions regarding the enrollment process, including the need for express consent prior to charging any customer's credit card.

13. My own handwritten notes and the daily customer sales log sheets would have demonstrated the protocols that I had in place to ensure that Redwood's customers who participated in the monthly rebilling plan did so with their prior authorization. My handwritten notes, which summarized my daily communications with key staff, would also show that I did not direct employees to charge customers without their authorization.

14. Upon information and belief, both Brick Kane and Robb Evans of Robb Evans & Associates passed away in the Fall of 2021 and their company dissolved in June 2023.

15. I was unaware that I was under this federal criminal investigation during the pendency of the FTC Action. Had I known, for one, I would have

identified this federal criminal investigation as a basis to object to the FTC's and Receiver's requests for destruction of evidence in the FTC Action.

16. Additionally, I was unaware that an indictment had been returned against me until I returned to the United States on November 27, 2023 to visit my ailing and elderly father in Southern California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of April, 2024, at Kingwood, Texas.

_____  4/8/2024
Jason Cardiff