AMANDA LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
SHEILA BERMAN
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
    450 Fifth Street NW, Suite 6400
    Washington, DC 20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
E-mail:  Manu.J.Sebastian@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>      Defendant. | No. 23-CR-00021-JGB<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>CURRENT TRIAL DATE: 6/11/24<br>PROPOSED TRIAL DATE: 9/3/24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz and Department of Justice Trial Attorneys Manu J. Sebastian and Sheila Berman, and defendant JASON EDWARD THOMAS CARDIFF ("defendant"), both individually and by and through his counsel of record, Stephen G. Larson, hereby stipulate as follows:

1. The Indictment in this case was made public on November 27, 2023. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on the same date. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 5, 2024.

2. On November 27, 2023, the Court set a trial date of January 23, 2024, and a status conference on January 8, 2024.

3. On January 11, 2024, the parties applied for a continuation of the trial date to April 23, 2024.

4. On January 19, 2024, the Court granted the continuation and set the trial date for April 23, 2024, and a status conference on April 8, 2024.

5. On March 19, 2024, the parties applied for a continuation of the trial date to June 11, 2024, and a status conference on May 20, 2024.

6. On March 29, 2024, the Court granted the continuation and set the trial date for June 11, 2024, and a status conference on May 20, 2024

7. On April 8, 2024, Defendant filed a Motion to Dismiss the Indictment with Prejudice and requested a hearing date of May 6, 2024.

8. On April 10, 2024, the government filed an *ex parte* application requesting the Court enter a briefing and hearing schedule setting the due date for the government's response as April 22, 2024, the due date for the defendant's reply as May 6, 2024, and the motion hearing date as May 20, 2024.

9. On April 12, 2024, the Court granted the government's *ex parte* application and set the briefing and hearing schedule detailed above.

10. On May 16, 2024, the Court on its own motion continued the status conference and motion hearing date from May 20, 2024, to June 3, 2024.

11. Defendant is out on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

12. By this stipulation, defendant moves to continue the trial date to September 3, 2024. This is the third request for a continuance.

13. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. The Government has produced over seven and a half million documents to the defendant.

    b. In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a

pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       c.    Defendant believes that failure to grant the continuance will deny him adequate representation.

       d.    The government does not object to the continuance.

       e.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    14.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 11, 2024 to September 3, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii)/(iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4

15. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 22, 2024                        Respectfully submitted,

AMANDA N. LISKAMM
Director, Consumer Protection Branch
U.S. Department of Justice

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


       /s/
MANU J. SEBASTIAN
SHEILA BERMAN
Trial Attorneys

VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1  I am Jason Cardiff's attorney. I have carefully discussed every
2 part of this stipulation and the continuance of the trial date with
3 my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than September 3, 2024, is
7 an informed and voluntary one.

8  _____     May 22, 2024
9  Stephen G. Larson                   _____
    Attorney for Defendant              Date
10 JASON CARDIFF

11

12  I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I voluntarily
14 agree to the continuance of the trial date and give up my right to be
15 brought to trial earlier than September 3, 2024.

16  _____     5/21/2024
17 JASON CARDIFF                        _____
    Defendant                           Date

6