1  Stephen G. Larson (SBN 145225)
   *slarson@larsonllp.com*
2  Hilary Potashner (SBN 167060)
   *hpotashner@larsonllp.com*
3  Jonathan Gershon (SBN 306979)
   *jgershon@larsonllp.com*
4  **LARSON LLP**
   555 South Flower Street, 30th Floor
5  Los Angeles, California 90071
   Telephone:(213) 436-4888
6  Facsimile: (213) 623-2000

7  Attorneys for Defendant
   JASON EDWARD THOMAS CARDIFF

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 | UNITED STATES OF AMERICA,          | Case No. 5:23-CR-00021-JGB

12 |              Plaintiff,            | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JASON CARDIFF**

13 |         vs.

14 | JASON EDWARD THOMAS
   | CARDIFF,                          | [*Filed concurrently with Declaration of Stephen G. Larson and [Proposed] Order*]

15 |              Defendant.

16

17 |                                    | **Proposed Hearing**:
   |                                    | Date:    July 29, 2024
   |                                    | Time:    2:00 p.m.
18 |                                    | Dept:    1

19

20

21

22

23

24

25

26

27

28

LARSON
LOS ANGELES

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JASON CARDIFF

1    TO ALL PARTIES AND ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on July 29, 2024, at 2 p.m., or on the date and

3    time otherwise set by the Court, in the courtroom of the Honorable Jesus G. Bernal,

4    United States District Judge, pursuant to L.Cr.R. 44-1, Larson LLP ("Counsel") will

5    move this Honorable Court for an order granting leave to withdraw as counsel of

6    record for Defendant Jason Cardiff ("Cardiff").

7        Counsel has provided notice to both Cardiff and the Government of their

8    intent to move to withdraw pursuant to L.Cr.R. 44-1 and California Rule of

9    Professional Conduct ("CRPC") Rule 1.16(d).

10       Good cause exists for the Court to grant this motion because withdrawal is

11   permitted under California Rule of Professional Conduct ("CRPC") Rule 1.16(b).

12   Specifically, withdrawal is appropriate under the CPRC because Cardiff has

13   materially breached his engagement agreement despite warnings that Counsel would

14   seek to withdraw unless he performed his obligations under the contract.  At this

15   juncture, there now exists an irreconcilable breakdown in the attorney-client

16   relationship, making continuing representation unreasonably difficult.

17       Moreover, Counsel's withdrawal from this litigation will not prejudice Mr.

18   Cardiff or the Government, nor will it harm the administration of justice or cause

19   any unnecessary delay.

20       This Motion is based upon the attached Memorandum of Points and

21   Authorities, the Declaration of Stephen G. Larson, all files and records in this case,

22   and any further evidence as may be adduced at the hearing on this Motion.

23   Dated: July 17, 2024                    LARSON LLP

24                                           By:  /s/ Stephen G. Larson

25                                                Stephen G. Larson

26                                           Attorneys for Defendant

27                                           JASON EDWARD THOMAS CARDIFF

28

LARSON
LOS ANGELES

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JASON CARDIFF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Counsel brings this motion for leave to withdraw as counsel of record for Defendant Jason Cardiff for two principal reasons: (1) Cardiff has materially breached his engagement agreement with Counsel, despite numerous warnings that Counsel would seek to withdraw unless Cardiff performed his obligations under the contract, and (2) there has been an irreconcilable breakdown in the attorney-client relationship which will make continuing representation unreasonably difficult.

Cardiff will not be unduly prejudiced by Counsel's withdrawal from this action as his attorneys of records because he will have adequate time to retain new counsel of record before trial.  Further, there will be no significant delay in the prosecution of this case or prejudice to the government caused by Counsel's withdrawal.

Accordingly, the Court should grant this Motion and allow Counsel to withdraw as counsel of record for Cardiff.

### II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

On January 31, 2023, an Indictment was filed in the instant matter.  (ECF No. 1).  The Indictment was unsealed on November 27, 2023, and Cardiff was arraigned on that same date.  (ECF Nos. 7, 11).

Shortly thereafter, Cardiff entered into an engagement agreement with Larson LLP to represent him in this matter.  (Declaration of Stephen G. Larson ("Larson Decl."), ¶ 2).

Beginning in late December 2023, the Government began producing a considerable number of documents in discovery.  (Larson Decl., ¶ 3).  To date, the government has produced over 9.2 million documents, consisting of over 21 million pages.  (*Id.*).

On April 8, 2024, Cardiff filed a Motion to Dismiss the Indictment.  (ECF No. 45).  This motion was a significant undertaking by Counsel.  Specifically, it

LARSON
LOS ANGELES

1   required Counsel to review and analyze thousands of documents produced by the

2   Government, conduct extensive legal research, draft a comprehensive oversized

3   motion and reply brief, and prepare for oral argument. (Larson Decl., ¶ 4).

4         On May 31, 2024, while the Motion to Dismiss was pending, the Court

5   granted the Parties' stipulation to continue the trial from June 11, 2024 to September

6   3, 2024, which is the current trial date.  (ECF No. 77).

7         On June 13, 2024, the Court denied Cardiff's Motion to Dismiss.  (ECF No.

8   79).

9         Since the denial of the Motion, Counsel has repeatedly advised Cardiff,

10  including as recently as July 16, 2024, that he is in material breach of the

11  engagement agreement, and that Counsel would file a motion seeking leave to

12  withdraw if Cardiff failed to meet his obligations under the contract.  (Larson Decl.,

13  ¶ 5).  Nevertheless, as of this filing, Cardiff has failed to cure his default under the

14  engagement agreement.  (*Id.*)  Accordingly, at this juncture, there has been an

15  irreconcilable breakdown in the attorney-client relationship which makes continuing

16  representation unreasonably difficult.

17        Counsel provided notice to the Government of their intent to move to

18  withdraw on July 15, 2024. (Larson Decl., ¶ 6).  Moreover, in an effort to avoid

19  unnecessary delay or prejudice to any party, Counsel has concurrently filed an

20  unopposed *ex parte* application to shorten the time for a hearing on this request so

21  this matter may be resolved as expeditiously as possible.

22  **III.   LEGAL STANDARD**

23        Pursuant to Criminal Local Rule 44-1, "an attorney, whether appointed or

24  retained, may not withdraw as counsel except by leave of court."  L.Cr.R. 44-1.  "A

25  motion for leave to withdraw must be made upon written notice given reasonably in

26  advance to the client and to all other parties who have appeared in the action" and it

27  "must be supported by good cause."  *Id.*; *see also* California Rule of Professional

28  Conduct ("CRPC") Rule 1.16(d) ("A lawyer shall not terminate a representation

LARSON
LOS ANGELES

2

1   until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice

2   to the rights of the client, such as giving the client sufficient notice to permit the

3   client to retain other counsel….").

4        "The decision to grant or deny a motion to withdraw is committed to the

5   sound discretion of the district court." *Ketab Corp. v. Mesriani & Assocs.*, 2018

6   WL 6459615, at *1 (C.D. Cal. Dec. 7, 2018); *see also Nedbank Int'l, Ltd. v. Xero*

7   *Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

8        "When considering a motion to withdraw as counsel, the Court will weigh

9   four factors: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal

10  may cause to other litigants; (3) the harm withdrawal might cause to the

11  administration of justice; and (4) the degree to which withdrawal will delay

12  resolution of the case.'" *Id.* (citing *Stewart v. Boeing Co.*, 2013 WL 3168269, at *1

13  (C.D. Cal. June 19, 2013)); *see also SFA Grp., LLC v. Kaplan,* 2023 WL 9511240,

14  at *2 (C.D. Cal. May 18, 2023).

15  **IV.    ARGUMENT**

16       **A.    Counsel Has Provided The Required Notice To Cardiff And The**

17              **Government**

18       Counsel has provided notice to Cardiff of its intent to move to withdraw

19  pursuant to L.Cr.R. 44-1 and California Rule of Professional Conduct ("CRPC")

20  Rule 1.16(d) on numerous occasions, including most recently on July 16, 2024.

21  (Larson Decl., ¶ 5).  Counsel also provided notice to the Government on July 15,

22  2024.  (Larson Decl., ¶ 6).

23       **B.    Counsel Is Permitted To Withdraw Under The CRPC Rule 1.16(b)**

24       The first factor—the reasons why withdrawal is sought—favors granting this

25  Motion because withdrawal is permitted under CRPC Rule 1.16(b).  "In assessing

26  the first factor, courts look to the California Rules of Professional Conduct to

27  determine whether the reasons for withdrawal are adequate." *SFA Grp.*, 2023 WL

28  9511240, at *2.

LARSON
LOS ANGELES

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JASON CARDIFF

1    Here, withdrawal is appropriate under the CPRC because Cardiff has

2    materially breached his engagement agreement, resulting in an irreconcilable

3    breakdown in the attorney-client relationship which will make continuing

4    representation unreasonably difficult.

5              1.      Cardiff Has Materially Breached The Engagement Agreement

6    An attorney may withdraw under the CRPC when "the client breaches a

7    material term of an agreement with, or obligation, to the lawyer relating to the

8    representation, and the lawyer has given the client a reasonable warning after the

9    breach that the lawyer will withdraw unless the client fulfills the agreement or

10   performs the obligation."  CRPC Rule 1.16(b)(5).[1]

11   Here, Cardiff has materially breached his engagement agreement, despite

12   repeated warnings that the failure to cure the default would result in Counsel filing a

13   motion to withdraw as counsel.  (Larson Decl., ¶ 5).  Accordingly, Cardiff's failure

14   to meet his obligations under his engagement letter constitutes good cause for

15   Counsel's withdrawal.

16             2.      There Has Been an Irreconcilable Breakdown in the Attorney-

17                     Client Relationship Which Will Make Continuing Representation

18                     Unreasonably Difficult

19   An attorney may withdraw under the CRPC when "the client by other conduct

20   renders it unreasonably difficult for the lawyer to carry out the representation

21   effectively."  CRPC Rule 1.16(b)(4).  Here, Cardiff's conduct has led to an

22   irreconcilable breakdown in the attorney-client relationship which will make

23

24   [1] Courts in this District have frequently found that a breach of the engagement
     agreement is a sufficient basis for withdrawal under CRPC Rule 1.16(b)(5).  For
25   example, *see TBS Bus. Sols. USA, Inc. v. Studebaker Def. Grp.*, LLC, 2024 WL
     3301186, at *2 (C.D. Cal. June 14, 2024) (""Courts recognize that a client's 'failure
26   to cooperate with counsel or pay attorney's fees are valid reasons for granting ... a
     motion to withdraw.'") (citing *China Cent. Television v. Create New Tech. HK Ltd.*,
27   2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015).

28

LARSON
LOS ANGELES

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JASON CARDIFF

1  Counsel's continuing representation unreasonably difficult.  These difficulties also

2  provide the good cause necessary to permit withdrawal.

3       In order to protect Cardiff's interests and not reveal attorney-client

4  communications, Counsel has not herein provided further details in the exact nature

5  of this breakdown.  However, additional details should not prevent the Court from

6  finding good cause.  *See e.g., United States v. Univ. of S. California*, 2023 WL

7  3553159, at *1 (C.D. Cal. Mar. 16, 2023) ("Counsel does not need to divulge further

8  information underlying the break in attorney-client relationship, and 'limited detail

9  does not prevent the Court from finding good cause based on Counsel's assertion.'")

10 (citing *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal.

11 Oct. 8, 2019); *see also Page v. Stanley*, 2014 WL 2472248, at *2, n. 3; *Doe v.*

12 *Compania Panamena de Aviacion*, 2022 WL 17080154, at *1 (C.D. Cal. Sept. 22,

13 2022).[2]

14      **C.**    **The Other Factors Favor Withdrawal**

15      The remaining three factors also favor allowing Counsel to withdraw.  No

16 other Party will be prejudiced by Counsel withdrawing, the withdrawal should not

17 cause harm to the administration of justice, and the withdrawal should not

18 substantially delay the adjudication of this case.

19 **V.**    **CONCLUSION**

20      Based on the foregoing, Counsel respectfully requests that the Court permit

21 them to withdraw as counsel of record for Cardiff.

22

23

24 [2] *See also* State Bar of California Standing Committee on Professional
   Responsibility and Conduct, Formal Opinion No. 2015-192,

25 https://www.calbar.ca.gov/Portals/0/documents/ethics/Opinions/CAL%202015-
   192%20[12-0001].pdf, ("Ordinarily, for purposes of the motion to withdraw, it will

26 be sufficient to state words to the effect that ethical considerations require

27 withdrawal or that there has been an irreconcilable breakdown in the attorney-client

28 relationship").

1  Dated: July 17, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON LLP

By:  /s/ Stephen G. Larson
     Stephen G. Larson

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF