AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
SHEILA B. BERMAN
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 307-0061
    Facsimile: (202) 514-8742
    Email:  Sheila.B.Berman@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:   Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>    Defendant. | No. 5:23-CR-00021-JGB<br><br>**OPPOSITION TO JASON CARDIFF'S EX PARTE APPLICATION FOR AN ORDER PERMITTING INTERNATIONAL TRAVEL AND RETURNING HIS PASSPORT** |

    Plaintiff United States of America, by and through its counsel of record, the Civil Division Consumer Protection Branch and Trial Attorneys Manu J. Sebastian and Sheila B. Berman, and the United

States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz, opposes the *ex parte* application for an order permitting international travel and return of defendant's passport made by Defendant, Jason Edward Thomas Cardiff.

Dated: July 23, 2024                    Respectfully submitted,

                                          AMANDA LISKAMM
                                        Director
                                        Consumer Protection Branch

                                        E. MARTIN ESTRADA
                                        United States Attorney


                                        ____/s/_____
                                        MANU J. SEBASTIAN
                                        SHEILA B. BERMAN
                                        Trial Attorneys
                                        VALERIE L. MAKAREWICZ
                                        Assistant United States Attorney


                                        Attorneys for Plaintiff
                                        United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

The government opposes defendant's request for an order permitting international travel and the return of his passport, as doing so would create a significant flight risk given defendant's dual citizenship, lack of meaningful ties to the United States, and lack of financial interest in any of the collateral assets of his surety bond.

**II.   Facts**

In early 2022, the defendant sold his residence in the United States and moved to Ireland, where he maintains dual citizenship. His wife and daughter moved with him and are currently residing in Ireland.

On January 31, 2023, a federal grand jury returned an Indictment against the defendant, charging him with access device fraud in violation of 18 U.S.C. §§ 1029(a)(5) and 2, aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(2)(B). On January 31, 2023, the Court issued an arrest warrant for the defendant.

On November 26, 2023, the defendant was arrested at the LAX Airport entering the country from abroad. He told the arresting agents he was in Los Angeles to visit his 96-year-old father, that no one else was expecting him, and brought only two carry-on bags and $7,000 cash.  [Dkt. #13, p. 10]. Defendant's father has since passed away.

After being advised of his *Miranda* rights and the criminal

charges against him, the defendant told arresting agents that the FTC shut down his business in 2018, so the five-year statute of limitations would have passed for any charges. [Dkt. #7]

Defendant made his initial appearance on November 27, 2023. [Dkt. #7]. On November 30, 2023, the Court held a contested detention hearing, wherein defendant presented an unusual package to secure his over half-million-dollar bond - - he offered the main residence of his personal attorney's girlfriend, who he had never met, and a smaller unsecured portion by his friend, Brian Kennedy. [Dkt. #14].[1] Magistrate Judge Mircheff, noted that the bond package was odd, as defendant does not have any "skin in the game" and normally the Court relies on defendant being motivated to appear to prevent harm to his mother, his wife, or his children. [Exhibit 1, 11/30/23 Detention Hearing Recording at 5:45]

The Court found defendant to be a flight risk, and declined immediate release, ordering defendant to be detained until title on the property in question was perfected and bond posted. [Id. at 19:36]. Magistrate Judge Mircheff clearly stated that these were the least conditions she was comfortable releasing defendant with [Id. at 29:00].

Defendant now requests permission for international travel on the grounds that his wife "suffered a medical issue while she was in Slovakia" and "intends to seek additional treatment in Ireland," but has provided no elaboration or evidence in support of that claim. The photographs of a medical bill, printout of an EKG reading and

---

[1] For the Court's convenience, attached as Exhibit 3 is a copy of the Pretrial Services Report.

4

one-page health assessment that are alleged to support this claim have not been provided to the Court or the government for review.

Defendant has a proven history of deception and dishonesty in the representations he made to the Court about possession of an Irish passport and shown that he cannot follow court orders. On July 31, 2019, Judge Otero, during the civil FTC litigation, found that defendant obtained a second Irish passport after the Court had seized his first. [Dkt #13, Exhibit C, 389:7-14]. There, the Court ordered defendant held overnight while the second passport was located and secured. [Id. at 341:1-7]. Separately, the Court found that the defendant continuously lied to the court-appointed receiver about his assets and concealed his income and assets from the court. [Id. at 391:2-6]. Further, the Court stated, "I've heard carefully from the Cardiffs. Their stories are totally unbelievable. It's pretty clear to the Court that they've lied, that they worked in concert with each other and with others to avoid, violate the conditions of the orders of the Court." [Id. at 390:3-7].

In addition, defendant appears to be non-compliant with the Court's order not to contact government witnesses. Two days ago, a government witness reported that within the last month or two she received a text message from someone identifying themselves as Jason Cardiff asking to communicate. [Exhibit 2, Declaration of Christine Reins-Jarin]. The witness deleted the text and blocked the number as she did not wish to have any further contact with defendant. [Id.]. This report of attempted contact, while somewhat limited, suggests that Jason Cardiff, or someone posing as him, has contacted at least one government witness in this case, and if true, is a violation of

his conditions of release.

**III. Argument**

The original release of the defendant on bond was contested by the government due to defendant being a flight risk. [Dkt #13]. Magistrate Judge Mircheff, pursuant to 18 U.S.C. § 3142 (c)(1)(B), set conditions of release that she determined imposed the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required. [Exhibit 1].

This request for international travel, if approved by the Court, would effectively amount to modification of four of the conditions of release previously ordered by the Court as necessary to secure defendant's appearance. Defendant would need to have possession of at least one of his passports (United States and Ireland) to facilitate travel. The Pretrial Services Agency would be unable to effectively monitor defendant's location or his curfew while he is in Ireland. Finally, there is no indication that the third-party custodian, Stephen Cochell, would travel to Ireland with defendant for 10 days on short notice, suggesting that permitting defendant's international travel would also entail suspension of his supervision. [Dkt. #15].

Importantly, the defendant has traveled to several different locations within the United States without providing the Court with an accounting of the funds that are being spent on such last-minute travel. Pursuant to his release conditions, defendant may not sell, transfer, or give away any assets valued at $5,000 or more without notifying and

obtaining permission from the Court. [Dkt. #21]. As the government has shown in its previous filing, defendant's social media posts evidence that he has a proclivity to spending money without reservation. [Dkt. #13].

The Court was clear in its ruling that the bond package presented by defendant varied significantly from ones that the Court routinely approves. None of the cash or property subject to forfeiture should defendant fail to return from international travel belong to defendant or members of his family. Given the lack of familial or close personal relationship with the sureties, there is no reason to think defendant would put the sureties' financial interests above his own interest in avoiding trial and potential incarceration.

Defendant's comment upon arrest that the statute of limitations had passed is an admission of both guilt and a prior effort to avoid legal jeopardy by absenting himself from the United States, which he may seek to do again given the opportunity.

The nature of the charges, the defendant's criminal exposure, and his awareness of that exposure, continue to make him a flight risk for international travel. The nature and circumstances of the charged offenses are serious. The defendant's potential sentencing exposure is high. The defendant is charged with one offense that carries a mandatory minimum of two years' incarceration and three offenses that carry statutory maximum period of incarceration of 15, 20, and 20 years respectively. Moreover, the defendant is in a different posture now than when he was arraigned. The government has produced voluminous

discovery to the defendant. He is now aware of the scope and strength of the government's evidence. He recently lost a motion to dismiss, his attorneys have moved to withdraw due to a breach of their contractual agreement, and the September 3, 2024 trial date is fast approaching.

There is nothing in the record to indicate that there is an emergent need for defendant to travel to Ireland. His wife and child are free to travel to the United States so that defendant can participate in his wife's medical care and assume parental child-care responsibilities.

Defendant has a record of disobeying court orders and lying to the court. He cannot be trusted to tell the truth to the Court or comply with conditions set by the Court on his word alone.

Once the defendant leaves the United States, he will be free to travel to Ireland and any other foreign jurisdiction, should he choose. Indeed, he could leave Ireland and travel to another country that does not have an extradition treaty with the United States. Moreover, once the defendant leaves the territorial jurisdiction of the United States, this Court, the Pretrial Services Agency, the United States Marshal Service, and any other law enforcement agency in the United States lose jurisdiction over him. The notable difference between domestic and international travel is clear – should the defendant travel domestically, not abide by his release conditions, or not appear for a judicial proceeding, the Court can authorize an arrest warrant that

permits the United States Marshals and/or law enforcement agencies to search for and detain the defendant in the United States. The same cannot be said if he travels internationally.

## IV. Conclusion

Defendant has been, and remains, a flight risk. He is an Irish citizen. He has no meaningful ties to the district or the United States. The assets securing his appearance do not belong to him or a close family member. Under these circumstances, facing a considerable period of incarceration, there is insufficient basis to trust that defendant will voluntarily return to the United States to stand trial.

Dated: July 23, 2024

Respectfully submitted,

AMANDA LISKAMM
Director
Consumer Protection Branch

E. MARTIN ESTRADA
United States Attorney

____/s/_____
MANU J. SEBASTIAN
SHEILA B. BERMAN
Trial Attorneys
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

Case 5:23-cr-00021-JGB   Document 89   Filed 07/23/24   Page 10 of 10   Page ID
 #:4522

10

Case 5:23-cr-00021-JGB   Document 89   Filed 07/23/24   Page 10 of 10   Page ID
 #:4522

10