UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES—GENERAL

| | |
|---|---|
| Case No. **EDCR 23-0021 JGB** | Date July 24, 2024 |
| Title *United States v. Jason Edward Thomas Cardiff* | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                                        None Present

**Proceedings:** Order (1) DENYING Larson LLP's Motion to Withdraw as Counsel for Defendant (Dkt. No. 84); and (2) VACATING the July 29, 2024 Hearing (IN CHAMBERS)

Before the Court is an unopposed motion to withdraw as counsel filed by Larson LLP ("Larson" or "Counsel"), counsel for Defendant Jason Edward Thomas Cardiff. ("Motion," Dkt. No. 84.) The Court finds this matter appropriate for resolution without a hearing. See L. Cr. R. 57-1; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **DENIES** the Motion and **VACATES** the July 29, 2024 hearing.

## I. BACKGROUND

On January 31, 2023, an Indictment was filed against Defendant Jason Edward Thomas Cardiff. ("Indictment," Dkt. No. 1.) The Indictment was unsealed on November 27, 2023, and Cardiff was arraigned on that same date. (Dkt. Nos. 7, 11.) Cardiff is charged with three crimes: access device fraud under 18 U.S.C. § 1029(a)(5), aggravated identity theft under 18 U.S.C. § 1028A(a)(1), and witness tampering under 18 U.S.C. § 1512(b)(2)(B). (Indictment.) Cardiff also faces criminal forfeiture. (Id.)

On April 8, 2024, Cardiff filed a Motion to Dismiss the Indictment. ("MTD," Dkt. No. 45). On May 31, 2024, while the Motion to Dismiss was pending, the Court granted the Parties' stipulation to continue the trial from June 11, 2024 to September 3, 2024. (Dkt. No. 77.) On June 13, 2024, the Court denied the Motion to Dismiss the Indictment. (Dkt. No. 79.)

On July 17, 2024, Defendant's counsel, Larson LLP, filed the Motion. (Motion.) In support of the Motion, Larson filed a declaration of attorney Stephen G. Larson. ("Larson Decl.," Dkt. No. 84-1.) On the same day Counsel filed the Motion, Counsel also filed an ex parte application to shorten the time for hearing the Motion and move the hearing date from August 19, 2024 to July 29, 2024. (Dkt. No. 85.) On July 19, 2024, the Court granted the ex parte application. (Dkt. No. 86.)

No opposition was filed by Cardiff or the Government, but the Motion is silent as to whether Cardiff objected to Counsel's withdrawal when informed of their intent. (See Motion.)

## II. LEGAL STANDARD

Under this Court's Local Criminal Rules, "an attorney, whether appointed or retained, may not withdraw as counsel except by leave of court." L. Cr. R. 44-1. "A motion for leave to withdraw must be made upon ***written*** notice given reasonably in advance to the client and to all other parties who have appeared in the action" and "supported by good cause." Id. (emphasis added). "Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." Id.

District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. See Thompson v. Special Enforcement, Inc., 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008). Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Id. at *2. In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Tu Thien The, Inc. v. Tu Thien Telecom, Inc., 2014 WL 12580249, at *5 (C.D. Cal. July 11, 2014).

## III. DISCUSSION

### A. Written Notice of Intent to Withdraw

Local Criminal Rule 44-1 requires counsel to provide written notice of their intent to withdraw—reasonably in advance of the filing the motion to withdraw—to the client and to all other parties who have appeared in the action. See L. Cr. R. 44-1. Attorney Stephen Larson avers:

> Since the denial of the Motion in June 2024, Counsel has repeatedly advised Cardiff, including as recently as July 16, 2024, that he is in material breach of the engagement agreement, and that Counsel would file a motion seeking leave to withdraw if Cardiff failed to meet his obligations under the contract.

Nevertheless, as of this filing, Cardiff has failed to cure his default under the engagement agreement.

(Larson Decl. ¶ 5.) He further avers that "Counsel provided notice to the Government of their intent to move to withdraw on July 15, 2024." (Id. ¶ 6.) However, Larson does not aver that Defendant was provided *written* notice of Counsel's plan to withdraw. That key fact is missing from both the Motion and the Larson Declaration. (See Motion; Larson Decl.)

Although "in some circumstances[] courts have overlooked failure to comply with the advance written notice requirements," those cases concerned clients who were concurrently represented by another attorney who did not seek to withdraw or clients who had consented to withdrawal. Saribekyan v. JP Morgan Chase Bank, N.A., 2021 WL 6102923, at *3 (C.D. Cal. Aug. 27, 2021) (collecting cases). It is unclear from the Motion whether Cardiff has other counsel and whether he consented to the proposed withdrawal. Based on the Motion and the Larson Declaration, the Court infers that the first written notice Cardiff received of Counsel's plan to withdraw was the Motion itself—a conclusion made more concerning by the fact that Counsel requested and received ex parte relief to shorten the time to hear the Motion by three weeks, leaving Cardiff with mere days in which to respond.

Courts in this District deny motions to withdraw based on counsel's failure to indicate that their client was provided advanced written notice of their intent to withdraw. See id. This Court likewise finds that Counsel have failed to comply with Local Criminal Rule 44-1. Accordingly, the Motion is **DENIED**.

### IV. CONCLUSION

For the reasons above, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**