Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Hilary Potashner (SBN 167060)
hpotashner@larsonllp.com
Jonathan Gershon (SBN 306979)
jgershon@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00021-JGB |
|---|---|
| Plaintiff, | **NOTICE OF SECOND MOTION AND SECOND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JASON CARDIFF** |
| vs. | |
| JASON EDWARD THOMAS CARDIFF, | [*Filed concurrently with Declaration of Stephen G. Larson and [Proposed] Order*] |
| Defendant. | **Proposed Hearing**: Date: July 29, 2024  Time: 2:00 p.m.  Dept: 1 |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2024, at 2 p.m., or on the date and time otherwise set by the Court, in the courtroom of the Honorable Jesus G. Bernal, United States District Judge, pursuant to L.Cr.R. 44-1, Stephen G. Larson, Hilary Potashner, Jonathan Gershon, and Alix Zelener of Larson LLP ("hereinafter referred to individually and collectively as Counsel") will move this Honorable Court for an order granting leave to withdraw as counsel of record for Defendant Jason Cardiff ("Cardiff").

Counsel has provided written notice to both Cardiff and the Government of their intent to move to withdraw pursuant to L.Cr.R. 44-1 and California Rule of Professional Conduct ("CRPC") Rule 1.16(d). This notice was provided reasonably in advance of the filing of the instant motion.

Cardiff opposes counsel's request to withdraw as counsel of record, and Cardiff has not secured alternative counsel to represent him in this matter. The Government has not taken a position on this request.

Good cause exists for the Court to grant this motion because withdrawal is permitted under California Rule of Professional Conduct ("CRPC") Rule 1.16(b). Specifically, withdrawal is appropriate under the CPRC because Cardiff has materially breached his engagement agreement despite verbal and written warnings that Counsel would seek to withdraw unless he performed his obligations under the contract, and Cardiff failed to cure his breach. At this juncture, there exists an irreconcilable breakdown in the attorney-client relationship, making continuing representation unreasonably difficult.

Moreover, Counsel's withdrawal from this litigation will not prejudice Mr. Cardiff or the Government, nor will it harm the administration of justice or cause any unreasonable delay.

The Second Motion to Withdraw as Counsel is based upon the attached Memorandum of Points and Authorities, the Declaration of Stephen G. Larson, all

1  files and records in this case, and any further evidence as may be adduced at the
2  hearing on this motion.
3
4  Dated: July 25, 2024                    LARSON LLP
5
                                           By: /s/ Stephen G. Larson
6                                              Stephen G. Larson
7
                                           Attorneys for Defendant
8                                          JASON EDWARD THOMAS CARDIFF
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 11, 2024, Counsel provided written notice to Cardiff that they would be filing a motion for leave to withdraw as counsel of record. (Declaration of Stephen G. Larson ("Larson Decl."), ¶ 6). That written notice was followed by multiple oral communications between Counsel and Cardiff, reiterating Counsel's intent to file a motion for leave to withdraw as counsel. (*Id.*) On July 15, 2024, Counsel provided written notice to the Government that Larson LLP would be filing a motion for leave to withdraw as counsel of record. (Larson Decl., ¶ 7). Thereafter, on July 17, 2024, Counsel filed a Motion to Withdraw, along with an *Ex Parte* Application seeking to advance the hearing on the Motion to July 29, 2024. (ECF 84-85). On July 24, 2024, the Court denied the Motion to Withdraw and vacated the July 29, 2024 hearing. (ECF 91). In denying the motion, the Court found that Counsel failed to comply with Local Criminal Rule 44-1, having failed to aver that Counsel provided written notice to Cardiff in advance of filing the Motion to Withdraw. (*Id.*)

Counsel now files this Second Motion to Withdraw as counsel for Cardiff. In addition to the aforementioned written and oral notice of Counsel's intent to move to withdraw, Cardiff was again provided oral and written notice on July 24, 2024 of Counsel's intent to move to withdraw as counsel—this time expressly advising that Counsel intended to file a Second Motion to Withdraw as Counsel. (Larson Decl., ¶ 14). On July 24, 2024, Counsel again notified the Government in writing that it intended to file a motion seeking to leave to withdraw—this time expressly indicating that Counsel intended to file a Second Motion to Withdraw. (Larson Decl., ¶ 15).

The Second Motion to Withdraw as Counsel is based on the following reasons: (1) Cardiff has materially breached his engagement agreement with Counsel, despite numerous warnings that Counsel would seek to withdraw unless

Cardiff performed his obligations under the contract, and (2) there has been an irreconcilable breakdown in the attorney-client relationship which will make continuing representation unreasonably difficult.

Cardiff will not be unduly prejudiced by Counsel's withdrawal from this action because he will have adequate time to retain new counsel of record in advance of proceeding to trial. Further, there will be no significant delay in the prosecution of this case or prejudice to the government caused by Counsel's withdrawal.

Cardiff opposes counsel's request for leave to withdraw as counsel, and he has indicated that he has not secured alternative counsel. (Larson Decl., ¶ 15).

Counsel requests that the Court grant the Second Motion and allow Counsel to withdraw as counsel of record for Cardiff.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On January 31, 2023, an Indictment was filed in the instant matter. (ECF No. 1). The Indictment was unsealed on November 27, 2023, and Cardiff was arraigned on that same date. (ECF Nos. 7, 11).

Shortly thereafter, Cardiff entered into an engagement agreement with Larson LLP to represent him in this matter. (Larson Decl., ¶ 2).

Beginning in late December 2023, the Government began producing a considerable number of documents in discovery. (Larson Decl., ¶ 3). To date, the government has produced over 9.2 million documents, consisting of over 21 million pages. (*Id.*)

On April 8, 2024, Cardiff filed a Motion to Dismiss the Indictment. (ECF No. 45). This motion was a significant undertaking by Counsel. Specifically, it required Counsel to review and analyze thousands of documents produced by the Government, conduct extensive legal research, draft a comprehensive oversized motion and reply brief, and prepare for oral argument. (Larson Decl., ¶ 4).

On May 31, 2024, while the Motion to Dismiss was pending, the Court granted the Parties' stipulation to continue the trial from June 11, 2024 to September 3, 2024, which is the current trial date. (ECF No. 77).

On June 13, 2024, the Court denied Cardiff's Motion to Dismiss. (ECF No. 79).

Since the denial of the Motion, Counsel has repeatedly advised Cardiff, that he is in material breach of the engagement agreement, and that Counsel would file a motion seeking leave to withdraw if Cardiff failed to meet his obligations under the contract. (Larson Decl., ¶ 5). Nevertheless, Cardiff has failed to cure his default under the engagement agreement. (*Id.*) On July 11, 2024, Cardiff was advised in writing that Counsel would be filing a Motion to Withdraw as Counsel. (Larson Decl., ¶ 6). On July 15, 2024, the Government was advised in writing that Counsel intended to file a Motion to Withdraw as Counsel. (Larson Decl., ¶ 7). On July 24, 2024, after Counsel's Motion to Withdraw was denied, Cardiff and the Government were advised in writing that Counsel intended to file a Second Motion to Withdraw as Counsel. (Larson Decl., ¶¶ 13-14). At this juncture, there has been an irreconcilable breakdown in the attorney-client relationship which makes continuing representation unreasonably difficult. (Larson Decl., ¶ 5).

In an effort to avoid unnecessary delay or prejudice to any party, Counsel has concurrently filed an *ex parte* application to shorten the time for a hearing on this request so this matter may be resolved as expeditiously as possible.

## III. LEGAL STANDARD

Pursuant to Criminal Local Rule 44-1, "an attorney, whether appointed or retained, may not withdraw as counsel except by leave of court." L.Cr.R. 44-1. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action" and it "must be supported by good cause." *Id.*; *see also* California Rule of Professional Conduct ("CRPC") Rule 1.16(d) ("A lawyer shall not terminate a representation

until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel….").

"The decision to grant or deny a motion to withdraw is committed to the sound discretion of the district court." *Ketab Corp. v. Mesriani & Assocs.*, 2018 WL 6459615, at *1 (C.D. Cal. Dec. 7, 2018); *see also Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

"When considering a motion to withdraw as counsel, the Court will weigh four factors: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case.'" *Id.* (citing *Stewart v. Boeing Co.*, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013)); *see also SFA Grp., LLC v. Kaplan,* 2023 WL 9511240, at *2 (C.D. Cal. May 18, 2023).

## IV. ARGUMENT

### A. Counsel Has Provided The Required Written Notice To Cardiff And The Government

On July 24, 2024, Counsel provided written notice to Cardiff and the Government of their intent to file a Second Motion to Withdraw, in compliance with L.Cr.R. 44-1 and California Rule of Professional Conduct ("CRPC") Rule 1.16(d). (Larson Decl., ¶¶ 13-14). This written notice was given reasonably in advance of filing the Second Motion to Withdraw, particularly in light of Counsel's July 11, 2024 written notice to Cardiff and their July 15, 2024 written notice to the Government of their intent to file their first motion to withdraw, which was filed on July 17, 2024. (Larson Decl., ¶¶ 6-8). Indeed, prior to the filing of the Notice of Motion and Motion to Withdraw as Counsel, Cardiff advised Counsel that he would be preparing his own written opposition to our Motion to Withdraw as Counsel and Cardiff reiterated to Counsel on July 18, 2024 that he was preparing a written

opposition. (Larson Decl., ¶¶ 9-10). Counsel indicated that Larson LLP would file that his submission with the Court upon completion on his behalf, but to date has not received a written opposition from Cardiff. (Larson Decl., ¶¶ 10-11). Accordingly, given that this Motion is substantively similar to the first Motion and only addresses a procedural deficiency, Mr. Cardiff has been afforded sufficient written notice to respond to this Motion.

### B. Counsel Is Permitted To Withdraw Under The CRPC Rule 1.16(b)

The first factor—the reasons why withdrawal is sought—favors granting this Motion because withdrawal is permitted under CRPC Rule 1.16(b). "In assessing the first factor, courts look to the California Rules of Professional Conduct to determine whether the reasons for withdrawal are adequate." *SFA Grp.*, 2023 WL 9511240, at *2.

Here, withdrawal is appropriate under the CPRC because Cardiff has materially breached his engagement agreement, resulting in an irreconcilable breakdown in the attorney-client relationship which will make continuing representation unreasonably difficult.

#### 1. Cardiff Has Materially Breached The Engagement Agreement

An attorney may withdraw under the CRPC when "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." CRPC Rule 1.16(b)(5).[1]

---

[1] Courts in this District have frequently found that a breach of the engagement agreement is a sufficient basis for withdrawal under CRPC Rule 1.16(b)(5). For example, *see TBS Bus. Sols. USA, Inc. v. Studebaker Def. Grp.*, LLC, 2024 WL 3301186, at *2 (C.D. Cal. June 14, 2024) ("'Courts recognize that a client's 'failure to cooperate with counsel or pay attorney's fees are valid reasons for granting ... a motion to withdraw.'") (citing *China Cent. Television v. Create New Tech. HK Ltd.*, 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015).

Here, Cardiff has materially breached his engagement agreement, despite repeated warnings that the failure to cure the default would result in Counsel filing a motion to withdraw as counsel. (Larson Decl., ¶ 5). Accordingly, Cardiff's failure to meet his obligations under his engagement letter constitutes good cause for Counsel's withdrawal.

    2. <u>There Has Been an Irreconcilable Breakdown in the Attorney-Client Relationship Which Will Make Continuing Representation Unreasonably Difficult</u>

An attorney may withdraw under the CRPC when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." CRPC Rule 1.16(b)(4). Here, Cardiff's conduct has led to an irreconcilable breakdown in the attorney-client relationship which will make Counsel's continuing representation unreasonably difficult. These difficulties also provide the good cause necessary to permit withdrawal.

In order to protect Cardiff's interests and not reveal attorney-client communications, Counsel has not herein provided further details in the exact nature of this breakdown. However, additional details should not prevent the Court from finding good cause. *See e.g., United States v. Univ. of S. California*, 2023 WL 3553159, at *1 (C.D. Cal. Mar. 16, 2023) ("Counsel does not need to divulge further information underlying the break in attorney-client relationship, and 'limited detail does not prevent the Court from finding good cause based on Counsel's assertion.'") (citing *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8, 2019); *see also Page v. Stanley*, 2014 WL 2472248, at *2, n. 3; *Doe v. Compania Panamena de Aviacion*, 2022 WL 17080154, at *1 (C.D. Cal. Sept. 22, 2022).[2]

---

[2] *See also* State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion No. 2015-192,

### C. The Other Factors Favor Withdrawal

The remaining three factors also favor allowing Counsel to withdraw. No other Party will be prejudiced by Counsel withdrawing, the withdrawal should not cause harm to the administration of justice, and the withdrawal should not substantially delay the adjudication of this case.

## V. CONCLUSION

Based on the foregoing, Counsel respectfully requests that the Court permit them to withdraw as counsel of record for Cardiff.

Dated: July 25, 2024
LARSON LLP

By: /s/ Stephen G. Larson
Stephen G. Larson

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

---

https://www.calbar.ca.gov/Portals/0/documents/ethics/Opinions/CAL%202015-192%20[12-0001].pdf, ("Ordinarily, for purposes of the motion to withdraw, it will be sufficient to state words to the effect that ethical considerations require withdrawal or that there has been an irreconcilable breakdown in the attorney-client relationship").