# EXHIBIT C

Stephen R. Cochell
Admitted Pro Hac Vice
srcochell@gmail.com
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>Defendant. | Case No. 5:23-CR-00021-JGB<br><br>*[Filed concurrently with Reply Memorandum in Support of Motion t Suppress Evidence* |

# DECLARATION OF JASON EDWARD THOMAS CARDIFF IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

I, Jason Edward Thomas Cardiff, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the matters stated herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration to respond to the Government's contention that I lack standing to contest the search in this case. This declaration is submitted under the protections of *Simmons v. United States*, 390 U.S. 377 (1968) and the United States Constitution. Pursuant to *Simmons* and my constitutional rights, I

1

COCHELL LAW FIRM

DEFENDANT JASON CARDIFF'S SUPPLEMENTAL DECLARATION IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

would object to use of this declaration for any purpose beyond the Court's adjudication of my Motion to Suppress Evidence.

2.  I am the President, Chief Executive Officer and, on October 12, 2018, I was 99% owner of Redwood Scientific Technologies. I have always been the CEO and President of the company and was actively involved in every aspect of the business, from operations to financial decisions, for over 12 years. At the time of the October 12, 2018 search, my office for Redwood was located at 870 North Mountain Avenue, Ste 100.

3.  I directly managed and controlled Redwood's day-to-day business holding daily management meetings and directing managers on what tasks to perform, and their time line to do them. In other proceedings, we talked about using logbooks to document and record these meetings. I performed primary human resource functions, including hiring, firing, onboarding, setting employee policies and procedures, resolving employee complaints or misconduct. I also directed employees on shipping matters addressing periodic problems with shipments, bringing new products to market, directing employees on issues with Limelight, working with retail partners, setting monthly, quarterly, and annual growth targets, setting employee goals, and assigning all digital passwords. I also had full access to employee computers and and periodically logged into employee computers to monitor their performance. Redwood also recorded all incoming and outgoing calls of all personnel, including myself. I periodically monitored all calls as well as emails to assure compliance with company policy and customer care.

4.  Despite the Receiver's appointment, I maintained access and control over the premises and, to the extent that Redwood had business activity, I continued to work with retail stores and wholesalers (Amazon sales) although online sales were discontinued. At all times, I had keys to the premises and had 24-hour, 7-day-a-week access to the office, including my personal office and all areas of the corporate

2

COCHELL LAW FIRM

DEFENDANT JASON CARDIFF'S SUPPLEMENTAL DECLARATION IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

premises. I was regularly present in the office, which housed both business and personal documents, computers, communications, and proprietary information.

5. As of October 12, 2018, there were only three employees in Redwood's corporate offices, which contained computers with downloadable data. The computers in Redwood's corporate office contained personal as well corporate information. These computers were initially used by Cardiff and were recycled from my prior companies, such as Cigirex, so there was a mix of both personal and business information in these computers.

6. The office was a small, closely-held company environment with an open-concept design. However, I had exclusive access to specific areas that contained personal items, confidential business information, and other sensitive materials, reinforcing my expectation of privacy.

7. As CEO, I was solely in control of the passcodes for all company computers and the G-Suite accounts. I set up and maintained the security protocols for accessing these systems, ensuring that I had the ultimate control over the company's digital assets, communications, and all online records. This meant I could access emails being sent by employees at any given time. All phone calls were recorded and could be accessed at any given time. I did, in fact, periodically monitor emails and phone calls to assure compliance with Redwood policy and customer care.

8. I was not aware that USPIS was conducting a criminal investigation because the Receiver gave me the Complaint (and related papers) and told me that this was a civil case and a receivership was being imposed.

9. No one told me that I had a right to refuse access to the premises. If anyone had told me that I had a right to refuse access, I would have asserted that right. I did object to Judge Otero when the Receiver wanted access to my home to look for jewelry, but we worked that out and I subsequently cooperated with the Receiver.

3

COCHELL LAW FIRM

DEFENDANT JASON CARDIFF'S SUPPLEMENTAL DECLARATION IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

The only people who showed to my house were the Receiver's staff people. No law enforcement personnel were allowed into my home.

10. I retained the authority to determine who could access specific areas of the office and managed all digital security protocols. My continuous role as CEO and President, majority ownership, 24/7 access, and direct control establish my standing to challenge the searches conducted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 7, 2024 at Houston Texas

_____  
Jason Cardiff

COCHELL LAW FIRM

4

DEFENDANT JASON CARDIFF'S SUPPLEMENTAL DECLARATION IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE