Stephen R. Cochell
Admitted Pro Hac Vice
srcochell@gmail.com
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant

JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00021-JGB |
|---|---|
| Plaintiff, | |
| vs. | |
| JASON EDWARD THOMAS CARDIFF, | |
| Defendant. | |

# NOTICE OF ERRATA

PLEASE TAKE NOTICE that counsel for Jason Cardiff unintentionally and erroneously had two errors to dates in his Reply Brief In Support of Motion to Suppress Evidence (Dkt. 115). Page 7 line 9 should state "October 12, 2018" instead of "October 12, 2024." Similarly, page 10 line 25 should state "October 12, 2018" not "October 12, 2024." A corrected version of the two pages with highlighting to make it obvious to the Court what should be corrected is attached.

1

Very respectfully,

Dated: October 9, 2024

COCHELL LAW FIRM P.C.

By: /s/ *Stephen R. Cochell*
Stephen R. Cochell

Attorneys for DEFENDANT
Jason Edward Thomas Cardiff

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument, has been served on this 9th day of October, 2024 upon all counsel of record by email, facsimile, by regular mail or pursuant to the Court's ECF system.

/s/ *Stephen R. Cochell*
Stephen R. Cochell

*Management, LLC v. FTC,* 593 U.S. 57 (2021), the Supreme Court held that the FTC lacked authority to seek monetary relief under Section 13(b) of the FTC Act. Authority for the receivership was based on monetary relief under Section 13(b), an order to protect assets, was *void ab initio*. *AMG*, at 77-78 (Congress never intended monetary relief in Section 13(b)). The rule in *AMG* applied to all cases pending at the time, including this case.[2] *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97 (1993). Simply stated, there was no authority to appoint a receiver in the FTC action. Thus, because the FTC case was pending at the time of the AMG decision, Redwood's officers have standing to object to searches conducted on October 12, 2018 and after.

Standing also exists based on *United States v. Anderson*, 101 F.4th 586 (9th Cir. 2024) (en banc). The facts in *Anderson* parallel the facts in this case. In *Anderson*, the defendant's property (a car) was placed in the exclusive custody, control and possession of the police in an impound lot. Like a temporary receivership, the property was impounded to be maintained and safeguarded for the ultimate owner. Like the police in *Anderson,* who had policies for conducting an inventory of a car to safeguard the property in the car and protect the public, the Fourth Amendment sets policies and procedures for the USPIS obtaining a consent to search a property. Like the inventory procedures in *Anderson* allowing seizure of, and access to Anderson's vehicle, the TRO allowed the Receiver to enter the premises to accomplish the receivership's *administrative* purpose of inspecting and then preserving, safeguarding and maintaining property for the ultimate owners. Whether an inventory or an entry into property to keep the peace, law enforcement agents are not allowed to game the system and manipulate the administrative procedures under the TRO to conduct an investigatory search of the premises.

Officers relying on a standard procedure to justify a search must not "act in bad

---

[2] Final judgment was not entered until March 1, 2022. *FTC v. Cardiff*, No. 18-2104, Dkt. 705, 706.

right against self-incrimination, he cannot waive or order the waiver of Defendants' rights against search and seizure of property. Simply stated, the Receiver lacked the authority to waive Redwood or Cardiff's constitutional rights, including the Fourth Amendment.

Cardiff was also in possession of the premises, including documents and electronic data. Thus, the only person who could have consented to a search of Redwood's premises for evidence of criminal activity on October 12, 2018 was Jason Cardiff.

In *Georgia v. Randolph*, 547 U.S. 103, 120 (2006), the Supreme Court held that a warrantless search of a shared dwelling cannot be justified "over the express refusal of consent by a physically present resident." *Id*. In this case, Cardiff was not aware that USPIS was conducting a criminal investigation and was unaware of his rights. Thus, he was unable to object to the search. **Exhibit C**, Supp. Dec. Cardiff ¶ 8.

Similarly, there is no evidence that the Receiver was aware of the USPIS's criminal investigative mission as of October 12, 2018. There is no evidence that, on October 12, 2018, USPIS agents told the Receiver that he had a right to refuse to consent to the search. USPIS did not disclose its law enforcement goals and objectives to the Receiver. It appears that the Receiver was tricked into thinking USPIS was there to keep the peace. In that vein, the Declaration of Jeffrey Hedrick is a model of ambiguity and conclusory statements, providing as little or no detail about the who-what-when-where and-how this search was actually conducted. There is no indication that Hedrick had any personal contact with Brick Kane or was in a position to draw the conclusions made in his declaration.

There is no indication that Cardiff knew that the USPIS had been conducting a criminal investigation for months prior to October 12, 2018. Id. at ¶¶ 8-9. In fact, Cardiff objected when the Receiver wanted to enter his home pursuant to the TRO, but later worked that out and cooperated with the Court and the Receiver. *Id*. at ¶ 9.

In that vein, the Government's brief misrepresents the facts. The Government

COCHELL LAW FIRM

DEFENDANT JASON CARDIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRSS EVIDENCE BASED ON FOURTH AMENDMENT VIOLATIONS