Stephen R. Cochell
Cochell Law Firm P.C.
5850 San Felipe Ste 500
Houston Texas 77057
(346)800-3500
srcochell@gmail.com
Admitted Pro Hac Vice

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
Jason Edward Thomas Cardiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>　　　　Defendant. | Case No.: 5:23-CR-00021-JGB |

### DECLARATION OF STEPHEN R. COCHELL IN SUPPORT OF EX PARTE MOTION FOR CONTINUANCE OF TRIAL DATE

I, Stephen R. Cochell, declare as follows:

1.　I am a partner and owner of Cochell Law Firm, PC, attorneys of record for Defendant Jason Edward Thomas Cardiff.  I have personal

1

knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration based in support of Defendant Jason Cardiff's Ex Parte Application of Motion for Continuance of Trial Date.

2. I adopt and verify the Statement of Facts and arguments set out in the Ex Parte Application for Continuance of Trial Date.

3. I entered an appearance in this matter after the Larson Firm withdrew from Mr. Cardiff's representation in August, 2024. At the time, I had a number of cases that I believed would be resolved or could be managed to undertake this case. For example, I represented Maintenance of Way Equipment Services ("MOWES") in a matter against a former office manager involving trade secrets and corporate opportunities starting before I was asked to represent Mr. Cardiff. I have represented MOWES for four years in a number of lawsuits and other matters. The case ripened into litigation which required that I file a lawsuit and request for injunctive relief on September 30, 2024. Injunctive relief was granted, expedited discovery taken and the case resolved in early November, 2024.

4. I did support some of the effort by the Larson Firm to prepare the Motion to Dismiss Indictment, but was not involved in document review or trial preparation.

5. I received discovery materials from the Larson Firm shortly after being admitted pro hac vice to this case. I also received from the Government, by Manu Sebastian, DOJ sent a letter dated April 18, 2024 providing a "Comprehensive Production Index as of April 18, 2024" describing the Government's production of documents included a group of documents entitled "GOV_MOI" which contained government memoranda of interviews and other "Agent Materials." These include "MTF" (Memorandum to File) and "MTA"

(Memorandum of Activity).   I have reviewed the following documents MTF and MTA which are witness interviews, agent materials and related documents:

- GOV_MOI 1-1076:
- GOV_MOI 1077-1553;
- GOV_MOI 1554-1801.

6. After being admitted pro hac vice, I prepared a Motion to Dismiss pursuant to *Dubin v. United States* and a Motion to Suppress Evidence, which were filed on September 9, 2024, filed reply briefs on October 7, 2024 and argued the motions on October 21, 2024.

7. As set out in the Ex Parte Application for Continuance of Trial Date, I had to file an action on behalf of a long standing client to address a theft of trade secret/ corporate diversion of opportunities matter, which required more time than expected in October, 2024.

8. In or about mid-September, my associate advised that he had opened a law firm some months before and would be devoting less time to my firm's litigation needs.  His time has progressively been reduced to less than twenty hours or less per week and was devoted to the MOWES trade secret matter and less complex litigation cases.  Mr. Slotter's winding down and departure to law firm has resulted in significantly less resources for this case.  This stands in stark contrast to the resources provided by the Larson Law Firm.

9. Later in October, 2024, Mr. Cardiff unexpectedly experienced severe medical symptoms that required that he receive medical testing, evaluation and treatment while overseas in Dublin, Ireland.  Counsel supplied the Court with medical records for in camera review to substantiated the medical problems.  On November 15, 2024, the Court granted Mr. Cardiff's application and extended his travel authorization for that purpose.  Counsel is informed that further medical

testing has confirmed that Mr. Cardiff's medical condition is serious. Counsel will provide the Court with an update upon receipt of additional medical records.

10. On December 2, 2024, Counsel filed Defendant's Motion to Dismiss Indictment Based on Double Jeopardy and a Motion to Dismiss Counts 3 and 4 based on *United States v. Aguilar,* 515 U.S. 593 (1995). Resolution of these pretrial motions may result in dismissal and save the parties the time and expense of a trial and will promote judicial economy.

11. The resolution of the *Dubin* motion potentially results in dismissal of Counts 2 which will save the parties time and expense of trial and will promote judicial economy.

12. Resolution of the Motion to Suppress Evidence will potentially limit much of the evidence the Government intends to use at trial. This would save the parties time and expense of trial and promote judicial economy.

13. Due to Mr. Cardiff's health condition, Mr. Slotter's departure from the Firm, and magnitude of reviewing millions of documents and preparing an exhibit list, trial motions to exclude evidence prior to the pretrial hearing, a continuance is necessary to allow counsel to effectively prepare this case for trial.

14. On December 3, 2024, I conferred with AUSA Valerie Makerewicz and DOJ Attorney Manu Sebastian about this request. In part, we discussed the fact that we had set the hearing date for December 30, 2024. We understand that this date falls within the Christmas season and have no wish to interfere with anyone's holiday schedule. However, we were also concerned that delay of hearing to January without an agreement on continuance by the Government wold cause severe prejudice to Defendant.

15. In the best interest of justice, Counsel requests a five-month continuance until July, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of December, 2024, at Houston, Texas.

<u>/s/ Stephen R. Cochell</u>
Stephen R. Cochell