Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00021-JGB |
| Plaintiff, | |
| vs. | Hearing Date: January 13, 2024 |
| JASON EDWARD THOMAS CARDIFF, | Courtroom: 1 |
| Defendant. | Time: 2:00 p.m. |

---

DEFENDANT JASON CARDIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 3 AND 4 OF THE INDICTMENT

## I. INTRODUCTION

The Government's Memorandum in Opposition to the Defendant's Motion to Dismiss Counts 3 and 4 misinterprets the requirements of 18 U.S.C. § 1512(b)(2)(B) and misapplies case law regarding the definition of an "official proceeding." The Government conflates different processes—the FTC's Civil Investigative Demand (CID), the enforcement of the CID, with the FTC litigation—none of which satisfy the statutory nexus and intent requirements established in *United States v. Aguilar* and *Arthur Andersen LLP v. United States.*

The question of whether these actions qualify as "official proceedings" is a legal matter for the Court to resolve before trial.

The government's arguments fail for three fundamental reasons:

1. The CID is not an official proceeding as it is a pre-litigation investigative tool that lacks tribunal-like qualities.

2. The statute requires destruction of evidence that compromises the availability of evidence "for use in an official proceeding." Neither the CID nor a Petition to Enforce a CID involved evidence that may be "used" in either of those proceedings.

3. Even *assuming* that the Government had alleged the FTC as an official proceeding in either Counts 3 or 4, the Government cannot prove a nexus between the alleged acts and filing of the FTC lawsuit.

4. Counts 3 and 4 must be dismissed because the Indictment failed to identify any specific "official proceeding" at issue, the CID, the enforcement action or the FTC lawsuit.

For these reasons, Counts 3 and 4 should be dismissed.

## II. ARGUMENT

### A. A Civil Investigative Demand ("CID") Is Not an Official Proceeding Under 18 U.S.C. § 1512

The government argues that the CID itself constitutes an official proceeding under 18 U.S.C. § 1512(b)(2)(B). However, the CID expressly states that it is part of

an investigatory process, noting that its purpose is to determine whether Redwood Scientific Technologies, Inc. has violated Sections 5 and 12 of the FTC Act" and that "no determination has been made as to whether violations of law have occurred." **Exhibit A,** Ex. 1.  The Government's claim that the CID was an "official proceeding" when the actual CID says it is an investigation is without merit.

Courts have consistently interpreted the term "proceeding" to require a formal, tribunal-like setting. In *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013), the Court analyzed the statutory language of Section 1515 and held that a proceeding is a word much used to express the business done in courts or by the authority or direction of the court.   Id. at 1170.  Similarly, the Court found that the choice of language "before a Federal Government Agency" would be odd if it referred to criminal investigations.  Id. "[U}se of the preposition 'before' suggests an appearance in front of the agency sitting as a tribunal…In short, a criminal investigation does not occur "before a Federal Government Agency" like a hearing or trial might; it is conducted 'by' the agency in the field."  Id. For these and other reasons, the Court held that an FBI investigation is not an "official proceeding" within the meaning of Section 1515(a)(1)(C).

In this case, the CID in this case was simply a pre-litigation discovery mechanism—a tool for gathering information. The mere fact that one of the FTC Commissioners signed a demand to produce documents merely signifies the start of an informal FTC investigation.  The Government's assertion that a CID is an official proceeding must fail because mere issuance of a request to investigate does not transform the request into an official proceeding. *Ermoian,* at 1172.

Similarly, a proceeding to enforce a CID is based on the fact that the CID is still a informal investigation and not a determination of culpability under the FTC Act.  At each step, a defendant is entitled to presume that the FTC meant what it said—that it was investigating potential violations under the FTC Act.  Neither the CID nor the Petition to Enforce the CID establish a nexus under *Aguilar*.

### III. Documents Are Not "Used" as Evidence in a CID or in a Petition to Enforce a CID.

Under 18 U.S.C. § 1512(b)(2)(B), the government must prove that the defendant's actions were specifically intended to compromise the integrity or availability of an object "for use in an official proceeding." The government's claim that the "object" was meant to be used in a motion to compel the CID is fundamentally flawed. A petition to enforce a CID does not involve the <u>use</u> of the requested documents or physical objects to be introduced into evidence; instead, it focuses solely on whether compliance with the CID is justified. This type of proceeding does not inherently require the presentation, alteration, or concealment of any documents or evidence. Without a logical or factual connection between the object and its potential use in the motion, the statutory requirement—that the object be relevant or necessary to the proceeding—is not satisfied.

Additionally, it should be noted that the only official proceeding in this case where the requested documents could be used in an official proceeding was the FTC civil lawsuit. There was no other official proceeding where the evidence could have been or would have been *used*. The government's argument seeks to extend the statute to a CID and/or motion to enforce a CID is unsupported by both the language of the statute and the facts of the case. Without a direct link between the object and its role in an official proceeding, it is impossible to establish the specific intent required by the statute.

### B The Government's Failure to Establish a Clear Nexus

The government has failed to establish a clear nexus between Mr. Cardiff's alleged destruction of evidence that could be *used* in any ongoing or foreseeable official proceeding, as required under *United States v. Aguilar*, 515 U.S. 593 (1995). In *Aguilar* held that there must be a clear "nexus" between the alleged act and an official proceeding to establish an obstruction charge. Id at 599. The Court explained that the accused's actions "must have a relationship in time, causation, or logic with grand jury

or judicial proceedings," and further stated, "it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority." *Id.*

Moreover, the Court emphasized that "a person lacking knowledge that his actions are likely to affect a pending proceeding necessarily lacks the requisite intent to obstruct." *Id*. at 599-600, citing *Pettibone v. United States*, 148 U.S. 197, 206-207). The Court clarified that speculative connections to possible or potential proceedings are insufficient, noting: "What use will be made of false testimony given to an investigating agent who has not been subpoenaed or otherwise directed to appear before the grand jury is far more speculative. We think it cannot be said to have the 'natural and probable effect' of interfering with the due administration of justice." Id. at 601.

The obstruction statute demands a direct and concrete connection between the defendant's actions and a specific proceeding. A speculative, possible or tangential relationship does not satisfy this legal standard. Here, the government has provided no evidence to demonstrate that Mr. Cardiff's actions were directly related to or intended to obstruct a pending official proceeding where the allegedly destroyed evidence could be used.

At the time of the alleged conduct, in April-May 2018, the FTC was merely investigating and gathering evidence of suspected violations of the FTC Act. Significantly, the Commission had not reviewed the staff's evidence nor had it made any made any decision to initiate litigation. *Indeed, litigation cannot be instituted without a review of the staff's evidence and vote by the Commission*. 15 U.S.C. § 53(b). Without a vote by the Commission to escalate the investigation into a civil case, no one—neither Mr. Cardiff nor FTC staff—could have known whether a formal proceeding would occur. Any attempt by Cardiff to try to foresee a lawsuit would have been sheer speculation. The lack of a Commission review and decision renders any claim of foreseeability or intent to obstruct a specific proceeding legally baseless. The

CID and motions to compel relied upon by the government were part of the FTC's investigation, not formal adjudicative processes. These tools are designed to gather information and enforce compliance, not to adjudicate disputes or use evidence to establish culpability in civil or criminal proceedings.

The government has not presented evidence that Mr. Cardiff acted with the knowledge or intent to obstruct the civil lawsuit. The requirement of a nexus under *Aguilar* necessitates that the defendant's actions were aimed at a specific proceeding that was either ongoing or foreseeable.

The Government asserts that Mr. Cardiff spent a year "defiantly avoiding compliance" with the CID.  Dkt. 152 at 20.  However, Defendant set out facts in his initial memorandum showing that: (1) Redwood retained a third party provider to assist voluminous documents to the FTC (**Exhibit A**, Cochell Dec., Ex. 6); (2) Redwood produced over 1.6 million documents in response to the CID (Id. at Ex. 6); (3) Tracy Green was working with the FTC to address any real or perceived deficiencies in the production[1]; and (4) that a lawsuit was filed apparently when Mr. Cardiff's counsel failed to attend hearings before Judge Otero in September 2018. Dkt 134-1, ¶¶ 7-8. Despite the alleged destruction, the FTC secured a judgment on all 26 counts in its civil lawsuit. Civil Dkt. 706.

In conclusion, the government's inability to demonstrate a direct nexus between Mr. Cardiff's alleged conduct and the FTC lawsuit renders the charges under 18 U.S.C. § 1512(b)(2)(B) legally insufficient. The CID and motions to compel were investigative in nature, and there was no formal proceedings pending or foreseeable at the time. Being represented by counsel in a CID enforcement proceeding does not constitute knowledge nor was there any indication in the CID or enforcement proceeding that Defendant must prove a clear nexus between had knowledge that he was going to be sued six months later.  The focus was production of documents.   Without proof of

---

[1] **Exhibit A,** Cochell Dec., Ex. 6

intent or a clear nexus, the charges should be dismissed.

### C. Counts 3 and 4 of the Indictment Must be Dismissed Because the Government Failed to Allegea Specific "Official Proceeding" Under Section 1512.

In its Opposition, the Government, for the first time, revealed that there were several specific proceedings that were the subject of its Indictment. The Indictment in this case simply alleges that Defendant caused and induced certain individuals to destroy emails and electronic evidence "with intent to impair the integrity and availability of the objects for use in official proceedings, namely civil and administrative proceedings before the United States District of California and the United States Federal Trade Commission." Dkt. 1 at 5-6. In its memorandum in opposition to this motion, the Government identifies no less than three "proceedings" that it characterizes as "official proceedings." As set out in his initial motion, Defendant believed that the "official proceeding" at issue was the lawsuit filed by the FTC and therefore moved to dismiss Counts 3 and 4. This confusion demonstrates a fatal defect in the Indictment.

Fed. R. Crim. P. 7(c)(1) states that an "indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." It is a basic principle that, in order to guarantee protection of a criminal defendant's rights, an indictment must "contain[] the elements of the offense intended to be charged, 'and sufficiently apprise[] the defendant of what he must be prepared to meet,'" *Russell v. United States*, 369 U.S. 749, 763 (1962). In *Russell,* the Court found indictments defective which were brought under 2 U.S.C. § 192, which prohibited witnesses before congressional committees from "refus[ing] to answer any question pertinent to the question under inquiry." The indictments did not identify the "question under inquiry" although they did list the questions the defendants had refused to answer.

The Court, in *Russell*, held that:

> It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -- it must descend to particulars.'" *United States* v. *Cruikshank*, 92 U.S. 542, 558. <u>An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute.</u>" *United States* v. *Simmons*, 96 U.S. 360, 362. "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; . . . " *United States* v. *Carll*, 105 U.S. 611, 612. "Undoubtedly the language of the statute may be used in the general description of an offence, <u>but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.</u>" *United States* v. *Hess*, 124 U.S. 483, 487. [citations omitted] That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7 (c) of the Federal Rules of Criminal Procedure, is illustrated by many recent federal decisions.

Id. at 765. The Court further noted that a cryptic form of indictment requires the defendant to go to trial with the chief issues undefined. Id at 766. The Court rejected the idea that any deficiency in an indictment could be cured by a bill of particulars. "But it is a settled rule that a bill of particulars cannot save an invalid indictment." Id. at 770.

  A valid indictment serves two central purposes: (1) it sufficiently apprises the defendant of the charges against him to enable him to prepare a defense; and (2) it allows him to plead jeopardy against a later prosecution. Similarly, the Ninth Circuit has held that "the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir.

1985). An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).While the language of the statute itself may be used in a general description of the specific offense, it must be accompanied with such a statement of the *facts* and *circumstances* as will inform the accused of the specific offense. *Hamling v. United States*, 418 U.S. 87, 117-118 (1974).

In *United States v. Murphy*, 762 F.3d 1151 (1st Cir. 1985), the Court held that failure to identify any proceeding in which defendants allegedly attempted to influence a witness' testimony required dismissal of the indictment.  The Court held that: "Crucial to preparation of any defense to a charge under the statute is at least some indication of the identity of the proceeding in which the defendant tried to influence testimony." Id. at 1154.  Because the indictment made no such indication, it failed to "sufficient apprise the defendants of what  [they] must be prepared to meet."  *Id. citing Russell* at 763.

### IV.   CONCLUSION

At its core, the Government is attempting to expand the scope of an "official proceeding" under Section 1512(b) by suggesting that the FTC's CID and an enforcement proceeding based on that CID somehow involved destruction of evidence that would be *used* in an official proceeding.  Similarly, Defendant cannot be charged with foreseeing an FTC lawsuit simply because the FTC filed an enforcement proceeding.   Defendant should not have to guess about whether the Government charged obstruction of a CID, an enforcement proceeding or an FTC lawsuit.

For these reasons, Defendant respectfully requests that the Court dismiss Counts 3 and 4 of the indictment with prejudice.

**Dated:** December 30, 2024

**Respectfully submitted,**

By: /s/ Stephen R. Cochell
Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

## SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada United
States Attorney Mack E.
Jenkins
Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein
Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz
Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm
Director, Consumer Protection Branch Manu J. Sebastian
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
       Brianna.M.Gardner@usdoj.gov

*/S/ Stephen R. Cochell*
Stephen R. Cochell