Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>　　　　Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING INTERNATIONAL TRAVEL AND RETURNING HIS PASSPORT OR, IN THE ALTERNATIVE, TO MODIFY BOND CONDITIONS**<br><br>*[Filed concurrently with Declaration of Stephen R. Cochell and [Proposed] Order]* |

COCHELL
LAW FIRM

JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN EXTENSION TO ORDER EXTENDING INTERNATIONAL TRAVEL AND RETURNING HIS PASSPORT OR, IN THE ALTERNATIVE, TO MODIFY BOND CONDITIONS

## *EX PARTE* APPLICATION

Defendant Jason Cardiff files this Ex Parte Application requesting either an Order Extending International Travel and Returning His Passport or, in the Alternative, to Modify the Bond for unsupervised probation with monthly reporting to the Court regarding his medical condition.

Jason Cardiff unexpectedly experienced serious health problems while visiting his family in Dublin Ireland. His General Practitioner, Dr. M. S. examined Defendant and concluded that he was "unfit to fly" back to the United States recommending medical testing, evaluation and/or treatment before he returns to the United States. Dkt. 125 at 2. In support of prior travel requests, Mr. Cardiff has provided the Court with medical records available to him, including Dr. M.S.'s short summary and recommendations and a medical record from Dr. K.M. , a cardiologist who conducted testing for conditions described by Dr. M.S. Dkt. 149. The Court also received records from Dr. H.B. a cardiologist substantiating Dr. M.S.' recommendation that evaluation and treatment is necessary before Defendant may fly without risk to his safety and health.

The Court granted Mr. Cardiff's request for travel extensions based on these documents but indicated that: "Absent extenuating circumstances, Defendant is warned that the Court is unlikely to grant future requests to travel or to extend travel." Dkt. 151 at 2. Importantly, Mr. Cardiff has had no violation of his pretrial conditions in over 14 months and has no prior criminal history.

The prior applications were accompanied by medical records and provided good cause for extensions of the travel. This Ex Parte Application is supported by a Declaration of Jason Cardiff (**Exhibit A**) which provides : (1) a certified report by Dr. M.S. which goes into substantial detail about Mr. Cardiff's condition and provides a treatment protocol and time frame for evaluation and treatment; (2) demonstrates that his condition is serious and that travel poses a serious health risk to Mr. Cardiff; (3) provides a treatment plan and protocol for Mr. Cardiff's treatment that requires

additional time (3-4 months) for testing, evaluation and treatment within the Irish socialized medical system; and (4) information showing that *Mr. Cardiff's symptoms and condition predate the charges in this case* and have become increasingly serious over time. Exhibit A is the subject of a sealing motion filed concurrently with this Motion and shall be manually lodged with the Court.

Defendant anticipates the Government will argue that an additional extension should not be granted because of the delay in obtaining treatment. It is respectfully submitted that Defendant's health is at risk if he does not receive the proper treatment from his treating physicians. In that vein, the process of treatment in Ireland is different from possible medical treatment in the United States as the Irish Republic has a system of socialized medicine, which is centrally managed. Except for emergency care, even with Mr. Cardiff's private insurance, there can be wait times (particularly over the Christmas season).[1] In contrast, Mr. Cardiff does not have medical insurance in the United States and does not have a primary care physician, pulmonologist, a cardiologist or a plan to treat his illness.

On that basis, Mr. Cardiff requests the Court to grant his Ex Parte Application for an Order Extending International Travel and Returning his Passport: (a) extending his travel to Ireland from on or about January 19, 2025 for a period of one hundred and twenty (120) days returning on or about May 19, 2025; and that (b) Defendant provide the Court with an updated status on his physicians diagnostic testing and treatment status on a monthly basis.

Defendant recognizes that the Court may be reluctant to allow an extended stay for treatment, but respectfully submits that the Court must balance the very real risk that flying may result in serious injury and possible death if Mr. Cardiff must return to the United States before he is treated sufficiently for his current medical condition.

---

[1] https://www.irishtimes.com/health/2024/04/17/patients-could-have-to-wait-longer-than-last-year-for-scans-in-the-community-as-hse-rebalances-gp-run-scheme/

**Compliance with Bond Conditions**

Mr. Cardiff has been released on a $530,000 appearance bond, justified in the amount of $500,000 with full deeding of real property. His release conditions include, among other conditions: a travel restriction to the Central District of California and the Southern District of Texas; a curfew between the hours of 8:00 p.m. and 8:00 a.m.; and placement in the custody of third-party custodian, Attorney Stephen Cochell. Lilia Murphy and Brian Kennedy executed affidavits of sureties in support of the bond. Ms. Murphy also deeded her home as collateral. Mr. Cardiff is living with Attorney Cochell in Kingwood, Texas, and he is being supervised by United States Probation Officer Jack Sherrod of the Southern District of Texas.

During the twelve-plus months of pretrial release, Mr. Cardiff has consistently complied with all court orders and has previously traveled both domestically and internationally with court approval without incident. His record reflects no violations, demonstrating his commitment to adhering to all conditions of his release. Mr. Cardiff will return to Texas as scheduled and will maintain regular contact with his Pretrial Officer, Jack Sherrod, while traveling. Additionally, Mr. Cardiff will supply Mr. McClellan and Pretrial Services with a full travel itinerary prior to his departure.

Sureties Lilia Murphy and Brian Kennedy do not oppose this request. United States Probation Officer Ryan McClellan was contacted on November 12, 2025. In pertinent part, Mr. McClellan stated that:

> "Pretrial does oppose this length of time. Currently we have waived Mr. Cardiffs contacts for six (6) months. We cannot waive any longer than that, he must have a personal in person contact done in February 2025.
>
> If Mr. Cardiff is going to be out the country for an additional four (4) months, and given the he is currently not being monitored via ankle monitor's, we suggest approaching your Court regarding some form of unsupervised PreTrial supervision."

However under his current bond conditions, we do oppose this motion."

Stated otherwise, Pretrial Services does not suggest that Defendant has not complied fully with all bond conditions, but that the agency's requirements prevent Pretrial from supporting the request under the *current* bond conditions. Moreover, the agency suggested that Defendant seek a change in bond to accommodate the circumstances.

### Compliance with Local Rule

DOJ Valerie Mackiewicz and Manu Sebastian were contacted on Sunday, January 12, 2025 and, in response, stated that the Government opposed Defendant's request.

WHEREFORE, Defendant requests that the Court enter an Order Extending International Travel and Returning his Passport for a period of 120 days starting on January 19, 2025 and returning on May 19, 2025 with monthly updates on the status of Defendant's medical condition.

Dated: January 14, 2025

By: /s/ Stephen R. Cochell
Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

### SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada
United States Attorney
Mack E. Jenkins
Assistant United States Attorney Chief, Criminal
Division Ranee A. Katzenstein

Assistant United States Attorney Chief, Criminal Division Valerie Makarewicz
Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm
Director, Consumer Protection Branch
Manu J. Sebastian
Brianna M. Gardner
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
         Brianna.M.Gardner@usdoj.gov

                                              */S/ Stephen R. Cochell*
                                              Stephen R. Cochell