AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C. 20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email: Manu.J.Sebastian@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
LINDSAY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail: Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JASON EDWARD THOMAS CARDIFF, <br><br> Defendant. | No. 5:23-CR-00021-JGB <br><br> **OPPOSITION TO JASON CARDIFF'S EX PARTE APPLICATION FOR A THIRD ORDER EXTENDING INTERNATIONAL TRAVEL OR AN ORDER MODIFYING BOND** |

    Plaintiff United States of America, by and through its counsel of record, the Consumer Protection Branch of the United States Department of Justice and Trial Attorney Manu J. Sebastian, and the United States Attorney for the Central District of California and

1

Assistant United States Attorney Valerie L. Makarewicz, oppose the ex parte application for an order extending international travel and bond modification made by defendant, Jason Edward Thomas Cardiff, for the same reasons as identified in its previous oppositions. [Dkt. # 13, 33, 89-90, 104, 123, 126, 129 and 150].

The government continues to question the veracity of the medical records provided to the Court. Attorney Cochell, once again, over government opposition, filed documentation under seal and in camera without providing the government an opportunity to review the records or verify their authenticity. See Exhibit 1, December 2024 Email thread; see also Exhibit 2, January 2025 Email thread. The Court currently has a one-sided viewpoint that does not permit the government to respond. Without the ability to review the records, the government is unable to assist the Court in determining the appropriateness of the requested relief and formulate its position as party to this action. The undersigned, as officers of the Court, have the responsibility to advise the Court about the law as applied to the facts and are unable to do so without the records. To date, other than citing to a "constitutional" right to privacy, Defendant has failed to allege proper grounds for withholding the documentation from the government. If needed, the Court may issue a protective order to assuage Defendant's concerns if valid.

Importantly, Defendant, in his interview with pretrial services on November 30, 2023, reported that he had no physical or mental health issues. See Dkt. 90, Ex. 3. Now, Defendant claims to have had a sudden emergency medical issue related to "symptoms and condition [that] predate the charges in this case." Dkt. 162 at 3. This previously unreported alleged long-standing condition was purportedly

exasperated shortly after he was permitted to travel to Ireland to assist his wife who allegedly also had a sudden similar emergency medical issue a few weeks prior, making Defendant "unfit to fly."[1] Id. at 2.

As detailed in the government's previous filings, Defendant has a proven history of deception and dishonesty. See Dkt. 13, 61, 65, 89-90. This deception and dishonesty includes the falsification of bank records, altered merchant processing applications, and false statements on applications related to the sale of futures receivables. Dkt. 45, Ex. 45; see Dkt. 65; see also FTC v. Jason Cardiff, et al. Case No. 5:18-cv-02104, Dkt. 7. For example, on July 6, 2020, the Receiver in Defendant's civil case filed a report illustrating to the court that Defendant had altered bank statements and submitted these fraudulent records to support a real estate transaction. Dkt. 45, Ex. 45. In his most recent filing, Defendant deceptively claims that he "has consistently complied with all court orders." Dkt. 162 at 4. USPO Ryan McClellan, however, reports that to date Defendant has only made one video check-in call even though he has been ordered to make such video calls every other day since November 20, 2024. See Exhibit 3, Email from USPO Ryan McClellan. Defendant has violated the conditions of the November 20, 2024 order and the December 11, 2024 order.

Because of this deception and dishonesty, the government requests the Court provide the government with the ability to review the report and underlying medical records, and, if the Court is

---

[1] It appears that medical professionals have not prohibited Defendant from using an alternate mode of transportation to return to the United States.

considering granting another extension of the time Cardiff is permitted to remain in Ireland, schedule a hearing for argument on the matter.

The government also continues to oppose any bond modification because Defendant is a flight risk and has failed to meet the limited bond conditions the Court has imposed. After being granted leniency by this Court and then failing to meet this requirement, Defendant now seeks to forego the regular video verification with USPO. The consistent video check-ins verifying his location are the only tool that provides some assurance that Defendant has not fled Ireland. Defendant's non-compliance with this condition should not result in the removal of the condition. Any further bond modification provides Defendant with additional opportunity to flee and obscure his trail so that law enforcement cannot find him.

Accordingly, the government requests the Court allow the government to verify the authenticity of the medical documentation, deny the defendant's _ex parte_ application for a third order extending international travel, and deny any bond modification.

Dated: January 15, 2025

Respectfully submitted,

AMANDA N. LISKAMM
Director
Consumer Protection Branch

E. MARTIN ESTRADA
United States Attorney

_____/s/_____
MANU J. SEBASTIAN
Trial Attorney
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for the Plaintiff
United States of America