UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCR 23-0021 JGB** | Date | January 17, 2025 |
| Title | *United States of America v. Jason Edward Thomas Cardiff* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Government: | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Defendant Jason Cardiff's Motion for Reconsideration of Order Denying Ex Parte Application for an Order Extending International Travel or, in the Alternative, for Modification of Bond Conditions (Dkt. No. 166) (IN CHAMBERS)

Before the Court is a motion for reconsideration of order denying ex parte application for an order extending international travel or, in the alternative, for modification of bond conditions ("Motion," Dkt. No. 166) filed by Defendant Jason Edward Thomas Cardiff ("Defendant" or "Cardiff"). The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **DENIES** the Motion.

### I.   BACKGROUND

Defendant Cardiff is charged with three crimes: access device fraud under 18 U.S.C. § 1029(a)(5), aggravated identity theft under 18 U.S.C. § 1028A(a)(1), and witness tampering under 18 U.S.C. § 1512(b)(2)(B). ("Indictment," Dkt. No. 1.) Cardiff also faces criminal forfeiture. (Id.)

Between July 2024 and December 2024, Defendant filed five ex parte applications for an order allowing Defendant to travel internationally or to extend international travel. ("Prior Ex Parte Applications," Dkt. Nos. 87, 103, 122, 125, 148.) The Court granted all Prior Ex Parte Applications. ("Orders Granting Prior Ex Parte Applications," Dkt. Nos. 94, 105, 124, 133, 151.)

On January 14, 2025, Defendant filed an ex parte application for an order extending international travel or, in the alternative, for modification of bond conditions. ("Ex Parte Application," Dkt. No. 162.) Specifically, Defendant requested to: (1) "extend[] his travel to Ireland from on or about January 19, 2025 for a period of one hundred and twenty (120) days returning on or about May 19, 2025;" and that (2) "Defendant provide the Court with an updated status on his physicians diagnostic testing and treatment status on a monthly basis." (See id. at 3.) On January 15, 2025, the United States (the "Government") opposed the Ex Parte Application. ("Ex Parte Application Opp.," Dkt. No. 163-64.) For lack of good cause, the Court denied the Ex Parte Application on January 15, 2025. ("Ex Parte Application Denial," Dkt. No. 165.)

On January 16, 2025, Defendant filed the Motion. (Motion.) In support of the Motion, Defendant filed, alongside various exhibits, a declaration ("Cardiff Decl.," Dkt. No. 166-2) and a declaration from attorney Stephen Cochell ("Cochell Decl.," Dkt. No. 166-1). Defendant also lodged, under seal and in camera, an exhibit. (Dkt. No. 168.)

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment," provided a judgment has been entered. Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Absent 'other, highly unusual, circumstances,' reconsideration pursuant to Rule 59(e) is appropriate only where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law." Crane-McNab v. Cnty. of Merced, 773 F. Supp. 2d 861, 874 (E.D. Cal. 2011) (quoting Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this district, motions for reconsideration are also governed by Central District Local Rule 7–18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L. R. 7-18.

Motions to reconsider are committed to the discretion of the trial court. Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

### III.   DISCUSSION

Defendant's moves for reconsideration of this Court's Ex Parte Application Denial because "[Local Rule] 7-18 permits reconsideration where the Defendant did not have a chance to refute and address arguments raised for the first time in its opposition." (See Motion at 2.) However, the Court did not rely on the Government's Ex Parte Application Opposition when deciding whether to deny or grant the Ex Parte Application—rendering the Motion moot per Local Rule 7-18 and Federal Rules of Civil Procedure 59(e) and 60(b).

Instead, the Court's Ex Parte Application Denial was based on the following: (1) the Court has previously granted two prior ex parte applications extending Defendant's travel to Ireland due to unanticipated health problems (see Dkt. Nos. 133, 151); (2) Defendant has been experiencing these unanticipated health problems since on or about November 2024; (3) on December 20, 2024, the Court warned Defendant that "[a]bsent extenuating circumstances . . . the Court is unlikely to grant future requests to travel or extend travel" (see Dkt. No. 151 at 2); (4) Defendant has been in Ireland since on or about October 31, 2024 (see Dkt. No. 122); and (5) Defendant seeks to remain in Ireland till on or about May 2025 due to the same unanticipated health problems (see Motion). This Court has been and continues to be sympathetic to

Defendant's unanticipated health problems, but the Court is unwilling to allow Defendant to remain in Ireland for a total of approximately seven months—if the Court grants this Motion—so that he may receive medical treatment that he is able to receive in the United States. (See Orders Granting Prior Ex Parte Applications; Motion.) The Court recognizes that Defendant does not have health insurance in the United States and that his treatment may be delayed while he obtains insurance and secures the medical specialists that he needs upon his return to the United States. (See Motion at 3.) However, the Court finds that although it may be difficult to secure medical insurance and care, it is not prohibitively so.

Further, although Dr. Maura Stafford, Defendant's General Practitioner, rendered him "not medically fit to travel by air," that recommendation is premised on the fact that the "confined aircraft environment *could* pose a serious risk of injury" and that the "reduced cabin pressure and lower oxygen availability at altitude would greatly increase the *potential* for . . . complications." (See Cardiff Decl. in support of Ex Parte Application, Ex. 3) (emphasis added). As such, the Court is unwilling to assume that travel by air may result in injury to Defendant. Accordingly, the Court employs its "broad . . . discretionary power" in deciding whether to modify conditions of pretrial release and **DENIES** Defendant's Motion. See United States v. McGill, 604 F.2d 1252, 1255 (9th Cir. 1979); see also United States v. Cook, 428 F.2d 460, 461 (5th Cir. 1970) (per curiam). Defendant is **ORDERED** to return to Texas no later than **January 19, 2025**, and to comply with the requirements of the Ex Parte Application Denial.

**IT IS SO ORDERED.**