# EXHIBIT B

Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**DECLARATION OF STEPHEN R. COCHELL IN SUPPORT OF JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER RESTRAINING FURTHER VIOLATIONS DEFENDANT'S CONSTITUTIONAL RIGHT AGAINST UNAUTHORIZED DETENTION OR ARREST; TO PRODUCE EXTRADITION FILES AND RELATED COMMUNICATIONS AND TO SET EXPEDITED BRIEFING AND HEARING SCHEDULE**<br><br>*[Filed concurrently with Ex Parte Application and [Proposed] Order]* |

DECLARATION OF STEPHEN R. COCHELL

I, Stephen R. Cochell, declare as follows:

1. I represent Jason Cardiff in this matter. I make this declaration in support of Jason Cardiff's Ex Parte Application for an Order Restraining Further Violations of Defendant's Constitutional Right Against Unlawful Detention or Arrest, to Produce Extradition Files and Related Communications and to Set Expedited Briefing and Hearing Schedule.

2. On January 12, 2025, I sent Valerie Makarewicz and Manu Sebastian an email regarding Mr. Cardiff's intention to request an extension of time to continue his medical treatment or, in the alternative, to request unsupervised probation with monthly reporting on his medical condition. A true and correct copy of this email is attached as **Exhibit 1**.

3. On January 14, 2025, I was informed that Mr. Cardiff was arrested outside his house by the Garda.

4. On January 14, 2024, I made a request for the extradition file and any related documents between the United States Government including such agencies such as the Department of Justice, the U.S Attorneys Office and the Federal Trade Commission.  I expressed concern that the Government had interfered with the Court's Order, violated the Cardiffs' Fourth and Fifth Amendment rights causing them great emotional distress.  A true and correct copy of this email (and email chain) is attached as **Exhibit 2.**

5. Further requests were made on January 15, 2025 for explanation of how and why the extradition warrant was served and what steps, if any, the Government would take to assure that Mr. Cardiff was not going to be arrested on the extradition warrant.  **Exhibit 2**

6. I did not receive a response to my questions nor did the government provide any documents or otherwise reach out to me to discuss the situation.

7. On January 24, 2025, I had a telephone conference with Ms. Makarewicz

and Mr. Sebastian regarding potential resolution of this case. On January 25, 2025, I sent an email addressing issues raised in the settlement discussion and addressed issues <u>not</u> covered during the phone conference. Because the discussions are covered by F.R.Evid 408, I am submitting a true and correct copy the email on issues that were not raised in the January 24, 2025 conference, but are relevant to the issue of extradition. A true and correct copy of the January 25, 2025 email (as redacted) is attached as **Exhibit 3.** In pertinent part, I wrote that:

> We also note that we have yet to receive a response from you regarding the active extradition warrant issued in October 2023 and executed on January 14, 2025 after we made our January 12, 2025 request for concurrence on Mr. Cardiff's Ex Parte Motion to Extend Trial or to Modify Bond Conditions. <u>Mr. Cardiff has been informed by Garda that they received instructions from the U.S. State Department on January 13, 2025 to execute the warrant. We do not believe that this is just coincidence. We are requesting all communications once again regarding these issues.</u> Mr. Cardiff was unlawfully blocked at his house by Garda at the U.S. Government's instruction, and his U.S. passport and his wife's U.S. passport were taken. These actions were in violation of the Court's Order allowing Mr. Cardiff to be at his home in Dublin. These actions violated the Cardiffs' constitutional rights. We again request that you provide a substantive response to this matter. (emphasis supplied).

8. During that same call, Ms. Makarewicz threatened to ask the Court to apply the Fugitive Disentitlement doctrine to prevent Mr. Cardiff and counsel from arguing pretrial motions. As I had not heard of this doctrine, I reviewed the Fugitive Disentitlement statue, 44 U.S. C. 2466, which applies only to civil forfeiture actions or "third party proceedings in any related criminal forfeiture action." In sum, the statement appears calculated to threaten Mr. Cardiff's constitutional right to appear and defend himself. We pointed out that:

Additionally, Mr. Cardiff is not refusing to return to the United States to

stand trial. His location is well known, and he is represented by counsel who is communicating with you and the Court regarding his need to receive treatment so that he can safely return to the United States. Further, he has been in regular communication with Pretrial Services regarding his address. Mr. Cardiff is not evading the legal process in any way. As we all know, post-COVID, court hearings and other proceedings can and have been effectively conducted via Zoom or other remote technologies.

**Exhibit 3**.

9. On January 26, 2025, I sent an email to the Government prosecutors asking to produce the extradition file and agree to an order that prohibited the Government from taking any further steps to effect an *unauthorized* arrest or detention and violating Mr. Cardiff's constitutional rights. A true and correct copy of this email is attached as **Exhibit 4.** At the time of filing this application, Manu Sebastian sent an email stating that the Government opposed the application "as there is no urgency to the requests" and opposed the motion substantively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on this 27th day of January, 2025, at Houston Texas.

/s/ Stephen R. Cochell
Stephen R. Cochell

# EXHIBIT 1



Jonathan Slotter <jslotter@cochelllawfirm.com>

---

# Fwd: [EXTERNAL] USA v. Jason Cardiff; Request for Concurrence re International Travel or Unsupervised Probation

**Stephen Cochell** <srcochell@gmail.com>  Mon, Jan 27, 2025 at 1:17 PM
To: Jonathan Slotter <jslotter@cochelllawfirm.com>


---------- Forwarded message ---------
From: **Stephen Cochell** <srcochell@gmail.com>
Date: Sun, Jan 12, 2025 at 5:17 PM
Subject: USA v. Jason Cardiff; Request for Concurrence re International Travel or Unsupervised Probation
To: Makarewicz, Valerie (USACAC) <Valerie.Makarewicz@usdoj.gov>, Sebastian, Manu J. <Manu.J.Sebastian@usdoj.gov>


Valerie, I hope that the wild fires did not affect you and your family.

We are planning to file an ex parte motion for extended travel.  In light of testing and evaluation, Dr. Maura Stafford issued a report that will be presented to the Court and various medical records.  Dr. Stafford recommends a three to four month treatment protocol and medical monitoring/testing to stabilize Mr. Cardiff's medical condition.   She concludes that it would be dangerous to his health to fly.   We plan to ask, in the alternative, for the Court to grant unsupervised probation with monthly reporting on the status of his medical condition.

We request your concurrence in another 120 day extension to Mr. Cardiff's travel for medical purpose or for a modification of the bond to provide for unsupervised probation and monthly reporting on his medical condition.

Please let me know as soon as possible.  We plan to file tomorrow afternoon.

--
Stephen R. Cochell
The Cochell Law Firm, P.C.
5850 San Felipe, Ste. 500
Houston, Texas 77057
(346)800-3500



CONFIDENTIALITY NOTICE
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of this e-mail including any attachment is prohibited. If you have received this message in error, please destroy this email and notify the sender by e-mail of the same.


--
Stephen R. Cochell
The Cochell Law Firm, P.C.
5850 San Felipe, Ste. 500
Houston, Texas 77057
(346)800-3500



CONFIDENTIALITY NOTICE
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of this e-mail including any attachment is

prohibited. If you have received this message in error, please destroy this email and notify the sender by e-mail of the same.

# EXHIBIT 2

Case 5:23-cr-00021-JGB   Document 179-2   Filed 01/27/25   Page 9 of 17   Page ID #:7130



Stephen Cochell <srcochell@gmail.com>

## Re: [EXTERNAL] Request for Extradition Request
1 message

**Stephen Cochell** <srcochell@gmail.com>  Wed, Jan 15, 2025 at 2:13 PM
To: Valerie Makarewicz <Valerie.Makarewicz@usdoj.gov>
Cc: "Manu J. Sebastian" <Manu.J.Sebastian@usdoj.gov>

I would like an explanation of why an extradition request those executed 13 months after my client bonded out. I would also like to know what if anything, the government is prepared to do to assure that my client it's not gonna be arrested on an extradition warrant.
Sent from my iPhone

> On Jan 15, 2025, at 1:24 PM, Makarewicz, Valerie (USACAC) <Valerie.Makarewicz@usdoj.gov> wrote:
>
>
> What is the situation? And what needs to be resolved?  VLM
>
>
> **From:** Stephen Cochell <srcochell@gmail.com>
> **Sent:** Wednesday, January 15, 2025 11:23 AM
> **To:** Makarewicz, Valerie (USACAC) <VMakarewicz@usa.doj.gov>
> **Cc:** Sebastian, Manu J. <Manu.J.Sebastian@usdoj.gov>; Sebastian, Manu J. <Manu.J.Sebastian@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Request for Extradition Request
>
>
> I would like to find out more about the extradition problem, and how this situation may be resolved.
>
> Sent from my iPhone
>
>
>> On Jan 15, 2025, at 12:14 PM, Makarewicz, Valerie (USACAC) <Valerie.Makarewicz@usdoj.gov> wrote:
>>
>>
>> Stephen—can you tell us what topics you want to discuss in the meet and confer?  VLM
>>
>>
>> **From:** Stephen Cochell <srcochell@gmail.com>
>> **Sent:** Tuesday, January 14, 2025 6:54 PM
>> **To:** Makarewicz, Valerie (USACAC) <VMakarewicz@usa.doj.gov>; Sebastian, Manu J. <Manu.J.Sebastian@usdoj.gov>
>> **Subject:** [EXTERNAL] Request for Extradition Request
>>
>>
>> I contacted both of you earlier today in an attempt to find out why there was an attempt to execute an Extradition Warrant on Jason Cardiff given the fact that he has been in custody for over thirteen months and subject to bond requirements.

This is to request that the Government produce the Extradition request and related documents, including communications between the United States Government, including agencies such as the FTC, as well as DOJ and the U.S. Attorneys Office.regarding the extradition.

We are deeply concerned that the Government has interfered with the Court's order, violated the Cardiff's Fourth and Fifth Amendment rights causing the Cardiffs' great emotional distress.

Please advise whether you will voluntarily produce these documents.

--

Stephen R. Cochell

The Cochell Law Firm, P.C.

5850 San Felipe, Ste. 500

Houston, Texas 77057

(346)800-3500


CONFIDENTIALITY NOTICE
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of this e-mail including any attachment is prohibited. If you have received this message in error, please destroy this email and notify the sender by e-mail of the same.

# EXHIBIT 3



Stephen Cochell <srcochell@gmail.com>

## Our Phone Conference on January 25, 2025
1 message

**Stephen Cochell** <srcochell@gmail.com>                                                             Sat, Jan 25, 2025 at 2:16 PM
To: "Makarewicz, Valerie (USACAC)" <Valerie.Makarewicz@usdoj.gov>
Cc: "Sebastian, Manu J." <Manu.J.Sebastian@usdoj.gov>

I'm not sure why you got angry during our call yesterday.

I prefaced my offer with a review of events, that we had four motions pending before the court, that the Supreme Court in recent years has limited the application of laws giving rise to cases like *Dubin* and *Aguilar* and that appellate courts were giving greater scrutiny to these issues. I also noted that the new administration is in the process of appointing U.S. Attorneys and that the new President likely has a view that Government prosecutors should not waste time, resources, and money in cases, like this case, where a defendant has already been severely sanctioned by a civil court judgment.

Discovery documents show only 23 consumer statements, many of which do not state they lost funds. We know that a very high percentage of consumers were on autoship and wanted (and received) the products. According to Julie Green, the overcharging was a result of a unique, one-time event relating to her accidental deletion of all Redwood data relating to autoship. So, at best, you have a defendant who, on this highly unusual occasion, responded to a unique situation.

We made a plea offer that you obviously did not like, stating that you were "insulted" by the offer and that nothing had changed since you rejected a similar offer. You stated that you would not try to negotiate a plea until Mr. Cardiff came back to the U.S., followed by a threat to ask the Court to refuse to hear Mr. Cardiff's motions on January 30, 2025, based on the Fugitive Disentitlement Doctrine. You stated that you did not think that there was a misdemeanor that Mr. Cardiff could plead to in this case.

You also asked me what had changed since the last offer. In response to that question, I stated that there has been a change in circumstances including Jason Cardiff's health and the change in philosophy at the level of the President, and soon, in the Central District of California U.S. Attorney's Office. I am not usually interrogated by opposing counsel about my settlement offers and was surprised at the tone taken with me. I neglected to add that the two motions on Aguilar and double jeopardy had not been filed at the time of our last settlement offer.

To your question, what has changed since our first plea offer? First, months have passed since the Court held oral argument and indicated that (as I recall), we would receive rulings within a week. While you may disagree with our motions and oppose any relief, the Court has not actually ruled on the first two motions. Despite Judge Bernal's tentative inclination on rulings, he has not ruled on the search motion or the *Dubin* motion, which may mean he either has other priorities or he is reconsidering the written arguments. Other judges issue tentatives and then change their mind. So, that is a factor that cannot be ignored.

Unlike numerous other consumer cases, this was not some sort of scam involving actual losses in the millions of dollars. Many consumers received the products they wanted and requested through auto-ship. We did not raise the issue that the documents relating to the alleged damages were destroyed by the Government.

We also note that we have yet to receive a response from you regarding the active extradition warrant issued in October 2023 and executed on January 14, 2025 after we made our January 12, 2025 request for concurrence on Mr. Cardiff's Ex Parte Motion to Extend Trial or to Modify Bond Conditions.  Mr. Cardiff has been informed by Garda that they received instructions from the U.S. State Department on January 13, 2025 to execute the warrant.  We do not believe that this is just coincidence.  We are requesting all communications once again regarding these issues. Mr. Cardiff was unlawfully blocked at his house by Garda at the U.S. Government's instruction, and his U.S. passport and his wife's U.S. passport were taken. These actions were in violation of the Court's Order allowing Mr. Cardiff to be at his home in Dublin. These actions violated the Cardiffs' constitutional rights. We again request that you provide a substantive response to this matter.

Additionally, Mr. Cardiff is not refusing to return to the United States to stand trial. His location is well known, and he is represented by counsel who is communicating with you and the Court regarding his need to receive treatment so that he can safely return to the United States. Further, he has been in regular communication with Pretrial Services regarding his address. Mr. Cardiff is not evading the legal process in any way. As we all know, post-COVID, court hearings and other proceedings can and have been effectively conducted via Zoom or other remote technologies.

As to your threat to invoke the Fugitive Disentitlement Doctrine and seek to deprive Mr. Cardiff of his constitutional right to have his attorney argue his motions, I must confess that I never heard of that statute, so I looked up the title you gave me. The Fugitive Disentitlement Doctrine, 28 U.S.C. § 2466, does not apply to criminal proceedings and is limited only to "using the resources of the United States in any related civil forfeiture action" or third-party proceedings in any related criminal forfeiture action. If I have the wrong statute, please advise me as to what other statute you refer to.

Simply stated, as a seasoned prosecutor, your anger is unprofessional and inappropriate. I had numerous cases as an AUSA and was always diplomatic with counsel who came back on one or more occasions to propose the same or similar plea to a crime. I am not offended or insulted but I have to represent a client in this case. From my standpoint, your anger at a proposed plea was not becoming an AUSA and indicates that you are not being objective in viewing this case.  We request that you recuse yourself from further proceedings in this case.

--
Stephen R. Cochell
The Cochell Law Firm, P.C.
5850 San Felipe, Ste. 500
Houston, Texas 77057
(346)800-3500


CONFIDENTIALITY NOTICE
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of this e-mail including any attachment is prohibited. If you have received this message in error, please destroy this email and notify the sender by e-mail of the same.

# EXHIBIT 4

Jonathan Slotter <jslotter@cochelllawfirm.com>

## Fwd: January 14, 2025 Arrest of Jason Cardiff

**Stephen Cochell** <srcochell@gmail.com>  Mon, Jan 27, 2025 at 1:40 PM
To: Jonathan Slotter <jslotter@cochelllawfirm.com>

---------- Forwarded message ---------
From: **Stephen Cochell** <srcochell@gmail.com>
Date: Sun, Jan 26, 2025 at 9:09 PM
Subject: January 14, 2025 Arrest of Jason Cardiff
To: Makarewicz, Valerie (USACAC) <Valerie.Makarewicz@usdoj.gov>, Sebastian, Manu J. <Manu.J.Sebastian@usdoj.gov>

Valerie and Manu:

This is to supplement my email earlier this evening.

As you know, Jason Cardiff was approached by Garda officials on January 14, 2025 less than two days after our January 12 2025 email requesting your concurrence in our request to extend Jason's overseas travel to receive medical treatment. We requested that you turn over the extradition file dated October, 2023 and explain why an extradition warrant was executed over thirteen months after Mr. Cardiff was granted bond in this case. This file should have been turned over in discovery, but was not.

Mr. Cardiff was informed by Detective Sergeant Adrian Murray that the extradition file was kept in his files until he was asked to execute the warrant on January 13, 2025 by the U.S. Consulate, which he did on January 14, 2025, the day that we filed our travel request. These actions followed our request to modify Mr. Cardiff's bond by email dated January 12,2025.

Given the timing of an extradition warrant literally after we asked the court for modification of Mr. Cardiff's bond, we have no alternative but to conclude that the warrant was executed to violate Mr. Cardiff's constitutional rights. We request your concurrence in:

(1) producing the extradition file and related communications forthwith and

(2) entry of an order prohibiting the United States government from directing or requesting the Irish authorities from unauthorized detention, arrest or otherwise violating Mr. Cardiff's rights as an American citizen.

If we do not hear from you by or before 1:00 p.m tomorrow CDT, we will take steps to file an ex parte application with the Court restraining you from further constitutional violations of Mr. Cardiff's rights. We will request that the extradition file be produced forthwith and that an expedited briefing and hearing schedule be set.

--
Stephen R. Cochell
The Cochell Law Firm, P.C.
5850 San Felipe, Ste. 500
Houston, Texas 77057
(346)800-3500

CONFIDENTIALITY NOTICE
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of this e-mail including any attachment is prohibited. If you have received this message in error, please destroy this email and notify the sender by e-mail of the same.

--
Stephen R. Cochell
The Cochell Law Firm, P.C.
5850 San Felipe, Ste. 500
Houston, Texas 77057
(346)800-3500

CONFIDENTIALITY NOTICE
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of this e-mail including any attachment is prohibited. If you have received this message in error, please destroy this email and notify the sender by e-mail of the same.