UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON EDWARD THOMAS CARDIFF, <br><br> Defendant. | Case No. 5:23-cr-00021-JGB <br><br> **[PROPOSED] ORDER GRANTING JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER RESTRAINING FURTHER VIOLATIONS DEFENDANT'S CONSTITUTIONAL RIGHT AGAINST UNAUTHORIZED DETENTION OR ARREST; TO PRODUCE EXTRADITION FILES AND RELATED COMMUNICATIONS AND TO SET EXPEDITED BRIEFING AND HEARING SCHEDULE** |

Defendant, Jason Cardiff contends that his Fourth Amendment right against illegal search and seizure were violated when he was arrested on January 14, 2025 by the Garda in Dublin Ireland.  Defendant contends that the arrest by the Garda was at the direction of the prosecutors in this case and that the arrest violated his Fourth Amendment rights and interfered with and/or violated this Court's Order of December 20, 2025 authorizing Mr. Cardiff to travel to Ireland.  Defendant requests this Court to issue an order that the Government: (1) produce records relating to Mr. Cardiff's arrest by the Garda in Dublin Ireland on January 14, 2025 despite the fact that this Court issued an order authorizing Mr. Cardiff to be in Dublin, Ireland; (2) provide a full report of why an arrest was made by Garda and the Government's participation either directing or authorizing the arrest; and (3) determine if a restraining order should be issued against further government action.

The Court finds that Jason Cardiff was granted bond by this Court on _____, 2023.  The Court granted Mr. Cardiff international travel to Dublin. Ireland after his wife reportedly suffered a heart attack. Mr. Cardiff returned to the United States. The Court granted another order on ____ allowing Mr. Cardiff to travel overseas to Ireland.  During that time period, Mr. Cardiff suffered serious health problems which were reported to the Court and supported by medical records.  Mr. Cardiff was granted extensions to have his physicians in Ireland evaluate and treat his illness.  On December 20, 2024, the Court granted an extension for Mr. Cardiff's overseas travel until January 19, 2025.  Dkt. __

On January 14, 2025, however, the Irish police authorities (the "Garda") arrested Mr. Cardiff on an extradition warrant reportedly issued in October 2023. Detective Sergeant Murray of the Garda told Mr. Cardiff that he was contacted by the Embassy in Dublin to execute the extradition warrant on January 13, 2014, a day after counsel for Mr. Cardiff asked the Court to extend Mr. Cardiff's travel in Ireland or to modify the bond conditions for a longer time period to continue treatment.   Despite the Court's December 20, 2024 Order authorizing Mr. Cardiff to

1  be in Dublin, the Garda gave Mr. Cardiff the choice to either come with them and be
2  placed in detention or turn over his passport and his wife's passport.  Mr. Cardiff
3  gave the Cardiffs the passports.

4  On January 14, 2025, Counsel for Defendant immediately asked for a copy of
5  the extradition file and asked Government counsel to explain why Mr. Cardiff was
6  arrested on a thirteen-month extradition warrant when he was authorized by this
7  Court to be in Dublin Ireland.  On January 15, 2025, Mr. Cardiff was notified by the
8  United States Embassy in Dublin that the extradition file was still open but that the
9  embassy would inform him of any changes.

10  Despite a number of requests for an explanation, Government counsel refused
11  to provide any information about Mr. Cardiffs arrest.  Mr. Cardiff contends that the
12  Government prosecutors directed the Garda to arrest Mr. Cardiff on the extradition
13  warrant after learning that Mr. Cardiff was asking to remain in Dublin for a three-to-
14  four month treatment plan.  In sum, defendant contends that the Government
15  decided to interfere with this Court's December 20, 2024 Order.

16  At this stage of the proceedings, the Government's refusal to share any
17  information or to explain why Mr. Cardiff was arrested on January 14, 2025
18  supports a conclusion that the Government prosecutors, for whatever reason,
19  decided to take matters into their own hands and have Mr. Cardiff arrested despite
20  the fact that this Court authorized him to travel to Dublin.  The Court further finds
21  that his arrest, and the seizure of his passport (and his wife's passport) violated Mr.
22  Cardiff's Fourth Amendment rights.  The Court further finds that the Government
23  should be restrained from further violations of Mr. Cardiff's rights under the Fourth
24  Amendment and that no action may be taken against Mr. Cardiff unless first
25  authorized by this Court.

26  The Court finds that the Extradition file should be produced to Defendant's
27  counsel forthwith and that the Government prosecutors in this case should explain
28  why Mr. Cardiff was arrested by the Garda on January 14, 2025 or face sanctions.

Based on its findings, the Court finds that Defendant has satisfied the requirements for injunctive relief restraining the Government from taking any further action to arrest or detain Mr. Cardiff.

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** the Government shall produce the extradition file and communications by and between government agencies (the U.S. Department of Justice, U.S. Department of State, Federal Trade Commission, U.S. Postal Service and the U.S. Attorneys Office relating to execution of an arrest of Jason Cardiff on January 14, 2025 by police officials in Dublin Ireland. The documents to be produced include but are not limited

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that the Government shall provide a full report under oath explaining its knowledge and/or participation in directing the arrest of Mr. Cardiff on January 14, 2025 within three days of this Order. The Court will then decide whether injunctive relief should be granted.

Dated: _____
Honorable Jesus G. Bernal
United States District Judge