UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>　　　　Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**NOTICE OF CORRECTION TO PROPOSED ORDER GRANTING JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER RESTRAINING FURTHER VIOLATIONS DEFENDANT'S CONSTITUTIONAL RIGHT AGAINST UNAUTHORIZED DETENTION OR ARREST; TO PRODUCE EXTRADITION FILES AND RELATED COMMUNICATIONS AND TO SET EXPEDITED BRIEFING AND HEARING SCHEDULE** |

**NOTICE OF CORRECTION TO PROPOSED ORDER**

To the Clerk of the Court and All Counsel of Record:

Please take notice that the undersigned, Stephen Cochell on behalf of Jason Cardiff hereby submits this Notice of Correction to the Proposed Order previously submitted on September 27, 2025, Dkt. 176-4. The Proposed Order contained certain errors which are being corrected as follows:

1. **Blank Fields**: The following blanks, which were unintentionally left incomplete, have now been filled in with the correct information:

   - Page 1, Line 13, date of bond-November 30, 2023.
   - Page 2, Line 16, Defendant was granted another order on October 31, 2023
   - Page 3, Line 21, Missing reference to Docket 151.

2. **Incomplete Sentences**: The following incomplete sentence, appears at page 4, line 9 "The document to be produced include but are not limited…" should be deleted.

3. **Corrected Sentence**: At Page 4, line 5, a word was missing from the sentence, which should read "the Government shall *forthwith* produce the extradition file and communications by [various agencies].

4. The corrected version of the Proposed Order is attached herewith for the Court's consideration.

                                                                Respectfully submitted,

By: /s/ Stephen R. Cochell
     Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

# SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada
United States Attorney
Mack E. Jenkins
Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein
Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz
Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm
Director, Consumer Protection Branch
Manu J. Sebastian
Brianna M. Gardner
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
       Brianna.M.Gardner@usdoj.gov

*/S/ Stephen R. Cochell*
Stephen R. Cochell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>      Defendant. | Case No. 5:23-cr-00021-JGB<br><br>**[PROPOSED] CORRECTED ORDER GRANTING JASON CARDIFF'S *EX PARTE* APPLICATION FOR AN ORDER RESTRAINING FURTHER VIOLATIONS DEFENDANT'S CONSTITUTIONAL RIGHT AGAINST UNAUTHORIZED DETENTION OR ARREST; TO PRODUCE EXTRADITION FILES AND RELATED COMMUNICATIONS AND TO SET EXPEDITED BRIEFING AND HEARING SCHEDULE** |

1   Defendant, Jason Cardiff contends that his Fourth Amendment right against
2   illegal search and seizure were violated when he was arrested on January 14, 2025
3   by the Garda in Dublin Ireland.  Defendant contends that the arrest by the Garda
4   was at the direction of the prosecutors in this case and that the arrest violated his
5   Fourth Amendment rights and interfered with and/or violated this Court's Order of
6   December 20, 2025 authorizing Mr. Cardiff to travel to Ireland.  Defendant requests
7   this Court to issue an order that the Government: (1) produce records relating to Mr.
8   Cardiff's arrest by the Garda in Dublin Ireland on January 14, 2025 despite the fact
9   that this Court issued an order authorizing Mr. Cardiff to be in Dublin, Ireland; (2)
10  provide a full report of why an arrest was made by Garda and the Government's
11  participation either directing or authorizing the arrest; and (3) determine if a
12  restraining order should be issued against further government action.
13  The Court finds that Jason Cardiff was granted bond by this Court on
14  November 30, 2023.  The Court granted Mr. Cardiff international travel to Dublin.
15  Ireland after his wife reportedly suffered a heart attack. Mr. Cardiff returned to the
16  United States.  The Court granted another order on October 31, 2024 allowing Mr.
17  Cardiff to travel overseas to Ireland.  During that time period, Mr. Cardiff suffered
18  serious health problems which were reported to the Court and supported by medical
19  records.  Mr. Cardiff was granted extensions to have his physicians in Ireland
20  evaluate and treat his illness.  On December 20, 2024, the Court granted an
21  extension for Mr. Cardiff's overseas travel until January19, 2025.  Dkt. 151.
22  On January 14, 2025, however, the Irish police authorities (the "Garda")
23  arrested Mr. Cardiff on an extradition warrant reportedly issued in October 2023.
24  Detective Sergeant Murray of the Garda told Mr. Cardiff that he was contacted by
25  the Embassy in Dublin to execute the extradition warrant on January 13, 2014, a day
26  after counsel for Mr. Cardiff asked the Court to extend Mr. Cardiff's travel in
27  Ireland or to modify the bond conditions for a longer time period to continue
28  treatment.   Despite the Court's December 20, 2024 Order authorizing Mr. Cardiff to

1  be in Dublin, the Garda gave Mr. Cardiff the choice to either come with them and be
2  placed in detention or turn over his passport and his wife's passport. Mr. Cardiff
3  gave the Cardiffs the passports.

4      On January 14, 2025, Counsel for Defendant immediately asked for a copy of
5  the extradition file and asked Government counsel to explain why Mr. Cardiff was
6  arrested on a thirteen-month extradition warrant when he was authorized by this
7  Court to be in Dublin Ireland. On January 15, 2025, Mr. Cardiff was notified by the
8  United States Embassy in Dublin that the extradition file was still open but that the
9  embassy would inform him of any changes.

10     Despite a number of requests for an explanation, Government counsel refused
11 to provide any information about Mr. Cardiffs arrest. Mr. Cardiff contends that the
12 Government prosecutors directed the Garda to arrest Mr. Cardiff on the extradition
13 warrant after learning that Mr. Cardiff was asking to remain in Dublin for a three-to-
14 four month treatment plan. In sum, defendant contends that the Government
15 decided to interfere with this Court's December 20, 2024 Order.

16     At this stage of the proceedings, the Government's refusal to share any
17 information or to explain why Mr. Cardiff was arrested on January 14, 2025
18 supports a conclusion that the Government prosecutors, for whatever reason,
19 decided to take matters into their own hands and have Mr. Cardiff arrested despite
20 the fact that this Court authorized him to travel to Dublin. The Court further finds
21 that his arrest, and the seizure of his passport (and his wife's passport) violated Mr.
22 Cardiff's Fourth Amendment rights. The Court further finds that the Government
23 should be restrained from further violations of Mr. Cardiff's rights under the Fourth
24 Amendment and that no action may be taken against Mr. Cardiff unless first
25 authorized by this Court.

26     The Court finds that the Extradition file should be produced to Defendant's
27 counsel forthwith and that the Government prosecutors in this case should explain
28 why Mr. Cardiff was arrested by the Garda on January 14, 2025 or face sanctions.

Based on its findings, the Court finds that Defendant has satisfied the requirements for injunctive relief restraining the Government from taking any further action to arrest or detain Mr. Cardiff.

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** the Government shall produce the extradition file and communications by and between government agencies (the U.S. Department of Justice, U.S. Department of State, Federal Trade Commission, U.S. Postal Service and the U.S. Attorneys Office relating to execution of an arrest of Jason Cardiff on January 14, 2025 by police officials in Dublin Ireland. The documents to be produced include but are not limited to communications between the U.S. Attorney, Department of Justice, FTC and Department of State about the extradition and arrest of Mr. Cardiff.

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that the Government shall provide a full report under oath explaining its knowledge and/or participation in directing the arrest of Mr. Cardiff on January 14, 2025 within three days of this Order. The Court will then decide whether injunctive relief should be granted.

Dated: _____

Honorable Jesus G. Bernal
United States District Judge