AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSAY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>        Defendant. | No. 5:23-CR-00021-JGB<br><br>**OPPOSITION TO JASON CARDIFF'S EX PARTE APPLICATION FOR A RESTRAINING ORDER, PRODUCTION OF DOCUMENTS AND COMMUNICATIONS, AND TO SET AN EXPEDITED BRIEFING AND HEARING SCHEDULE** |
|---|---|

1

1 Plaintiff United States of America, by and through its counsel 2 of record, the Consumer Protection Branch of the United States 3 Department of Justice and Trial Attorney Manu J. Sebastian, and the 4 United States Attorney for the Central District of California and 5 Assistant United States Attorney Valerie L. Makarewicz, hereby files 6 its opposition to defendant's ex parte application for an order 7 restraining the government, producing documents and communications, 8 and setting an expedited briefing and hearing schedule on the ex 9 parte application. Dkt. 179.

10 This Court's Standing Order sets forth the applicable standards 11 and rules for ex parte applications. The ex parte section provides 12 that "ex parte applications [are] solely for extraordinary relief" 13 and "are considered on the papers and are not usually set for 14 hearing." The Court also advises that "Counsel should become familiar 15 with Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488 16 (C.D. Cal. 1995), regarding ex parte applications."

17 The Mission Power Eng'g Co. decision cited in the Order further 18 explains the appropriate circumstances for seeking ex parte relief. 19 "Ex parte motions are rarely justified." Mission Power Engineering 20 Co. v, 883 F. Supp. at 490. "[F]iling an ex parte motion . . . is the 21 forensic equivalent of standing in a crowded theater and shouting, 22 Fire! There had better be a fire." Id. at 492 (internal quotations 23 omitted). "It must show why the moving party should be allowed to go 24 to the head of the line in front of all other litigants and receive 25 special treatment." Id.

26 "An ex parte motion should never be submitted by itself. It must 27 always be accompanied by a separate proposed motion for the ultimate 28 relief the party is seeking." Id. Properly filed ex parte motion

2

papers contain two distinct parts: (1) the first part addresses only why the regular noticed motion procedures must be bypassed; (2) the second part consists of papers identical to those that would be filed to initiate a regular notice motion except they are denominated as proposed and show no hearing date. Id. "These are separate, distinct elements. . . and should never be combined." Id. Defendant fails to follow the correct procedures for an ex parte application. Id.

To justify ex parte relief under the first part, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id.

Motions for discovery five months before trial "do[] not establish that [defendant] will be irreparably prejudiced." Id. at 493. In addition, the fact that Defendant failed to return to the United States on January 19, 2025, as required by this Court, does not create a necessity for bypassing regular motion procedures either. Defendant's fugitive status is a result of his own conscious decision to disobey the Court's order to return to the United States and his fear of being extradited if and when an arrest warrant is issued is not grounds for an order pursuant to an ex parte request.

"A statement on information and belief by the lawyer preparing the papers is insufficient" to establish why a motion cannot be calendared in the usual manner. Id. at 492. (internal quotations omitted). When unsupportable allegations are made in papers prepared on short notice like this ex parte application:

3

>   lawyers too often simply make allegations that have no supporting evidence to back them up. Even more pernicious is another tendency: the advocates draw conclusions that appear to be supported by voluminous exhibits, but are not borne out when the evidence is reviewed with more deliberation and more careful rebuttal than is possible in hasty hearings on ex parte motions.

Id. at 491.

Defendant's application does not comply with this Court's substantive or procedural requirements for ex parte relief. Defendant has not established the existence of an emergency situation that would cause irreparable prejudice to his cause should his motion be heard on a regular schedule nor has he filed a separate proposed motion as required by the Court's Standing Order and Mission Power Eng'g Co. Defendant fails both requirements for an ex parte filing.

Defendant's application should be re-filed as a motion, noticed for a hearing, and heard on a normal motion schedule, which allows time for the government to thoroughly review, respond, and advise the Court appropriately. Requiring the government to respond within 24 hours is unfair and leads to rushed positions and advice to the Court in a manner that is not as thorough as one under the normal motion filing deadlines. Id. at 490. Being forced to respond within a 24-hour period is a significant disadvantage to the government. Id.

The government asks that the Court allow the government the opportunity to respond to defendant's application in the normal course because there is no reason to hear this request ex parte. Defendant's ex parte application should be denied with the Court allowing for defendant's application to be re-filed as a standard motion, noticed for a hearing, and briefed on a regular 28-day

4

hearing schedule pursuant to Fed. R. Civ. P. 6 and 7 and Local Rule (Civil) 6, 7-9, and 7-10.

Dated: January 28, 2025           Respectfully submitted,

                                  AMANDA N. LISKAMM
                                  Director
                                  Consumer Protection Branch

                                  JOSEPH T. MCNALLY
                                  Acting United States Attorney

                                         /s/
                                  _____
                                  MANU J. SEBASTIAN
                                  Trial Attorney
                                  VALERIE L. MAKAREWICZ
                                  Assistant United States Attorney

                                  Attorneys for the Plaintiff
                                  United States of America

5