AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSAY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:   Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:23-CR-00021-JGB |
| Plaintiff, | **OPPOSITION TO JASON CARDIFF'S EX PARTE APPLICATION AND REQUEST TO PARTICIPATE AND ATTEND JANUARY 30, 2025 MOTIONS HEARING BY VIDEO CONFERENCE** |
| v. | |
| JASON EDWARD THOMAS CARDIFF, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Consumer Protection Branch of the United States Department of Justice and Trial Attorney Manu J. Sebastian, and the United States Attorney for the Central District of California and Assistant United States Attorney Valerie L. Makarewicz, hereby files its opposition to defendant's ex parte application and request to participate and attend the January 30, 2025 hearing by video conference. Dkt. 182.

This Court has repeatedly ordered Defendant to return to the United States by Sunday, January 19, 2025, and to attend the motion hearing for his two motions to dismiss in person. Dkts. 151, 161, 165, 171, 176. Defendant failed to return by Sunday, January 19, 2025, as required, and filed a Status Report on January 24, 2025, informing the Court that he would not return to the United States in the near future. Dkt. 178. Defendant has chosen to flout the Court's orders and should not permitted to attend by video conference when he has violated the Court's order to return to the United States.

Instead, pursuant to the fugitive disentitlement doctrine, the Court may bar the defendant from having his motions to dismiss considered at this time. See United States v. Chung Chung Yeh, No. CR 10-00231-WHA, 2013 WL 2146572, at *2. (N.D. Cal. May 15, 2013). "[T]hose who have fled federal jurisdiction should not be entitled to avail themselves of the benefits of the court system." Id.; see also United States v. Besarovic, No. 2:12cr-0004-APG-GWF, 2017 WL 6762479, at *2 (D. Nev. Oct. 5, 2017), report and recommendation adopted, No. 2:12-CR-0004-APG-GWF, 2018 WL 272173 (D. Nev. Jan. 2, 2018).

The four rationales for the fugitive disentitlement doctrine are:

>       (1) assuring the enforceability of a judgement; (2) penalizing those who flout the judicial process; (3) promoting the efficient operation of the courts and deterring flights form justice; and (4) avoiding prejudice to the other side.

Besarovic, 2017 WL 6762479, at *2. "While the fugitive disentitlement doctrine is typically utilized in appellate proceedings, it has also been applied at the district court level and in immigration settings."[1] Id. (cleaned up). The decision to apply the doctrine rests in the discretion of the court. Id. The doctrine is equitable, not jurisdictional; therefore, the application of the doctrine is discretionary. Yeh, 2013 WL 2146572, at *2 (citing United States v. Van Cauwenberghe, 934 F.2d 1048, 1054-55 (9th Cir. 1991).

Defendant has filed numerous baseless, meritless, and frivolous ex parte applications and motions to dismiss over the past year. Now, he refuses to adhere to the Court's orders but expects the Court to hear his arguments on the motions. All four rationales of the fugitive disentitlement doctrine apply here. There is no assurance that Defendant will return to the United States to face the charges against him. Defendant should be penalized for actively disobeying the Court's orders. Defendant should be deterred from wasting the Court's time and prohibited from being a wedge in the efficient operation of the court system. Defendant continues to file for relief on an ex parte basis, while he himself refuses to obey the Court's

---

[1] It does not appear that the 9th Circuit has addressed whether the doctrine applies to pretrial motions in criminal cases, but "other courts have applied the doctrine to defer ruling on pre-arraignment motions filed by defendants who have purposely absented themselves from the jurisdiction. . ." Besarovic, 2017 WL 6762479, at *2 (citing United States v. Oliveri, 190 F. Supp 2d 933, 936 (S.D. Tex. 2001), United States v. Eagleson, 874 F.Supp 27, 29-31 (D. Mass. 1994), United States v. Stanzione, 391 F. Supp/ 1201, 1202 (S.D.N.Y. 1975), United States v. Grajales-Lemos, No. CR 94-621, 2012 WL 1405712 (S.D. Fla. Mar. 27, 2012).

3

orders. His victims are prejudiced with repeated trial continuances while he refuses to return to the United States. Defendant should be ordered to return to the United States and face the charges against him with no further delay.

Accordingly, the government requests the Court deny defendant's ex parte application and utilize the fugitive disentitlement doctrine to deter the defendant from remaining in Ireland in violation of the Court's orders.

Dated: January 28, 2025   Respectfully submitted,

AMANDA N. LISKAMM
Director
Consumer Protection Branch

JOSEPH T. MCNALLY
Acting United States Attorney

_____/s/_____
MANU J. SEBASTIAN
Trial Attorney
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for the Plaintiff
United States of America