AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSAY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVSION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>    Defendant. | No. 5:23-CR-00021-JGB<br><br>EX PARTE APPLICATION FOR (1) DECLARATION OF FUGITIVE STATUS, (2) ORDER VACATING TRIAL DATE AND TOLLING OF SPEEDY TRIAL ACT, AND (3) ISSUANCE OF ARREST WARRANT; [PROPOSED] ORDER |

    Plaintiff United States of America, by and through its counsel of record, the Consumer Protection Branch of the United States Department of Justice and Trial Attorney Manu J. Sebastian, and the Acting United States Attorney for the Central District of California

1

1  and Assistant United States Attorney Valerie L. Makarewicz, hereby
2  applies to the Court <u>ex parte</u> to find defendant JASON EDWARD THOMAS
3  CARDIFF a fugitive from this prosecution, for an order vacating the
4  trial date in this matter and for findings of excludable time periods
5  pursuant to the Speedy Trial Act, and for the Court to issue an
6  arrest warrant for defendant.
7    The application is based upon this notice, the accompanying
8  memorandum of points and authorities, the records of this case, and
9  on such further evidence and argument as may be presented at any
10 hearing of this motion.
11   In compliance with Local Rule 7-19, defendant's attorneys are
12 Stephen Cochell, 5850 San Felipe, Ste. 500, Houston Texas 77057,
13 Telephone:(713) 436-8000, Facsimile: (213) 623-2000, email:
14 srcochell@gmail.com, and Allan Grant, 17351 Greentree Drive,
15 Riverside, California 92503-6762, Telephone (888)937-7555, Facsimile
16 (866)858-6637, allan@grants-law.com.
17   The government informed defense counsel of its intent to file
18 the instant pleading at the hearing on January 30, 2025 and by email
19 on January 31, 2025.  Defense opposes.
20   The reasons for seeking an ex parte order for the relief sought
21 herein is several-fold.
22   Beginning in July 2024, the Court permitted defendant to travel
23 to Ireland. In January 2025, the Court ordered defendant to return to
24 the United States on or before January 19, 2025. To date, defendant
25 has not returned.  By not complying with the bond conditions ordered,
26 Defendant violated his pretrial release. Defendant failed to attend a
27 court hearing as ordered, absconded from Pretrial Services
28 supervision, now resides at a location that Pretrial Services has not

1  approved.
2      Defendant is a dual citizen of the United States and Ireland.
3  As stated by defense counsel at the hearing on January 30, 2025,
4  defendant is in possession of a valid Irish passport, but an expired
5  United States passport. Defendant's risk of flight from Ireland is
6  high-—defendant is in contempt of a court order to return. The
7  issuance of an arrest warrant is needed so that extradition of the
8  defendant can commence.

Dated: February 4, 2025           Respectfully submitted,

                                  AMANDA N. LISKAMM
                                  Director
                                  Consumer Protection Branch

                                  JOSEPH T. MCNALLY
                                  Acting United States Attorney

                                       /s/
                                  _____
                                  MANU J. SEBASTIAN
                                  Trial Attorney
                                  VALERIE L. MAKAREWICZ
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF FACTS**

On January 31, 2023, a grand jury returned an indictment that charged the defendant with access device fraud, aggravated identity theft, and witness tampering, violations of 18 U.S.C. §§ 1029(a)(5), 1028(a)(1), and 1512(b)(2)(B). Dkt. 1. Defendant was arrested on November 26, 2023, in the Central District of California and made his initial appearance on November 27, 2023. Dkt. 7. On December 6, 2023, defendant was released on a $530,000 bond. Dkt. 21.

After several continuances, trial for this case is currently set for July 15, 2025. Dkt. 146.

On October 29, 2024, the Court permitted Defendant to travel to Ireland for fourteen nights. Dkt. 124. On November 20, 2021, the Court permitted Defendant to extend his travel to Ireland for thirty days and ordered him to return on December 20, 2024. Dkt. 133. On December 20, 2024, the Court permitted Defendant to extend his stay in Ireland for another thirty days and ordered he return to the United States by January 19, 2025. Dkt. 151.

On January 14, 2025, Defendant filed an ex parte application to allow defendant to remain in Ireland for an additional 120 days, which the Court denied. Dkts. 162, 165. The Court again ordered that Defendant to return to Texas no later than January 19, 2025. Dkt. 165. On January 16, 2025, Defendant filed a motion for reconsideration, which the Court denied. Dkts. 166, 171. The Court again ordered Defendant to return to Texas no later than January 19, 2025. Dkt. 171. On January 18, 2025, Defendant filed an ex parte application for a modification of his reporting date, which the Court denied. Dkts. 172, 176. Defendant failed to return to the United

4

States by January 19, 2025, as repeatedly directed by the Court. Dkt. 188. Defendant filed a "Status Report" informing that Court that he intends to remain in Ireland for at least "three to four month[s]." Dkt. 178.

## II. ARGUMENT

Section 3161(c)(1) states, in part, "the trial of defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the indictment or information, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." The consequence of failure to commence trial within the 70-day period is dismissal. 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time period required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.") In light of the consequence of a Speedy Trial Act violation, it is the United States' obligation to ensure compliance with the Act. United States v. Perez-Reveles, 715 F.2d 1348, 1353 (9th Cir. 1983) ("We emphasize that the monitoring of the limitation period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement.").

Therefore, consistent with its obligation to ensure compliance with the Speedy Trial Act, the United States moves this Court to make a finding that defendant has been a fugitive from prosecution since January 19, 2025, and therefore, "[a]ny period of delay resulting from the absence or unavailability of the defendant" is excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(3)(A), as of

January 19, 2025. United States v. Carrillo, 2020 WL 2556940 (E.D. Cal. 2020), citing, United States v. Love, 859 F. Supp. 725, 736 (S.D.N.Y. 1994) (excluding 27 months of time where defendant was a fugitive from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(3)(A)); United States v. Pena, 793 F.2d 486, 490 (2nd Cir. 1986) (finding exclusion of time appropriate where unsevered co-defendant was fugitive); United States v. Sandoval, 990 F.2d 481, 483 (9th Cir. 1993) (holding that "when the defendant seeks to avoid detection by American authorities and any post indictment delay can be attributed to him, he waives the right to a speedy trial" for Sixth Amendment speedy trial purposes).

Under Federal Rule of Criminal Procedure 43, a defendant who absconds before trial and is absent at its commencement may not be tried in absentia. Fed. R. Crim. P. 43(c)(1); Crosby v. United States, 506 U.S. 255, 256, 262 (1993).

Defendant's attorney confirmed at the motion hearing on January 30, 2025, that defendant failed to return to the United States on January 19, 2025, as ordered by this Court. When defendant failed to return to the United States on January 19, 2025, as the Court previously ordered, he was "absent and unavailable" within the meaning of the Speedy Trial Act.

The requested order vacating the trial date is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

For purposes of the Speedy Trial Act, the time period of January 19, 2025, to the date defendant appears before a judicial officer in

this district upon his arrest or surrender, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(3)(A)-(B) because defendant is "absent."

If defendant is located or apprehended at some future date, the government will inform the Court and will request a status conference where a new trial date can be set.

## III. CONCLUSION

The United States respectfully requests a finding that defendant is a fugitive and therefore time should be excluded from the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A) since he became a fugitive on January 19, 2025. The government also requests that the trial date set for trial in this case, July 15, 2025, and all other deadlines be vacated. The United States also requests that the Court issue a warrant for defendant's arrest.

Dated: February 4, 2025	Respectfully submitted,

AMANDA N. LISKAMM
Director
Consumer Protection Branch

JOSEPH T. MCNALLY
Acting United States Attorney

_____/s/_____
MANU J. SEBASTIAN
Trial Attorney
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for the Plaintiff
United States of America

7