UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION-RIVERSIDE

- - -

HONORABLE JESUS G. BERNAL, DISTRICT JUDGE PRESIDING

- - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. EDCR 23-21-JGB |
| | ) |
| JASON EDWARD THOMAS CARDIFF, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

REPORTER'S TRANSCRIPT OF MOTION PROCEEDINGS

Riverside, California

Thursday, January 30, 2025

10:27 a.m.

PHYLLIS A. PRESTON, CSR, FCRR
Federal Official Court Reporter
United States District Court
3470 Twelfth Street
Riverside, California 92501
stenojag@aol.com

```
 1   APPEARANCES:
 2
 3   For the Plaintiff:
 4                           OFFICE OF THE UNITED STATES ATTORNEY
                             BY:  VALERIE MAKAREWICZ
 5                           Assistant United States Attorney
                             312 North Spring Street, Suite 1100
 6                           Los Angeles, California 90012
 7
                             US DEPARTMENT OF JUSTICE
 8                           Consumer Protection Branch
                             BY:  MANU SEBASTIAN
 9                           450 5th Street NW, Suite 6400
                             Washington, DC 20001
10
11
12   For the Defendant:
13                           THE COCHELL LAW FIRM PC
                             BY:  STEPHEN COCHELL
14                           5850 San Felipe, Suite 500
                             Houston, Texas 77057
15
16
17
18
19
20
21
22
23
24
25
```

|    |                                                                              |       |
|----|------------------------------------------------------------------------------|-------|
| 1  | THURSDAY, JANUARY 30, 2025; RIVERSIDE, CALIFORNIA                            |       |
| 2  | -o0o-                                                                        |       |
| 3  | THE CLERK:  Calling Item 2 on the calendar, Case No.                         |       |
| 4  | EDCR 23-21-JGB.  USA v. Jason Edward Thomas Cardiff.                         |       |
| 5  | Counsel, please make your appearances.                                       | 10:27 |
| 6  | MS. MAKAREWICZ:  Good morning, Your Honor.  Assistant                        |       |
| 7  | United States Attorney Valerie Makarewicz, along side is DOJ                 |       |
| 8  | trial attorney Manu Sebastian.  Good morning.                                |       |
| 9  | THE COURT:  Good morning.                                                    |       |
| 10 | MR. COCHELL:  Good morning, Your Honor.  Stephen                             | 10:28 |
| 11 | Cochell appearing on behalf of Jason Cardiff.                                |       |
| 12 | THE COURT:  Good morning.  The defendant is not                              |       |
| 13 | present in court.  Mr. Cochell, where is your client?                        |       |
| 14 | MR. COCHELL:  He is in Dublin, Ireland, Your Honor.                          |       |
| 15 | THE COURT:  Okay.  So you are aware that I've denied                         | 10:28 |
| 16 | the ex parte application that your client had submitted to                   |       |
| 17 | extend his stay in Ireland and that pursuant to previous order               |       |
| 18 | he should be here, not in Ireland, correct?                                  |       |
| 19 | MR. COCHELL:  I understand that, Your Honor.                                 |       |
| 20 | THE COURT:  Okay.  So I've reviewed the ex parte                             | 10:28 |
| 21 | applications regarding, you know, what should be done regarding              |       |
| 22 | the pending motions.  I don't agree with the Government that                 |       |
| 23 | they should not be considered.  I will consider them and rule                |       |
| 24 | on them.  I don't necessarily need any argument on them since                |       |
| 25 | I'm very familiar with the arguments that are set forth in the               | 10:29 |

1  motions, and I'm not inclined to hear any ex parte applications
2  now.  If you want to -- I know there's an ex parte application
3  regarding the supposed arrest pursuant to a 2023 arrest
4  warrant, an extradition.  If you want any of the issues in that
5  ex parte application to be considered, it should be through a
6  notice motion and I will consider them at that point.
7           As of now, I've not issued any arrest warrant based
8  on Mr. Cardiff's failure to appear or failure to return to the
9  United States after the expiration of his permission to be
10 outside of the country, but if probation or pretrial or the
11 Government requests that I issue such a warrant, I will.  So I
12 don't know if that becomes duplicative given the fact that
13 there's already a pending arrest warrant.
14          So what is the Government's understanding of what's
15 happening in Ireland with the warrant that was executed but not
16 executed stemming from 2023?
17          MS. MAKAREWICZ:  Thank you, Your Honor.  I'm going to
18 ask our DOJ trial attorney who's recently spoken with the
19 Office of International Affairs about what had happened.
20          THE COURT:  Mr. Sebastian?
21          MR. SEBASTIAN:  Your Honor, so there was an
22 extradition request that was submitted in October of 2023, like
23 counsel had said, but Mr. Cardiff was arrested at LAX and that
24 was unexpectedly, so the Government did not go out and request
25 that he be arrested again in January.  The October 2023

1  extradition warrant was open and once what occurred in Ireland
2  occurred, it was withdrawn.  My understanding is that
3  Mr. Cardiff was not arrested in Ireland, that this was an
4  amicable situation where they went to his home, they talked it
5  over with him, and they ended up leaving without any kind of        10:31
6  arrest.
7              THE COURT:  Okay.  So there's information -- there's
8  information that his -- the password of -- his password and the
9  password of his wife were taken.  Do you know about that?
10             MR. SEBASTIAN:  So my understanding was -- what the     10:31
11 Garda had told him was that they could stay with him there
12 while they made phone calls and tried to clear up the
13 situation, or he could turn over a passport, they could go back
14 to their offices, try to clear up the situation.  Mr. Cardiff
15 had informed them that his Irish passport had expired.  So they    10:31
16 had turned over some kind of document, according to our Office
17 of International Affairs.  That next morning everything was
18 returned to them.  So he has his own passports or whatever it
19 was that they turned over.
20             THE COURT:  So if I understand you correctly, there's   10:31
21 no longer any pending extradition warrant for his arrest,
22 correct?
23             MR. SEBASTIAN:  That's correct.
24             THE COURT:  So there's no pending warrant for his
25 arrest?                                                              10:31

1     MR. SEBASTIAN:  That's correct.
2     THE COURT:  Okay.  So as of right now, he's been
3  ordered to return to the country.  He has not done so.  But
4  there's no warrant for his arrest?
5     MR. SEBASTIAN:  That's right.
6     THE COURT:  Okay.  So what do you propose -- how do
7  you propose we proceed?
8     MS. MAKAREWICZ:  Thank you, Your Honor.  In other
9  cases similar to this, the Government has filed a request for
10 the defendant to be declared a fugitive, that the Speedy Trial
11 Act be suspended because of the unavailability of the defendant
12 and that the Court issue a bench warrant.
13    I have been in communication or attempted to be in
14 communication with pretrial.  I've sent several emails to the
15 pretrial officer in Houston that was supervising him while in
16 Texas as well as the one here locally who's been assigned the
17 case.  I have not -- I haven't heard anything back from
18 pretrial as to whether or not they submitted, but the
19 Government is prepared to file its motion and request the bench
20 warrant.
21    THE COURT:  Well, I mean, that's your prerogative.
22 If you want to file your motion, that's fine.  I'll consider
23 that.
24    MS. MAKAREWICZ:  Thank you.
25    THE COURT:  Mr. Cochell, what is your understanding

1  of -- is anything that the Government said inconsistent with
2  what your understanding of the facts are?
3          MR. COCHELL:  Yes, Your Honor.  As we set out in our
4  ex parte and I think in some other papers, he was arrested and
5  they gave him the choice of either going with them to jail in           10:33
6  Ireland or he could turn over his passports, and on that basis
7  that's what he did.  And we presented a document that said the
8  warrant file is still open.  That was from the U.S. Embassy on
9  the 15th.  Now maybe something has happened after that date.
10         THE COURT:  Is it your understanding that the                   10:33
11 passports had been returned to him?
12         MR. COCHELL:  They have been, Your Honor.
13         THE COURT:  And those passports are Irish passports
14 or U.S. passports or both?
15         MR. COCHELL:  I don't know the answer to that, sorry.           10:33
16         THE COURT:  But at least one of them is valid enough
17 for him to be able to travel?
18         MR. COCHELL:  Yes.
19         THE COURT:  Okay.  So I know that you've tried and
20 your client has tried very hard to have me extend the time.  I          10:34
21 will not extend the time.  And even though I cannot preclude
22 you from filing additional ex parte applications to extend the
23 time, you might think better of that.  I've made my decision on
24 it, I'm comfortable with the decision I made, and I'm very
25 unlikely to change it.  So that's just my message to you, okay.         10:34

```
 1              MR. COCHELL:  Yes, Your Honor.
 2              THE COURT:  Very well.  Anything else we need to do?
 3              MS. MAKAREWICZ:  Unless the Court -- we're able to
 4    submit on our papers.  If the Court has any questions, we're
 5    happy to answer them.  But the Government --                      10:34
 6              THE COURT:  Yeah, and the motions to dismiss I will
 7    -- I have a draft order prepared, and I will do any revisions
 8    that I need to do and probably issue that order within the
 9    week.
10              MS. MAKAREWICZ:  Thank you, Your Honor.                 10:35
11              MR. SEBASTIAN:  Thank you, Your Honor.
12              THE COURT:  Thank you.
13              MR. COCHELL:  Thank you, Your Honor.
14                      (Proceedings concluded.)
15                               -o0o-
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, PHYLLIS A. PRESTON, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS 4TH DAY OF FEBRUARY, 2025

/s/ PHYLLIS A. PRESTON

_____

PHYLLIS A. PRESTON, CSR No. 8701, FCRR
FEDERAL OFFICIAL COURT REPORTER