CC: USPO/USM-ED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>　　　　Defendant. | No. 5:23-CR-00021-JGB<br><br>**ORDER GRANTING: (1) DECLARATION OF FUGITIVE STATUS,(2) ORDER VACATING TRIAL DATE AND TOLLING OF SPEEDY TRIAL ACT, AND (3) ISSUANCE OF ARREST WARRANT** |

　　The Court, having read and considered the government's <u>Ex Parte</u> Application for (1) Declaration of Fugitive Status,(2) Order Vacating Trial Date and Tolling of Speedy Trial Act, and (3) Issuance Of Arrest Warrant, which this Court incorporates by reference into this Order, demonstrates facts that support vacating the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, and for the issuance of an arrest warrant.  The government's <u>ex parte</u> application is **GRANTED** and hereby finds the following:

　　(1) On January 31, 2023, a Grand Jury returned an

1

    indictment that charged defendant with access device fraud, aggravated identity theft, and witness tampering, violations of 18 U.S.C. §§ 1029(a)(5), 1028(a)(1), and 1512(b)(2)(B). Defendant was arrested on November 26, 2023, in the Central District of California and made his initial appearance on November 27, 2023. On December 6, 2023, defendant was released on a $530,000 bond, of which $500,000 was secured by real property.

(2) Defendant made his first appearance in this district on November 27, 2023. Trial for defendant was to be held on January 23, 2024. On January 11, 2024, the parties moved to continue trial until April 23, 2024, which the Court granted. On March 19, 2024, the parties stipulated a second time to continue trial until June 11, 2024, which the Court granted. On May 22, 2024, the parties stipulated a third time to continue trial until September 3, 2024, which the Court granted. On August 22, 2024, the parties stipulated a fourth time to continue trial until February 4, 2025, which the Court granted. On December 4, 2024, defendant filed an ex parte application to continue the trial date until July 2025, which the government opposed. The Court granted the request, and the trial was continued to July 15, 2025.

(3) On October 29, 2024, the Court permitted Defendant to travel to Ireland for fourteen nights. On November 20,

2024, the Court permitted Defendant to extend his travel to Ireland for thirty days and ordered him to return on December 20, 2024. On December 20, 2024, the Court permitted Defendant to extend his stay in Ireland for another thirty days and ordered he return to the United States by January 19, 2025. On January 14, 2025, Defendant filed an ex parte application to allow defendant to remain in Ireland for an additional 120 days, which the Court denied. The Court confirmed that Defendant was to return to Texas no later than January 19, 2025. On January 16, 2025, Defendant filed a motion for reconsideration, which the Court denied. The Court again ordered Defendant to return to Texas no later than January 19, 2025. On January 18, 2025, Defendant filed an ex parte application for a modification of his reporting date, which the Court denied. Defendant failed to return to the United States as ordered and remains in Ireland.

(4) The July 15, 2025 trial date, the status conference on June 30, 2025, in this matter are vacated.

(5) Defendant is deemed absent, pursuant to 18 U.S.C. §§ 3161(h)(3)(A)-(B).

(6) The time period of January 19, 2025, to the date defendant appears before a judicial officer in this district upon his arrest or surrender, inclusive, is excluded pursuant to 18 U.S.C. §§ 3161(h)(3)(A)-(B).

//
//
//
//
//
//
//
//

(7) Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

(8) An arrest warrant will issue.

**IT IS SO ORDERED.**

DATED: February 5, 2025

_____
HONORABLE JESUS G. BERNAL
United States District Judge