# EXHIBIT A

Stephen R. Cochell
Admitted Pro Hac Vice
srcochell@gmail.com
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>Defendant. | Case No. 5:23-CR-00021-JGB<br><br>**DECLARATION OF JASON CARDIFF IN SUPPORT OF NOTICE OF MOTION AND MOTION TO PRODUCE EXTRADITION FILES AND RELATED COMMUNICATIONS** |

### DECLARATION OF JASON CARDIFF

I, Jason Cardiff, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Notice of Motion and Motion to Produce Extradition Files and Related Communications.

2. This declaration is submitted under the protections of *Simmons v. United States*, 390 U.S. 377 (1968) and the United States Constitution. Pursuant to *Simmons* and my constitutional rights, I would object to the use of this declaration for any

1 purpose beyond the Court's adjudication of my Motion to Dismiss Indictment with
2 Prejudice.
3     3.    On January 14, 2025, the Garda entered my property by following me
4 through my driveway gate with their car and then blocking my car and drive way so
5 I could not exit.. As I got out of my car, I was rushed by three Garda agents, who
6 surrounded me blocking me from entering my home. One of the agents, Detective
7 Sergeant Murray told me that I was being arrested for extradition. They demanded
8 that I give them my car keys, and I did. The agents surrounded me in a way so that I
9 could not move more than a bit before they put their hands on me. In other words,
10 they made it clear that I was not going anywhere and that they were arresting me.
11 We talked outside for about 15 minutes.
12     4.    Frankly, I was completely surprised by the arrest warrant. I told them
13 that I was in Ireland pursuant to a lawful court order and that I had a criminal case
14 pending against him the U.S. I offered to go in the house and get the order to show
15 them, but the agents insisted that they had to go with me. Under the circumstances,
16 I had no choice, so I reluctantly let them in the house to avoid being taken for
17 Extradition processing. The agents reviewed the December 20, 2024 Order
18 permitting international travel.
19     5.    During the discussion, Detective Sergeant Murray showed me what he
20 called the "extradition file." The extradition file was dated October 23, 2023
21 before I was taken into custody in the United States. I asked why a year-plus
22 warrant was being used now. Detective Sergeant Murray told me that he did not
23 know but that he got file in October, 2023 and did nothing with it until he was
24 contacted by the U.S. Embassy on January 13, 2025 asking him to execute the
25 warrant. The agents gave me the choice to either be taken to Irish jail, or that I give
26 the agents his passport as well as his wife's passport. Under these circumstances, I
27 had no choice but to surrender the passports. The agent released me, gave me back
28 my car keys and allowed me to remain with my wife and eleven year old child. The

COCHELL
LAW FIRM

2

1  Garda agents were in my house for about an hour and a half.

2    6.    I made an inquiry to the U.S. Consulate asking why I had an old extradition warrant served on me. On about January 15, I received a response from the United States Embassy officer named Andrew Kopiak. He sent me a letter stating that: "As soon as we have any update that we can provide you regarding the status of the extradition request that appears to be still on file, we will do so." A true and correct copy of this letter is attached as **Exhibit 1**.

    7.    I complied with the FTC injunction disclosing my home address in Dublin, Ireland. I complied fully with the bond conditions. As set out in my Status Report, I would have returned to Houston but for the directives of my doctors who advise that my health condition will likely deteriorate further causing permanent damage if I fly back to the United States. I am President and CEO of Redwood Scientific Technologies, a publicly traded company located in the United States. My family and I have a home and a family life with my daughter attending school in the local area. I have no interest in becoming an international fugitive but want to address these charges and get on with my life.

    8.    I do not believe that the arrest, in full view of my neighbors, was a coincidence or accident. I believe that the arrest was designed to punish and intimidate me for asking for additional time to obtain treatment for my health condition.

    9.    This is a summary of my testimony. I reserve the right to supplement and/or clarify if called as a witness at trial.

    I declare (under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 10, 2025 in Dublin Ireland.

_____
Jason Cardiff

COCHELL LAW FIRM

3