AMANDA N. LISKAMM
Director, Consumer Protection Branch
MANU J. SEBASTIAN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
    450 Fifth Street, NW, Suite 6400S
    Washington, D.C.  20001
    Telephone: (202) 514-0515
    Facsimile: (202) 514-8742
    Email:  Manu.J.Sebastian@usdoj.gov

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
VALERIE MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756
    Facsimile: (213) 894-6269
    E-mail:    Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>        Defendant. | No. 5:23-CR-00021-JGB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>Date:        March 10, 2025<br>Time:        2:00 p.m.<br>Courtroom:   1 |

    Plaintiff United States of America, by and through its counsel
of record, the Consumer Protection Branch of the United States
Department of Justice and Trial Attorney Manu J. Sebastian, and the
Acting United States Attorney for the Central District of California

1    and Assistant United States Attorney Valerie L. Makarewicz, hereby

2    submits this Opposition to Defendant's motion to compel extradition

3    files and communications.

4

5    Dated February 18, 2025:              Respectfully submitted,

6

7                                          AMANDA N. LISKAMM
                                           Director
                                           Consumer Protection Branch
8
                                           JOSEPH T. MCNALLY
9                                          Acting United States Attorney

10

11                                         _____/s/_____
                                           MANU J. SEBASTIAN
12                                         Trial Attorney
                                           VALERIE L. MAKAREWICZ
13                                         Assistant United States Attorney

14

15                                         Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA
16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................1

II.   STATEMENT OF FACTS.....................................................2

III.  LEGAL STANDARDS.........................................................3

    A.    The Fourth Amendment.........................................3

    B.    Federal Rule of Criminal Procedure 16....................5

    C.    Brady.............................................................6

IV.   Argument.....................................................................7

    A.    The Fourth Amendment Does Not Apply.....................7

    B.    Extradition-related Records and Communications are not Subject to Rule 16 nor Brady...................................8

    C.    Defendant is a Fugitive and Should Not Be Permitted to File Discovery Motions While He Actively Disobeys Court Orders.............................................................9

III.  CONCLUSION...................................................................9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Alvarado v. State,
   853 S.W.2d 17 (Tex. Crim. App. 1993) ............................ 4

Amado v. Gonzalez,
   758 F.3d 1119, 1134 (9th Cir. 2014) ........................... 6

Brady v. Maryland,
   373 U.S. 83 (1963) ................................... 1, 6, 8, 9

Fisher v. United States,
   779 A.2d 348, 354 (D.C. 2001) ................................. 4

Giglio v. United States,
   405 U.S. 150 (1972) .......................................... 1

Stowe v. Devoy,
   588 F.2d 336 (2d Cir. 1978) .................................. 5

United States v. Barona,
   56 F.3d 1087 (9th Cir. 1995) ............................ 1, 4, 7

United States v. Besarovic,
   No. 2:12cr-0004-APG-GWF, 2017 WL 6762479 (D. Nev. Oct. 5, 2017),
   report and recommendation adopted, No. 2:12-CR-0004-APG-GWF, 2018
   WL 272173 (D. Nev. Jan. 2, 2018) ............................. 9

United States v. Blanco,
   392 F.3d 382 (9th Cir. 2004) ................................. 6

United States v. Budziak,
   697 F.3d 1105 (9th Cir. 2012) ................................ 6

United States v. Chung Chung Yeh,
   No. CR 10-00231-WHA, 2013 WL 2146572 (N.D. Cal. May 15, 2013) ..... 9

United States v. Cotroni,
   527 F.2d 708 (2d Cir. 1975) .................................. 5

United States v. Doe,
   705 F.3d 1134 (9th Cir. 2013) ................................ 6

United States v. Drake,
   543 F.3d 1080 (9th Cir. 2008) ................................ 6

ii

United States v. Emery,
  591 F.2d 1266 (9th Cir. 1978) ..................................... 7

United States v. Getto,
  729 F.3d 221 (2d Cir. 2013) ...................................... 5

United States v. Hensel,
  699 F.2d 18,25 (1st Cir. 1983) ................................... 5

United States v. Lee,
  723 F.3d 134 (2d Cir. 2013) ...................................... 4

United States v. Little,
  753 F.2d 1420 (9th Cir. 1984) .................................... 6

United States v. Sai Keung Wong,
  886 F.2d 252 (9th Cir. 1989) ..................................... 6

United States v. Sullivan,
  No. 17-00104-JMS-KJM, 2019 WL 8301178 (D. Haw. December 2, 2019) .. 6

United States v. Valdivia,
  680 F.3d 33 (1st Cir. 2012) ...................................... 5

**CONSTITUTION AND STATUTES**

U.S. Const. amend. IV........................................... 4

18 U.S.C. § 3500(a) ............................................ 1

**RULES**

Fed. R. Crim. P. 16.................................... 1, 5, 8, 9

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3   Defendant's motion to compel should be denied as he fails to

4   provide any authority that requires the government to turn over

5   extradition-related records or communications. Defendant's claim that

6   an encounter with Irish law enforcement in Ireland, where he is a

7   citizen and has a residence, violates his Fourth Amendment rights

8   under the United States Constitution is meritless. Dkt. 200. **"Neither**

9   **our Fourth Amendment nor the judicially created exclusionary rule**

10  **applies to acts of foreign officials."** United States v. Barona, 56

11  F.3d 1087, 1091 (9th Cir. 1995)(cleaned up)(emphasis added).

12  Defendant continues to file frivolous motions and fails to provide

13  any actual evidence of the assertions he makes.[1] Dkt. 200. The Fourth

14  Amendment does not create a discovery obligation for the government

15  and defendant fails to request any relief that is permitted under the

16  Fourth Amendment. Id.

17      The government produced material over and above its obligations

18  under Fed. R. Crim. Proc. 16, Brady, Giglio, and Jencks in response

19  to the Defendant's previous discovery requests. The government will

20  continue to produce material that it is obligated to produce up to

21  and throughout the duration of the case. The government, however,

22  does not have an obligation to produce any extradition-related

23  documentation or communications when the Defendant has not been

24  extradited, fails to provide any authority which requires the

25

26  _____

27  [1] Defendant again misquotes an oral hearing transcript. Dkt. 200 at 4:8-9; see also Ex. 1, January 30, 2025 Hearing Transcript at 4-5.

28  What Defendant has in quotation marks is not actually what was said at the hearing nor what was typed by the stenographer in the actual transcript.

1

government to produce such material, is in violation of his pretrial release conditions, and is currently a fugitive in violation of multiple orders of this Court.

## II.   STATEMENT OF FACTS

On January 31, 2023, a grand jury returned an indictment that charged Defendant with Access Device Fraud, Aggravated Identity Theft, and Obstruction. Dkt. 1.

In October 2023, the government submitted an extradition package to Irish authorities with an arrest warrant for Defendant that was issued on January 31, 2023. Ex. 1 at 4:21-22; Dkt. 1.

On November 26, 2023, Defendant was arrested at Los Angeles International Airport when he returned to the United States from Ireland. Ex. 1 at 4:23-24; see also Dkt. 7. On December 6, 2023, Defendant was released on bond. Dkt. 21.

On October 29, 2024, the Court permitted Defendant to travel to Ireland for fourteen nights. Dkt. 124. On November 20, 2024, the Court permitted Defendant to extend his travel to Ireland for thirty days. Dkt. 133. On December 20, 2024, the Court permitted Defendant to extend his stay for another thirty days and ordered he return to the United States by January 19, 2025. Dkt. 151.

On January 14, 2025, Irish authorities visited Defendant's residence in Ireland. See Dkt. 200. Irish authorities spoke with Defendant and left the residence shortly after arrival. Ex. 1 at 5:2-6; Dkt. 200 at Ex. A ¶5. Defendant was not put in physical restraints nor was he arrested.[2] Ex. 1 at 5:2-6; see also Dkt. 200. at Ex. A.

---

[2] Defendant did not claim he was arrested in his previous filings. In fact, Defendant was clear that he was not arrested as he asserted Irish authorities "wanted to arrest him" and informed him that "he

*(footnote cont'd on next page)*

1    ¶4. Irish authorities did not search Defendant's person nor his

2    residence. See Dkt. 200. at Ex. A. ¶4. Defendant permitted Irish

3    authorities to enter his residence so that he could show them the

4    Court's orders. Id. United States law enforcement was not present at

5    any time during the encounter. See generally Dkt. 200. The

6    undersigned did not direct Irish authorities to advance the October

7    2023 extradition request on January 14, 2025. Ex. 1 at 4:24-25.

8         That same day, Defendant filed an ex parte application to allow

9    him to remain in Ireland for an additional 120 days, which the Court

10   denied. Dkts. 162, 165. The Court confirmed that Defendant must

11   return to Texas no later than January 19, 2025. Dkt. 165.

12        On January 16, 2025, Defendant filed a motion for

13   reconsideration, which the Court denied. Dkts. 166, 171. The Court

14   again ordered Defendant to return to Texas no later than January 19,

15   2025. Dkt. 171. On January 18, 2025, Defendant requested a

16   modification of his reporting date, which the Court denied. Dkts.

17   172, 176.

18        Defendant failed to return to the United States on January 19,

19   2025, and remains in Ireland in violation of the Court's orders. See

20   Dkt. 178, 200. On February 5, 2025, the Court declared Defendant a

21   fugitive and indicated that it would issue a warrant for his arrest.

22   Dkt. 196.

23   **III.  LEGAL STANDARDS**

24        **A.    The Fourth Amendment**

25        The Fourth Amendment protects United States citizens from

26   unreasonable searches and seizures by the United States government.

27   

28   could either be arrested and go with them or he could surrender his
     passports." Dkt. 166 at 6:4-9.

3

U.S. Const. amend. IV. For Fourth Amendment protections to attach to instances involving foreign law enforcement in a foreign country, the Defendant must show that United States agents' participation in the foreign investigation was "so substantial that the action is a joint venture between United States and foreign officials."[3] <u>United States v. Barona</u>, 56 F.3d 1087, 1092 (9th Cir. 1995).

"Formalized collaboration between an American law enforcement agency and its foreign counterpart does not, by itself, give rise to an 'agency' relationship between the two entities sufficient to implicate the Fourth Amendment abroad." <u>United States v. Lee</u>, 723 F.3d 134, 137 (2d Cir. 2013); <u>see also</u> <u>Fisher v. United States</u>, 779 A.2d 348, 354 (D.C. 2001) ("Mere notification of the potential existence of a criminal in another police's jurisdiction is not enough to create [an agency] relationship")(quoting <u>Alvarado v. State</u>, 853 S.W.2d 17, 18 (Tex. Crim. App. 1993)). Even if an agency relationship is created, compliance with foreign law alone determines whether the search or seizure violated the Fourth Amendment. <u>Barona</u>, 56 F.3d at 1093 n.1.

If the Court determines the search or seizure did not comply with foreign law, the sole remedy available is exclusion of the evidence collected. <u>Id.</u>; <u>see also</u> <u>United States v. Calandra,</u> 414 U.S. 338, 348 (1974) ("The exclusionary rule. . . is a judicially created remedy designed to safeguard Fourth Amendment rights generally

---

[3] "[T]he Fourth Amendment could apply to raids by foreign officials only if Federal agents so substantially participated in the raids so as to convert them into joint ventures between the United States and the foreign officials." <u>United States v. Rose</u>, 570 F.2d 1358, 1362 (9th Cir. 1978) (citing <u>Stonehill v. United States</u>, 405 F.2d 738, 743 (9th Cir. 1968), <u>cert.</u> <u>denied</u>, 395 U.S. 960, <u>reh.</u> <u>denied</u>, 396 U.S. 870 (1969)).

through its deterrent effect, rather than a personal constitutional right of the party aggrieved."). "Standing to invoke the exclusionary rule is confined to situations where the Government seeks to use such evidence to incriminate the victim of the unlawful search or seizure." Id. citing Brown v. United States, 411 U.S. 223 (1973).

However, "[w]e held as long ago as 1975 that information furnished to American officials by foreign police need not be excluded simply because the procedures followed in securing it did not fully comply with our nation's constitutional requirements." United States v. Getto, 729 F.3d 221, 228 n.7 (2d Cir. 2013) (citing United States v. Cotroni, 527 F.2d 708, 711 (2d Cir. 1975)). This is so even when "the persons arrested and from whom the evidence is seized are American citizens." Stowe v. Devoy, 588 F.2d 336, 341 (2d Cir. 1978). Significantly, in this context, the Fourth Amendment's exclusionary rule does not serve the deterrence purpose for which it was designed because "the actions of an American court are unlikely to influence the conduct of foreign police." United States v. Valdivia, 680 F.3d 33, 51 (1st Cir. 2012) quoting United States v. Hensel, 699 F.2d 18,25 (1st Cir. 1983)(quotation omitted).

**B.    Federal Rule of Criminal Procedure 16**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government must permit the defendant to inspect and copy, among other things, papers and documents that are in the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

"Rule 16 does not authorize fishing expeditions." <u>United States v. Sullivan</u>, No. 17-00104-JMS-KJM, 2019 WL 8301178, at *1 (D. Haw. December 2, 2019). To receive discovery under this Rule, Defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." <u>United States v. Doe</u>, 705 F.3d 1134, 1150 (9th Cir. 2013); <u>see</u> <u>United States v. Little</u>, 753 F.2d 1420, 1445 (9th Cir. 1984)(To secure discovery under Rule 16(a)(1)(E), the defendant carries the burden of demonstrating materiality.); <u>see also</u> <u>United States v. Budziak</u>, 697 F.3d 1105, 1111 (9th Cir. 2012)("A defendant must make a 'threshold showing of materiality' in order to compel discovery pursuant to Rule 16(a)(1)(E)." (citation omitted)).

"The ***mere suspicion*** that information will prove helpful ***is insufficient*** to require disclosure." <u>United States v. Sai Keung Wong</u>, 886 F.2d 252, 255-57 (9th Cir. 1989) (emphasis added).

**C.    Brady**

Under <u>Brady v. Maryland</u>, the government has an obligation to provide exculpatory evidence to a criminal defendant. <u>United States v. Blanco</u>, 392 F.3d 382, 387 (9th Cir. 2004). Evidence is exculpatory if it tends to prove Defendant's innocence. <u>United States v. Bruce</u>, 984 F.3d 884, 895 (9th Cir. 2021) quoting <u>Amado v. Gonzalez</u>, 758 F.3d 1119, 1134 (9th Cir. 2014). "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). "The exculpatory value of an item of evidence is not 'apparent' when the evidence merely '*could*

*have*' exculpated the defendant." <u>United States v. Drake</u>, 543 F.3d 1080, 1090 (9th Cir. 2008) (emphasis in original).

**IV.  Argument**

    **A.    The Fourth Amendment Does Not Apply**

    The Fourth Amendment does not protect the Defendant from actions by Irish authorities in Ireland. <u>Barona</u>, 56 F.3d at 1091 (9th Cir. 1995). Even if the Fourth Amendment did apply, Defendant fails to request any actual relief permitted by the Fourth Amendment.

    Defendant makes a general claim that he is protected under the Fourth Amendment from searches and seizures while he is in Ireland. The case law that he cites is distinguishable as it only discusses U.S. law enforcements' direct actions in foreign countries, which is not the case here. Defendant fails to show that United States law enforcement participated in any way in his encounter with Irish law enforcement on January 14, 2025, let alone participated in a way that was "so substantial" that the encounter was a joint venture between the United States and Irish officials. <u>See</u> <u>Barona</u>, 56 F.3d at 1092; <u>see also</u> <u>United States v. Emery</u>, 591 F.2d 1266, 1268 (9th Cir. 1978).

    As defendant admits, Irish officials acted on an extradition package that was submitted to them in October 2023. Dkt. 200 at ¶9. Defendant fails, however, to provide any evidence of U.S. law enforcement involvement in his encounter with Irish law enforcement other than his own self-serving affidavit where he claims the U.S. consulate requested his arrest. <u>Id.</u> Defendant provides no actual evidence of this assertion, and even if he had such evidence, it does not establish participation that is "so substantial" that the encounter was a joint venture between U.S. and Irish authorities.

1    Defendant is currently a fugitive from justice who is actively

2   disobeying multiple court orders, and his motion seeks information

3   about an extradition request that is not discoverable. <u>See</u> Dkt. 196.

4   Defendant was not restrained or arrested. Ex. 1 at 5:2-6; <u>see</u> <u>also</u>

5   Dkt. 200. at Ex. A. ¶4. No evidence was collected from Defendant and

6   turned over to the U.S. government by the Irish law enforcement. <u>See</u>

7   <u>generally</u> Dkt. 200. Defendant fails to show how the Fourth Amendment

8   applies to this scenario. Defendant also fails to request any actual

9   relief permitted by the Fourth Amendment. Therefore, Defendant's

10  motion to compel should be denied.

11  **B.    Extradition-related Records and Communications are not Subject to Rule 16 nor <u>Brady</u>**

12  

13     The extradition-related documents and communications are not

14  subject to production under Fed. R. Crim. P. 16 nor <u>Brady</u> as nothing

15  from the October 2023 extradition request is material to preparing a

16  defense to access device fraud, aggravated identity theft, or witness

17  tampering. The government does not intend to use any material from

18  Defendant's January 14, 2025 encounter with Irish authorities in its

19  case-in-chief at trial. No evidence was collected from Defendant on

20  January 14, 2025, by Irish authorities nor was anything belonging to

21  Defendant taken by Irish authorities that is in the United States's

22  possession, custody, or control. <u>See</u> <u>generally</u> Dkt. 200.

23     Defendant fails to show how extradition-related records and

24  communications are material to his defense or exculpatory.

25  Consequently, his motion to compel should be denied.

\

26  \

27  \

28

8

### C.   Defendant is a Fugitive and Should Not Be Permitted to File Discovery Motions While He Actively Disobeys Court Orders.

As previously cited by the government, pursuant to the fugitive disentitlement doctrine, the Court may bar the defendant from having his motion to compel considered. Dkt. 184; See United States v. Chung Chung Yeh, No. CR 10-00231-WHA, 2013 WL 2146572, at *2. (N.D. Cal. May 15, 2013) "[T]hose who have fled federal jurisdiction should not be entitled to avail themselves of the benefits of the court system." Id.: see also United States v. Besarovic, No. 2:12cr-0004-APG-GWF, 2017 WL 6762479, at *2 (D. Nev. Oct. 5, 2017), report and recommendation adopted, No. 2:12-CR-0004-APG-GWF, 2018 WL 272173 (D. Nev. Jan. 2, 2018).

Since Defendant is currently a fugitive who is in violation of multiple court orders, the Court may deny Defendant's motion to compel as he should not be permitted to use the benefits of the court system while he himself evades the authority of the Court.

## III. CONCLUSION

Defendant's motion to compel should be denied as the Fourth Amendment does not apply to actions by foreign law enforcement in a foreign country nor does it compel the government to produce extradition records. In addition, Defendant's motion should be denied as the extradition records he seeks are not subject to the government's discovery obligations under Rule 16 or Brady in this case.