UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCR 23-0021 JGB** | Date | March 11, 2025 |
| Title | *United States of America v. Jason Edward Thomas Cardiff* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Government: | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  (IN CHAMBERS) Order (1) GRANTING the Government's Motion for Order Forfeiting Bail and for Summary Adjudication of Obligation (Dkt. No. 189)

Before the Court is a motion for order forfeiting bail and for summary adjudication of obligation ("Motion," Dkt. No. 189) filed by the United States of America ("Government"). The Court held a hearing on the Motion on March 3, 2025. The Court now issues this Order setting forth the reasons for **GRANTING** the Motion.

## I. BACKGROUND

Jason Edward Thomas Cardiff ("Defendant" or "Cardiff") was arrested and made his initial appearance on November 27, 2023. (Dkt. Nos. 7, 11.) On January 31, 2023 and November 29, 2023, the Government moved for detention of Defendant. (Dkt. Nos. 3, 13.) On November 30, 2023, the Court ordered that Defendant be released from pre-trial custody on a $530,000 bond, upon the filing of affidavits of surety signed by Lilia G. Murphy and Brian T. Kennedy ("Sureties"). ("Minutes of Detention Hearing," Dkt. No. 14.) Lilia Murphy's portion of $500,000 was secured with full deeding of property. (Id.) When the Sureties signed affidavits ("Affidavits of Sureties," Dkt. Nos 22-25) and defense counsel signed an affidavit ("Affidavit of Third-Party Custodian," Dkt. Nos. 15-16), Defendant was released. On December 6, 2023, Defendant signed the bond document, acknowledging his duties and responsibilities and the potential consequences if he violates a bond condition. (Dkt. No. 21 at 6.)

On December 5, 2023, Defendant filed a signed affidavit of surety, in which Brian Kennedy, by signing the affidavit of surety, acknowledged that he agreed to accept the responsibilities of a surety for Defendant's release, as follows:

> I further state that I understand the provisions of the bond executed by the above-named defendant for which this affidavit supports, and I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 . . . and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $30,000, in the event that the bond is forfeited.

("Kennedy Affidavit of Surety," Dkt. No. 22-23.)

On December 6, 2023, Defendant filed a signed affidavit of surety, in which Lilia Murphy, by signing the affidavit of surety, acknowledged that she agreed to accept the responsibilities of a surety for Defendant's release, as follows:

> That I am worth the amount specified in the bond, to wit: $500,000, over and above my just debts and liabilities and exclusive of property exempt from execution. I further state that I understand the provisions of the bond of the defendant named above for which this affidavit supports and I acknowledge and agree that I and my personal representatives are bound, jointly and severally with the defendant and any other sureties, to pay the United States of America the bond amount specified in the event the bond is forfeited. . . I hereby subject said funds, and agree to be bound as a condition of this bond, by the provisions of Local Criminal Rule 46-6 . . . .

("Murphy Affidavit of Surety," Dkt. No. 24-25.)

From July 2024 to December 2025, the Court permitted Defendant to travel to Ireland. (Dkt. Nos. 94, 105, 124, 133, 151.) On January 15, 2025, the Court ordered Defendant to return to the United States from Ireland by January 19, 2025. ("First Order to Return," Dkt. No. 165.) On January 17, 2025, the Court confirmed in an order that Defendant was to return to the United States by January 19, 2025, and that he was to attend the January 27, 2025 motion hearing in person. ("Second Order to Return," Dkt. 171.) On January 21, 2025, the Court denied Defendant's ex parte application for modification of reporting time to allow submission of new evidence in support of ex parte application to extend international travel. ("Third Order to Return," Dkt. No. 176.) On January 22, 2025, the Court filed a scheduling notice continuing the motion hearing from January 27, 2025 to January 30, 2025. (Dkt. No. 177.) On January 24, 2025, Defendant filed a status report, informing the Court that he had not returned to the United States and did not intend to return until his physicians clear him for travel. ("Status Report," Dkt. No. 178.) Defendant failed to appear at the motion hearing on January 30, 2025. (Dkt. No. 188.) On February 5, 2025, the Court granted an order that: (1) declared Defendant a fugitive;

(2) vacated Defendant's trial date and the tolling of the Speedy Trial Act; and (3) issued an arrest warrant against Defendant. (Dkt. No. 196.) To date, Defendant seemingly remains in Ireland has not returned to the United States.

On February 3, 2025, the Government filed the Motion. (Motion.) On February 10, 2025, the Sureties opposed ("Sureties' Opposition," Dkt. No. 199) and Cardiff opposed ("Cardiff's Opposition," Dkt. No. 201). In support of their Opposition, the Sureties filed declarations of Lilia Murphy ("Murphy Decl.," Dkt. No. 199-1), Brian Kennedy ("Kennedy Decl.," Dkt. No. 199-2), and Cardiff ("Cardiff's First Decl.," Dkt. No. 199-3). In support of his Opposition, Cardiff filed a declaration. ("Cardiff's Second Decl.," Dkt. No. 201-1.) The Government replied on February 18, 2025. ("Reply," Dkt. No. 204.) On February 24, 2025, Cardiff filed a notice of supplemental authority regarding the Motion.[1] ("Supplemental Authority," Dkt. No. 209.)

## II.   FACTS

Briefly, Defendant served as Chairman of the Board of Directors, Chief Executive Officer, and President of Redwood Scientific Technologies, Inc. ("Redwood"), a Delaware corporation with its corporate headquarters in Upland, California, which "sold various products to consumers, including thin film strips marketed as homeopathic remedies causing weight loss, male sexual enhancement, and smoking cessation." ("Indictment," Dkt. No. 1.) The Indictment charges Cardiff with three crimes related to the operation of his business: access device fraud under 18 U.S.C. § 1029(a)(5) (Count One), aggravated identity theft under 18 U.S.C. § 1028A(a)(1) (Count Two), and witness tampering under 18 U.S.C. § 1512(b)(2)(B) (Counts Three and Four). (See id.) Cardiff also faces criminal forfeiture. (See id.)

//
//
//
//

---

[1] The Sureties and Cardiff invite the Court to review Raich v. Gonzales, a Ninth Circuit case allegedly relevant to the medical necessity argument—underlying Cardiff's decision to remain in Ireland—raised in their Oppositions. (See Supplemental Authority.) At the outset, the Court was unable to locate the referenced case using the citation provided in the Supplemental Authority but assumes that the Sureties and Cardiff intended to cite to Raich v. Gonzales, 500 F.3d 850 (9th Cir. 2007). In Raich, the Ninth Circuit evaluated the constitutionality of the Controlled Substances Act ("CSA") and affirmed a district court's denial of equitable relief that called for a declaration that medical necessity precluded enforcement of the CSA. See 500 F.3d at 854. The Court finds Raich inapplicable and unhelpful to the facts of this case. Specifically, Raich does not discuss or mention bond forfeiture, and instead addresses a necessity defense, which is an "affirmative defense that removes criminal liability for violation of a criminal statute." See id. at 861. For this Motion, Cardiff is accused of violating the conditions of his release, not a criminal statute.

### III.  LEGAL STANDARD

"The purpose of a bail bond is to insure that the accused will reappear at a given time." United States v. Toro, 981 F.2d 1045, 1049 (9th Cir.1992) (internal quotation omitted). As such, "[bond] forfeiture is [warranted] . . . where defendants fail to appear." United States v. Vaccaro, 51 F.3d 189, 192 (9th Cir. 1995). "The court must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f); see also United States v. Nguyen, 279 F.3d 1112, 1115 (9th Cir. 2002) (if a defendant breaches a condition of bond, "[t]he forfeiture is [] mandatory") (citing United States v. Abernathy, 757 F.2d 1012, 1014-15 (9th Cir. 1985)); Vaccaro, 51 F.3d at 191 ("Federal courts are authorized by Federal Rule of Criminal Procedure 46(e)(1) to order forfeiture of a bail bond upon a breach of a condition of release.") (citing same).

"A bail bond is a contract between the government and the defendant and his surety, the forfeiture of which results in the surety becoming the government's debtor." United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978). The Court may hold the defendant personally liable for the bond amount, and jointly and severally with the surety. See Vaccaro, 51 F.3d at 193. "The language of the bond contract is strictly construed in accordance with the terms contained therein." United States v. Lujan, 589 F.2d 436, 438 (9th Cir. 1978) (citation omitted). "[F]orfeiture is appropriate for violation of a release condition only if the parties have agreed to the condition." Vaccaro, 51 F.3d at 193.

Federal Rules of Criminal Procedure 46(f)(2) and (f)(4) authorize district courts to set aside or remit all or part of the bond if it appears that enforcing the forfeiture will not serve the interests of justice. See Abernathy, 757 F.2d at 1015. District courts have broad discretion in determining whether to provide relief from forfeiture. See United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979) (per curiam).

### IV.  DISCUSSION

The Government requests, pursuant to Federal Rule of Criminal Procedure 46(f)(1), that the Court enter judgment on the bond forfeiture against Defendant in the amount of $530,000, with Lilia Murphy to be jointly and severally liable with Defendant in the amount of $500,000, and Brian Kennedy to be jointly and severally liable with Defendant in the amount of $30,000. (See Motion at 3.) The Government asserts that bond forfeiture is warranted because Defendant did not comply with bond conditions, violated his pretrial release by absconding, and failed to attend a court hearing as ordered. (See id.) If the Motion is granted, the Government also requests that the Court order the Clerk to serve the Sureties with the Government's bond forfeiture papers and the judgment because the Government has not confirmed the Sureties' addresses. (See Motion at 7-8.)

The Sureties and Cardiff argue that justice does not require bond forfeiture. (See Sureties' Opposition at 4; Cardiff's Opposition at 3.) For this argument, the Sureties and Cardiff rely on the Nguyen factors: (1) the defendant's willfulness in breaching a release condition; (2)

the sureties' participation in apprehending the defendant; (3) the cost, inconvenience, and prejudice suffered by the government; (4) mitigating factors; (5) whether the surety is a professional or a member of the family or friend; and (6) the appropriateness of the bond amount. (See Sureties' Opposition at 5; Cardiff's Opposition at 4); Nguyen, 279 F.3d at 1115.

The Sureties and Cardiff's reliance on Nguyen is misplaced. The Nguyen factors are applied by courts in the context of setting aside or remitting forfeiture. See 279 F.3d at 1115. To set aside or remit forfeiture, the Court must first declare the bond forfeited. The language of Federal Rule of Criminal Procedure 46 also requires that reading. See Fed. R. Crim. P. 46(f)(2) ("The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose"); Fed. R. Crim. P. 46(f)(4) ("After entering a [bond forfeiture] judgment . . ., the court may remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2)").

Further, Cardiff has violated his conditions of release and has failed to appear to a hearing. The former requires forfeiture. See Fed. R. Crim. P. 46(f)(1); Vaccaro, 51 F.3d at 192; Nguyen, 279 F.3d at 1115. Circuit courts have also upheld bond forfeiture for violations of conditions of release that involve travel restrictions. See, e.g., United States v. Terrell, 983 F.2d 653, 656 (5th Cir. 1993) (violation of travel and drug possession condition); United States v. Dunn, 781 F.2d 447, 451–52 (5th Cir. 1986) (violation of travel restrictions); United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979) (per curiam) (violation of travel restrictions); United States v. Nolan, 564 F.2d 376, 378 (10th Cir. 1977) (per curiam) (violation of travel and appearance conditions). Accordingly, the Court **ORDERS** the bond forfeited against Defendant in the amount of $530,000, with Lilia Murphy to be jointly and severally liable with Defendant in the amount of $500,000, and Brian Kennedy to be jointly and severally liable with Defendant in the amount of $30,000.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DIRECTS** the Clerk to serve the Sureties with the Government's bond forfeiture papers and the judgment.

**IT IS SO ORDERED.**