Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON EDWARD THOMAS CARDIFF,<br><br>Defendant. | Case No. 5:23-cr-00021-JGB<br><br>NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT BASED ON FRAUD ON THE COURT |

## **NOTICE OF MOTION**

Please Take Notice that, on June 2, 2025, at 2:00 p.m., or as soon thereafter as it may be heard, in the courtroom of the Hon. Jesus G. Bernal located at 3470 Twelfth Street, Courtroom 1, Riverside, CA 92501, Defendant Jason Cardiff will move to dismiss the Indictment in this case based on fraud on the Court.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in

this action, and upon such oral argument and evidence as may be presented at the hearing of this motion.

Dated: April, 27, 2025

Respectfully submitted,

/s/ Stephen R. Cochell
Stephen R. Cochell
Cochell Law Firm, P.C.
5850 San Felipe Ste. 500
Houston Texas 77057
(832)800-3500

# **TABLE OF CONTENTS**

NOTICE OF MOTION.................................................................................................. i

TABLE OF CONTENTS ........................................................................................... iii

TABLE OF AUTHORITIES ...................................................................................... iv

POINTS AND AUTHORITIES ................................................................................... 1

I.    Introduction.................................................................................................... 1

II.   Newly Discovered Evidence ......................................................................... 2

III.   Prior Forgery By Receiver ............................................................................. 4

IV.   Credibility And Destruction Of Evidence ..................................................... 6

V.   The Court Should Dismiss This Case or, in the Alternative,
Modify Its Rulings. .................................................................................................. 7

# TABLE OF AUTHORITIES

**Case Law**

*FTC v. Redwood Scientific Technologies, Inc, et.al.*, Case No. 5:18-cv-02104 …..… 1

*Levander, v. Prober (In re Levander)*, 180 F.3d 1114 (9th Cir. 1999) ………….. 2, 7-8

*United States v. Larmore*, 2024 U.S. Dist. 209544 *7-8 (D. Ariz) ………………….. 1

*United States v Sierra Pacific Indus., Inc.* 862 F.3d 1167 (9th Cir. 2017) …..…. 2, 7-8

## POINTS AND AUTHORITIES

Defendant, Jason Cardiff, files this Memorandum in Support of Motion to Dismiss Indictment Based on Fraud on the Court.

### I.   Introduction

The Government's entire case rests on a Receiver who committed outright fraud against the Court. This is not about small mistakes or technical errors. This Receiver forged critical evidence: he cut out damaging paragraphs from emails, moved signature lines to change their meaning, and filed the altered versions under penalty of perjury as if they were true. Even worse, he fabricated an entire IRS amended proof of claim—complete with a fake IRS fax cover sheet—and submitted it to the Court to protect his own payday. These were not clerical errors or oversights--- they were calculated acts of deception, aimed directly at misleading the Court and gaining financial benefit. Every document and every allegation that the government now relies upon flowed through a Receiver who engaged in deliberate forgery and fraud. If the Government's evidence begins with a officer of the Court forging documents, then the Government's case cannot proceed. No party—and certainly not the United States—can stand on a foundation built on forgeries, lies, and fraud on the Court itself.

On or about mid-March, 2025, Plaintiff discovered that the Receiver forged a document in *FTC v. Redwood Scientific Technologies, Inc, et.al.*, Case No. 5:18-cv-02104 (the "Civil Case"). Unfortunately, this was not the first time that the Receiver forged a document during the Civil case.

As this Court knows, a Receiver, Robb Evans, LLC, through Brick Kane, was appointed by the Court in the FTC Civil Case. The Government has relied almost exclusively on documents obtained from the Receiver in pursuing this case. Receivers are, at all times, officers of the court, required to serve in a neutral capacity to assist the

court in its judicial functions.[1] In sum, the Court relied on the Receiver to preserve receivership documents, provide accurate information about the receivership estate and to account for receivership funds. As set out below, the Receiver was unreliable and forged at least two documents when it suited his financial interest. The Receiver's fraud on the court warrants dismissal with prejudice. The Court has the inherent power to dismiss a case or modify prior rulings where a fraud on the Court has harmed the integrity of the judicial process. *United States v Sierra Pacific Indus., Inc.* 862 F.3d 1167, 1167 (9th Cir. 2017); *Levander, v. Prober (In re Levander)*, 180 F.3d 1114, 1119 (9th Cir. 1999) (fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.")

## II. Newly Discovered Evidence

The Receiver's most recent forgery starts with a document filed by the Receiver entitled: "Summary Accounting with Allocations" in the Civil Case discussing how existing receivership funds could be allocated to the Internal Revenue Service ("IRS"), various creditors including the Receiver.

1. On September 10, 2021, the Receiver filed his Summary Accounting with Allocations attaching a Proof of Claim form that showed IRS claim for **$2,787,989.73** against Eunjung Cardiff and Jason Cardiff Dkt. 654 at 5-6,

2. The Receiver stated: "It is clear that the New IRS Claim is in excess of the balances in the receivership estate. There are insufficient funds in the receivership estate to pay the New IRS Claim in full." Id. at 5.

3. On September 16, 2021, the Receiver filed an Updated Report representing to the Court that the Receiver:

    Late on Wednesday (9/15/21) the IRS provided to the Receiver a

---

[1] *United States v. Larmore*, 2024 U.S. Dist. 209544 *7-8 (D. Ariz).

further amendment to the IRS claim, Amendment No. 2 (attached hereto as Exhibit 1). To address the issues noted by the Receiver in the Summary Accounting and in the Receiver's 9/10/21 filing [Doc. # 654], and in the discussions that the Receiver had with the IRS, <u>the IRS has now lowered its claim to the previous amount --- $64,232.36 --- and decided to forgo claiming the higher, $2,787,989.73 claim amount.</u> (emphasis supplied)

4. At the time of the report, the Receiver reported that he had $1,745,000 in cash. Dkt. 654 at 9, **Appendix II.**

5. In other words, the Receiver had obtained an agreement or settlement with the IRS that basically saved the receivership from being unable to pay creditors and the Receiver's fees going forward.

6. The Court, the FTC and the parties assumed that the Receiver had provided real IRS documents and an IRS FAX cover sheet because he was the court-appointed Receiver. **Exhibit A,** E. Cardiff Dec. ¶ 4.

7. The Cardiffs did not become aware of a problem until they learned that Mrs. Cardiff's application for renewal of her U.S. passport was denied September of 2024 by the State Department due to unpaid taxes. **Exhibit A,** E. Cardiff Dec**., Ex. 2**

8. In 2024, Ms. Cardiff retained Vidal Espinosa, CPA who provided Ms. Cardiff with her official 2014 tax transcript. As of September 16, 2024, the IRS' Official Transcript for tax year 2014 shows that Ms. Cardiff has a lien in the amount of *$4,024,994.43* and had been assessed significant interest and penalties as a result of the Receiver's false allegations submitted to the Court in Docket 657. **Exhibit A**, E. Cardiff Declaration ¶¶s 8, 11.

9. In March, 2025, Mr. Cardiff contacted the IRS about the Amended Claim. **Exhibit B,** Cardiff Dec. ¶ 4. In pertinent part, the IRS agents have no evidence of a settlement or forgiveness of the $2,787,989.73 Amended Claim with the Receiver that matches the documents the receiver submitted to the

3

Federal Court.  **Exhibit B,** J. Cardiff Declaration ¶¶s 5-11, Ex. 1.

Thus, the representations made to the Court were untrue and a fraud on the Court. Indeed, it appears that the Receiver simply wanted to make sure he got paid his fees and forged the IRS Amended Claim on or about September 15, 2021. The Receiver had a fiduciary duty to pay taxes as part of the receivership estate. Instead, he lied to the Court and created a $4,000,000-plus liability against Ms. Cardiff.  This sort of misconduct destroys any confidence that the Receiver was neutral or objective when it came to his stewardship of the documents and funds entrusted to him by the Court.

### III.  Prior Forgery By Receiver

10. The Receiver filed a Final Report and Accounting re: VPL Medical, Inc. ("VPL") authorizing his Sixth Fee Application and discharging the Receiver of liability in handling this matter.

11. It is no secret that the Cardiffs' challenged the Receiver's failure to properly handle receivership affairs, placing two staff members at VPL Medical whose sole job entailed observing Jason Cardiff, but not working or helping in the production of surgical quality face masks. Dkt. 391. Cardiff asked that the Receiver be removed and replaced by another receiver due to his incompetence. Id. at 18 fn 7.

12. In the Final Accounting, the Receiver represented that VPL would have a negative balance after payment of all expenses. Dkt. 582-1 at 23. However, the Receiver's Quickbooks reflected no payments to VPL, to Robb Evans or its law firm. Dkt. 590 at 2. The Receiver further represented that other corporate funds, Biztank LLC funds, were "properly accounted for as separate and apart from VPL and do not form the basis for any turnover of money to VPL based on the dissolution of the VPL receivership estate."[2] Id.

---

[2] The dissolution of the VPL receivership was ordered by the Ninth Circuit in *FTC v. VPL Medical, Inc.*, No. 20-55858 (9th Cir. Apr. 28, 2021).

4

13. However, it was clear that the Receiver paid fees for his Fifth Application from other corporate funds (i.e. Biztank LLC), and not VPL's funds as represented to the Court. Id. citing Dkt. 586 at 6.

> The Receiver claims a $68,000 shortfall in VPL funds, (Dkt. 580-1 at 24) but the Receiver's Quickbooks. Spreadsheet shows that VPL should have **$1,063,862** in its account. **Exhibit A**, Cardiff Dec., Ex. 1, Spreadsheet p. 35 of 35). <u>The Receiver's accounting leaves VPL no funds to operate upon dissolution of the company while making sure the Receiver gets fully paid at VPL's expense</u>.

Dkt. 590 at 5 (emphasis supplied).

14. As part of the dispute, Receiver Brick Kane submitted a sworn declaration "Exhibit 2" (Dkt. 586-1, at p. 46), That document purports to show an email from Jason Cardiff dated May 13, 2021, at 5:02 PM. However, a comparison of that version against the actual emails (as documented in Exhibits 3 and 4 of Jason Cardiff's Declaration, Dkt. 590-1, pp. 47–48) Appendix III, IV reveals that Mr. Kane *removed the core content* of the email—namely, the paragraph in which Cardiff questioned the legitimacy of the Receiver's accounting and the source of funds used to pay the Fifth Fee Application.

15.. The version of the email submitted by Mr. Kane as attached as Exhibit 2 (Dkt. 586-1, p. 46) to his sworn declaration falsely states Mr. Cardiff sent the following email:

> "Brick
> Bobby has removed me from vpl payroll.
> Please respond that you received this thank you"
> — *Jason Cardiff*

Appendix __. The version stops here deleting the core inquiry politely asking the Receiver's about the accounting.

16. Thise complete, full email was sent at 5:02 PM: Exhibit 3 (Dkt. 590-1, p.

5

47)

> "Brick
> Bobby has removed me from vpl payroll.
> Please respond that you received this thank you
>
> Also we received the final accounting from Anita as to all funds paid out by Vpl can you help me by letting me know why there are no payments to the receivership from Vpl and <u>if not what funds were used to pay Vpl perhaps her QuickBooks accounting</u> and bookkeeping has an error such as the billable hours for April 29 and 30th <u>please let me know who paid the fifth approved receivers fees since it wasn't Vpl.</u>"
> — *Jason Cardiff*
> (Dkt. 590-1, p. 47, Exhibit 3)

17. Mr Kane confirmed receipt of Confirmed Receipt: Brick Kane's Reply at 5:03 PM (Dkt. 590-1, p. 48)

> "Received."

18. Kane later included the entire full version of the email in a reply memorandum demonstrating he saw, read, and possessed the full paragraph that he deleted from the exhibit he submitted to the Court. *(Dkt. 590-1, p. 48, Exhibit 4)*

### IV.   Credibility And Destruction Of Evidence

19. Defendant previously challenged the Receiver's lack of neutrality including for example, his destruction of Google Drive evidence.  The Receiver admitted that he informed both DOJ and USPIS that the Googe Suite account "was not renewed intentionally to avoid alerting Cardiff of any interest in the data." Dkt. 79 at 4.  The Google Suite included key evidence such as audit logs, sales call recordings, Nest Cam recordings, staff meeting handwritten logbooks, customer sale log sheets, handwritten notes and reports of customer charges and rebills.

20. This Court found the Receiver decided not to renew Redwood's Google Suite

account as it was unclear whether the "interest was the Receiver's, the FTC's, or any other entity's—in the specific data stored in that account." Dkt. 79 at 18 fn. 7. At this point, the Receiver was well aware of the DOJ investigation and was cooperating fully with DOJ. Similarly, Cardiff knew the FTC would have full access to all books and records, as per the TRO and Preliminary Injunction. Dkt. 59 at 28. However, Cardiff was unaware of the DOJ's criminal investigation.

21. Mr. Kane's statements are now infected with clear evidence of the Receiver's forgery and bias against Mr. Cardiff. There is no question that Mr. Kane wanted to destroy evidence to prevent Cardiff from accessing information that might ultimately be helpful to Mr. Cardiff in the future.

### V. The Court Should Dismiss This Case or, in the Alternative, Modify Its Rulings.

The Receiver's fraud on the court goes to the very integrity of proceedings in this case as well as the Civil Case. The Ninth Circuit has made it clear that courts should not hesitate to dismiss or modify orders or judgments where, as here, an officer of the Court, appointed by the Court to serve as a neutral receiver, abandoned his role and engaged in biased acts to either help the Government or to assure that his receivership fees get paid. In determining whether fraud constitutes fraud on the court, <u>the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process</u>." *United States v. Sierra Pacific Indus. Inc.*, 862 F.3d 1157, 1167-1168 (9th Cir. 1999) (emphasis supplied). In *Sierra Pacific*, the Court made it clear that the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process. Id. The fraud on the court must involve an unconscionable plan or scheme which was designed to improperly influence the court in its decision. Id. at 1168. In *Levander, v. Prober (In re Levander)*, 180 F.3d 1114, 1119 (9th Cir. 1999), the Court held that a case may be dismissed for fraud "which *does* or *attempts to* defile the court

itself, or is a fraud *perpetrated by officers of the court* so that the judicial machinery can not perform in the usual manner its *impartial* task of adjudging cases that are presented for adjudication." (emphasis supplied)

The Receiver was an officer of the Court. Receivers must be held to the highest standard of conduct. The Receiver crossed the line when he intentionally destroyed evidence to make sure that Jason Cardiff did not become aware of the DOJ's interest and investigation of him. Why would the Receiver care if Cardiff became aware of the FTC's interest in Google Suites where, as here, the Court already granted the FTC full access to Defendant's books and records?

The Receiver again crossed the line when he forged an email to try and gain an advantage when Defendant challenged his Final Accounting to the Court. The Receiver did not want the Court to know that Mr. Cardiff had legitimate questions about his accounting, so what did he do? He attached an email where he not only deleted the paragraph with Mr. Cardiff's questions, but forged Mr. Cardiff's signature moving it up to misrepresent the substance of the email. This is commonly referred to as Aggravated Identity, 18 U.S.C. § 1028A .

Finally, the Receiver crossed the line a *third* time and forged an Amended Proof of Claim by the IRS, that misrepresented to the Court that a $2,787,989.73 had been settled or forgiven by the IRS. The falsity of that statement in September, 2021 was not discovered until October, 2024.

It is evident that if a court-appointed receiver is willing to forge IRS documents and submit them under penalty of perjury as part of a sworn declaration, then the government should deem all work product, findings, and representations made by that receiver to be unreliable and tainted. Such conduct fundamentally undermines the integrity of the receivership process. A referral for criminal prosecution under 18 U.S.C. § 1028A (Aggravated Identity Theft) would be appropriate, as the fabrication and use of another entity's IRS records in an official proceeding constitutes a serious and prosecutable instance of identity theft.

Each of the four charges against Mr. Cardiff relies heavily on evidence and records provided by the Receiver, a court-appointed officer whose repeated acts of forgery have irreparably tainted the judicial process. The Receiver's misconduct renders any derivative evidence inadmissible and infects the integrity of the entire prosecution.

WHEREFORE, Defendant requests this Honorable Court dismiss this case with prejudice or, in the alternative, grant Defendants Appropriate relief.

Dated: April 27, 2025

By: /s/ Stephen R. Cochell
Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

**SERVICE LIST**

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTIO AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF O NEXT GEN ELECTRONIC FILING SYSTEM:

Bilal Essayli United States Attorney
Mack E. Jenkins Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein Assistant United States Attorney Chief, Criminal Division
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm Director, Consumer Protection Branch
Manu J. Sebastian Trial Attorneys Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742
E-mail: Manu.J.Sebastian@usdoj.gov
Brianna.M.Gardner@usdoj.gov

*/S/ Stephen R. Cochell*
Stephen R. Cochell