Stephen R. Cochell
Admitted Pro Hac Vice
*srcochell@gmail.com*
5850 San Felipe, Ste. 500
Houston Texas 77057
Telephone:(713) 436-8000
Facsimile: (213) 623-2000

Allan Grant (SBN#213658)
Grant's Law Firm
17351 Greentree Drive
Riverside, California 92503-6762
Telephone (888)937-7555
Facsimile  (866)858-6637

Attorneys for Defendant
JASON EDWARD THOMAS CARDIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-CR-00021-JGB |
| Plaintiff, | JASON CARDIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE OR MODIFY JUDGMENT |
| vs. | |
| JASON EDWARD THOMAS CARDIFF | Hearing Date:, May 5, 2025 |
| | Courtroom:  1 |
| | Time:  2:00 p.m. |

**REPLY MEMORANDUM IN SUPPORT OF JASON CARDIFF'S MOTION TO SET ASIDE JUDGMENT**

Defendant respectfully submits his Reply Memorandum.

**A. The Bond and Mr. Cardiff's Health**

The Government goes to great lengths to emphasize that Defendant has willfully breached the Court's order to return to the United States.  It is true that Defendant had to make a difficult choice to either fly back to the United States and run the risk of inflicting permanent harm to his health or remain in Ireland and get treatment for his condition.   Defendant has received extensive treatment and has lodged a detailed and

comprehensive medical report from Dr. Bui, MBChB, FRCP, MRCGP, one of his treating physicians, to explain the treatment and the length of time required for treatment. Dr. Bui's report confirms that Mr. Cardiff was not medically fit to fly, that his condition is severe, requires consistent intensive outpatient treatment and that Mr. Cardiff has continuously and consistently been in treatment for medical problems as previously reported to the Court. This report should be viewed as a matter in mitigation of Defendant's breach of the Court's order.

### B. Contacts with Pretrial Services

Similarly, the Government has mistakenly asserted that Defendant has not remained in touch with Pretrial Services. According to Ms. Cathleen Torres, "Mr. Cardiff has not had consistent contact with PSA. Last email reply from PSO Ryan McClellan to the defendant is dated 2/20/25. Prior to that, he last emailed was on 1/25/25. No further communication has been received." Contrary to Ms. Torres' email, Defendant has remained in touch with Pretrial Services. **Exhibit A,** Cardiff Declaration, ¶ 4, Exhibits 1, 2. Ms. Torres did not advise Mr. Cardiff that she was his newly assigned Pretrial Services Officer. Id. at ¶ 5.

### C. Due Process and Pending Motions

In response to Defendant's contention that due process requires the Court resolve pending dispositive motions to determine reasonableness of the original bond, the Government simply asserts that all the motions were frivolous. Dkt. 225 at 16. In fact, the motions are supported by law and extensive analysis.

Federal Rule of Criminal Procedure 46(f)(2) provides that a court "may set aside in whole or in part a bail forfeiture... if it *appears* that justice does not require bail forfeiture." (emphasis supplied) The rule confers broad judicial discretion grounded in equity and fairness, and the Ninth Circuit has consistently held that district courts must weigh the totality of the circumstances when determining whether enforcement is just. *See United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir. 1981); *United States v. Amwest*

*Surety Ins. Co.,* 54 F.3d 601, 603 (9th Cir. 1995). This includes considering whether the procedural posture of the underlying criminal case renders immediate forfeiture inequitable. *See United States v $8850 in United States Currency*, 461 U.S. 555, 564 (1983) (Due process is flexible regarding the right to be heard at a meaningful time recognizing that the timing of a proceeding may impair and unfairly prejudice a party's ability to defend the propriety of a forfeiture).

Here, the government seeks to enforce bond forfeiture against Defendant (and two private sureties) while four dispositive motions remain pending before the Court:

1. Motion to Dismiss Counts 3 and 4 of the Indictment – Asserts a failure to establish the required nexus between the alleged conduct and any official proceeding under *United States v. Aguilar*, 515 U.S. 593 (1995), and *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005).

2. Motion to Dismiss Based on Double Jeopardy – Argues that the government's civil enforcement under Section 13(b) of the FTC Act resulted in punitive sanctions, including an unlawful receivership, and that this subsequent prosecution violates the Double Jeopardy Clause under *Hudson v. United States,* 522 U.S. 93 (1997).

3. Motion to Dismiss Count Two Under Dubin – Relies on *Dubin v. United State*s, 599 U.S. 110 (2023), in which the Supreme Court significantly narrowed the scope of 18 U.S.C. § 1028A(a)(1), and shows that the government's theory of "aggravated identity theft" does not meet the statutory standard.

4. Motion to Suppress Evidence – Demonstrates that critical evidence was seized through unlawful warrantless searches in violation of the Fourth Amendment. The motion details multiple constitutional defects in the government's execution of searches with the cooperation of a Receiver who lacked legal authority to consent.

Moreover, Defendant has filed a Motion to Dismiss Indictment Based on Fraud on the Court. Dkt. 231. This motion is based on recently discovered evidence.

Each of these motions presents a substantive constitutional or legal challenge that could either eliminate the underlying charges or materially alter the government's evidentiary posture. It is clear that if one or more of these motions is granted—particularly the motions challenging the indictment's legal sufficiency or seeking suppression of foundational evidence—the government's case may be dismissed or significantly narrowed. In that scenario, failure to remit the judgment for defendant and third-party sureties would be premature and punitive.

As the Ninth Circuit noted in *United States v. Nguyen*, 279 F.3d 1112 (9th Cir. 2002), the purpose of bond is to ensure the defendant's appearance and compliance with court orders—not to impose punishment on sureties where fundamental fairness and procedural integrity are compromised.

Moreover, Rule 46(f)(2)'s use of the word "appears" imposes a deliberately low threshold: it authorizes a court to set aside forfeiture based on equitable indications that continuing enforcement would be unjust. See Sureties' Reply in Support of Motion to Set Aside Judgment, Dkt. 224, at 5–8 (arguing that the term "appears" reflects a policy of leniency for lay sureties and permits relief absent definitive proof).

To enforce a bond forfeiture judgment in this context—where the legality of the charges and the admissibility of the government's evidence are actively under review—would result in disproportionate, and potentially irreversible financial harm to the sureties. It would also contravene Rule 46's remedial purpose and elevate procedural form over equitable substance.

If the indictment is dismissed or materially undermined, justice would not require that private Defendant or the sureties absorb the costs of a prosecution that failed to survive constitutional scrutiny. Accordingly, the Court should either set aside the judgment or defer the matter until the pending dispositive motions are fully resolved.

**Dated:** April 28, 2025.

**Respectfully submitted,**

By: /s/ Stephen R. Cochell
Stephen R. Cochell

Attorney for Defendant
JASON EDWARD THOMAS CARDIFF

## SERVICE LIST

I HEREBY DECLARE THAT THE FOLLOWING COUNSEL HAVE BEEN SERVED WITH THIS DEFENDANT JASON CARDIFF'S NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE THROUGH THE COURT'S ECF OF NEXT GEN ELECTRONIC FILING SYSTEM:

E. Martin Estrada United States Attorney
Mack E. Jenkins Assistant United States Attorney Chief, Criminal Division
Ranee A. Katzenstein Assistant United States Attorney Chief, Criminal Division
Valerie Makarewicz Assistant United States Attorney Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
Telephone: (213) 894-0756 Facsimile: (213) 894-6269
E-mail: Valerie.Makarewicz@usdoj.gov

Amanda Liskamm Director, Consumer Protection Branch
Manu J. Sebastian Trial Attorneys Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street NW, Suite 6400 Washington, DC 20001
Telephone: (202) 514-0515 Facsimile: (202) 514-8742

E-mail: Manu.J.Sebastian@usdoj.gov
Brianna.M.Gardner@usdoj.gov

/s/ *Stephen R. Cochell*
Stephen R. Cochell